1 | **COMP**
LESLIE MARK STOVALL, ESQ.
2 | Nevada Bar No. 2566
ROSS H. MOYNIHAN, ESQ.
3 | Nevada Bar No. 11848
LARISSA DROHOBYCZER
4 | Nevada Bar No. 12316
STOVALL & ASSOCIATES
5 | 2301 Palomino Lane
Las Vegas, NV 89107
6 | Telephone: (702) 258-3034
Facsimile: (702) 258-0093
7 | court@lesstovall.com
*Attorneys for Plaintiff*

8

**UNITED STATES DISTRICT COURT**

9

**DISTRICT OF NEVADA**

10

KATHRYN MAYORGA,                     )
11                                       )
                    Plaintiff,           )     CASE NO.:
12      vs.                              )
                                         )
13      CRISTIANO RONALDO,               )
                                         )
14                  Defendant,           )
_____)

15

**COMPLAINT**

16

COMES NOW Plaintiff, by and through her attorneys, STOVALL & ASSOCIATES, and

17  for her complaint, alleges as follows:

18

**PARTIES**

19

**I.**

20

That plaintiff is, and at all times mentioned herein was, a resident of Clark County Nevada

21

**II.**

22

That defendant Cristiano Ronaldo is, and are all times mentioned herein was, a citizen of

23  Portugal reportedly living in Turin, Italy.

24

**JURISDICTION**

25

**III.**

26

This court has subject jurisdiction pursuant to 28 USC 1332 (a) in that the amount in

27  controversy exceeded the sum of $75,000 exclusive of interest and cost, and the diversity of the

28

1  parties is based upon the defendant being a Portuguese citizen reportedly living in Italy.

2  <center>**IV.**</center>

3  Venue is proper in this district pursuant to 25 USC 1391 (b) in that the alleged acts of the

4  defendant as alleged in the complaint occurred in the Clark County, Nevada

5  <center>**FACTS**</center>

6  <center>**V.**</center>

7  That on June 12, 2009 the plaintiff was invited by a friend to go to Rain Nightclub located

8  in the Palms Hotel and Casino where she met Cristiano Ronaldo.

9  <center>**VI.**</center>

10  That on June 13, 2009 Cristiano Ronaldo invited a group of people, including the plaintiff,

11  to his penthouse suite to enjoy the view of the Las Vegas strip.

12  <center>**VII.**</center>

13  While visiting Cristiano Ronaldo's penthouse suite the plaintiff was invited to join guests

14  going into a hot tub located on the balcony of the penthouse suite and plaintiff declined not having

15  a bathing suit or other suitable clothing.

16  <center>**VIII.**</center>

17  That defendant Cristiano Ronaldo offered plaintiff clothing she could wear in the hot tub,

18  plaintiff accepted, followed Cristiano Ronaldo into a room where he provided her athletic shorts

19  and a T-shirt, and directed her to a bathroom to change her clothing.

20  <center>**IX.**</center>

21  That while changing her clothing Cristiano Ronaldo entered the bathroom, exposed his erect

22  penis and asked the plaintiff to perform fellatio.

23  <center>**X.**</center>

24  That plaintiff refused and stated she wanted to leave the hotel suite.

25  <center>**XI.**</center>

26  That upon leaving the bathroom, Cristiano Ronaldo pulled the plaintiff into a bedroom and

27  onto a bed and attempted to engage in sexual intercourse.

28  <center>**XII.**</center>

<center>2</center>

1  That plaintiff refused to engage in sexual intercourse and covered herself in an attempt to
2  prevent sexual penetration.

### XIII.

4  That Cristiano Ronaldo turned plaintiff onto her side and while screaming "no, no, no" she
5  was sodomized by Cristiano Ronaldo

### XIV.

7  That the sexual assault by Cristiano Ronaldo caused plaintiff to suffer severe emotional and
8  bodily injuries including but not limited to anal contusions, posttraumatic stress disorder, and major
9  depression.

### XV.

11  That during the sexual assault, the plaintiff experienced emotional shock characterized by
12  passivity in response to the real and perceived threat to her life and well-being by Cristiano
13  Ronaldo.

### XVI.

15  That when Cristiano Ronaldo completed the sexual assault of the plaintiff , he allowed her
16  to leave the bedroom stating he was sorry, he was usually a gentleman.

### XVII.

18  That plaintiff drove to her parent's home where she disclosed the sexual assault by Cristiano
19  Ronaldo to her friend.

### XVIII.

21  That on June 13, 2009, the same day of the sexual assault  by  Cristiano  Ronaldo, the
22  plaintiff reported the sexual assault to the Las Vegas Metropolitan Police Department, incident
23  number LVV090613001815, identifying the perpetrator as a famous soccer player, but refused to
24  provide a name out of fear of public humiliation and retaliation.

### XIX.

26  That on June 13, 2009, the same day of the sexual assault by Cristiano Ronaldo, the plaintiff
27  submitted to a sexual assault medical examination at the University Medical Center where physical
28  evidence of the sodomy was documented and photographed.

**XX.**

That during the examination at University Medical Center, the plaintiff heard the nurse tell her that she would be subjected to retaliation and publicly humiliated by Cristiano Ronaldo, or individuals acting on his behalf, as a woman who had consensual sex, and who is now attempting to extort money by falsely accusing Cristiano Ronaldo of sexual assault.

**XXI.**

That within weeks of the initial report of the sexual assault to the Las Vegas Metropolitan Police Department, a police detective conducted an interview of the plaintiff, during which she identified Cristiano Ronaldo as the individual who sexually assaulted her on June 13, 2009 at the Palms Hotel and Casino.

**XXII.**

That during the investigative interview by the Las Vegas Metropolitan Police Department the plaintiff heard the detective reiterate prior warnings that plaintiff would be the subject of public humiliation as a victim of a sexual assault, and that Cristiano Ronaldo, and individuals associated with him, would further humiliate her by publicly characterizing her as a woman who consented to sexual intercourse and because of his wealth and fame was now attempting to extort money from Cristiano Ronaldo by falsely accusing him of sexual assault.

**XXIII.**

That following the investigative interview of the plaintiff, the Las Vegas Metropolitan Police Department initiated no further contact with the plaintiff.

**XXIV.**

That the psychological trauma of the sexual assault, the fear of public humiliation and retaliation and the reiteration of those fears by law enforcement and medical providers left plaintiff terrified and unable to act or advocate for herself.

**XXV.**

That plaintiff's family eventually arranged for the plaintiff to consult with a lawyer, who only had several years of experience, and this lawyer agreed to represent the plaintiff to pursue a claim for civil damages against Cristiano Ronaldo.

**XXVI.**

That Cristiano Ronaldo hired a team of "fixers", known as "personal reputation protection specialists" (defendants DOES I-XV and ROE Corporations I-XV, and hereafter referred to as the "team"), to:

1.   Investigate, assess and monitor the plaintiff, plaintiff's lawyer, friends and associates to avoid public disclosure of the sexual assault;

2.   Assess and monitor the law enforcement agencies responsible for the investigation and prosecution of the sexual assault;

3.   Develop and implement a strategy to prevent or delay public disclosure of the sexual assault;

4.   Develop and implement a strategy to prevent or delay criminal prosecution of Cristiano Ronaldo for the sexual assault of the plaintiff; and

5.   Develop and implement a strategy to delay, diminish or eliminate plaintiff's claim for civil damages arising from the sexual assault on June 13, 2009.

**XXVII.**

That the "team" reported to Cristiano Ronaldo that the plaintiff prior to the sexual assault, was:

1.   Raised in a middle-class family in which her father was employed as a fireman and her mother remained home as the homemaker;

2.   A university graduate with a degree in journalism;

3.   Variously employed as a schoolteacher, model and sales/product representative;

4.   Married, separated from her husband and was openly dating; and

5.   Engaged in a typical social life of a young woman born and raised in Las Vegas Nevada prior to the sexual assault.

**XXVIII.**

That the "team" reported to the Cristiano Ronaldo that after the sexual assault the plaintiff:

1.   Suffered severe psychological injury as a result of the sexual assault by Cristiano Ronaldo;

2.    Would not allow her lawyer to identify the friend who visited Ronaldo's suite with her, because she and her friend were terrified of retaliation by Cristiano Ronaldo, or persons acting on his behalf;

3.    Was terrified of being publicly humiliated by being identified as a victim of sexual assault;

4.    Was terrified of further public humiliation by Cristiano Ronaldo, or individuals acting on his behalf, accusing her of consenting to sex and then falsely accusing Cristiano Ronaldo of sexual assault for financial gain;

5.    Was receiving treatment for the psychological injuries caused by Cristiano Ronaldo's sexual assault;

6.    Was exhibiting erratic behavior, emotional instability, indecisiveness, anxiety, and depression, alcohol abuse and suicidal ideation;

7.    Was unable, or had difficulty, making decisions generally and specifically regarding Cristiano Ronaldo and the sexual assault;

8.    Was unemployed since the sexual assault;

9.    Submitted to a sexual assault examination on June 13, 2009 at University Medical Center where anal contusions and abrasions were documented and photographed; and

10.    That plaintiff reported that she repeatedly tried to avoid the sexual assault by screaming "no, no, no", attempting to cover herself to avoid sexual penetration and was sodomized during the sexual assault.

## XXIX.

That the "team" reported to Cristiano Ronaldo an assessment of the Las Vegas Metropolitan Police Department, the law enforcement agency responsible for the investigation of the sexual assault and referral of Cristiano Ronaldo for prosecution, as:

1.    The police will not view the sexual assault of the plaintiff as a "violent crime";

2.    The police would characterize the sexual assault as "harassment" ;

3.    The police would put plaintiff's case on the "back burner";

4.   The "team" had a confidential source within the Las Vegas Metropolitan Police Department; and

5.   Their confidential police source confirmed that the police would "happily" close their investigative file if a financial settlement between the plaintiff and the defendant was arranged.

### XXX.

That at various times the "team" submitted written questions to Cristiano Ronaldo, and in the answers attributed to Cristiano Ronaldo, he stated:

1.   He engaged in sexual intercourse with the plaintiff.

2.   "She was laying on the bed. I went from behind";

3.   "She said no and stop several times";

4.   A denial of "anal" penetration; and

5.   That plaintiff's rectal injuries were caused by another person after the plaintiff had vaginal intercourse with him.

### XXXI.

That plaintiff's lawyer did not follow up with the Las Vegas Metropolitan Police Department's investigation of the sexual assault of the plaintiff by Cristiano Ronaldo.

### XXXII.

That Cristiano Ronaldo and the "team" knowing that the plaintiff was a "vulnerable person", suffering severe emotional injuries, and terrified of public disclosure as a victim of sexual assault and of retaliation, repeatedly threatened to falsely and publicly accuse the plaintiff of consenting to sexual intercourse with the defendant in order to accuse the defendant of sexual assault to obtain money, if there was:

1.   Public disclosure of the sexual assault from any sources,

2.   Any further contact or information disclosed of the sexual assault to the police from any source, or

3.   Further investigation by the police of the sexual assault

### XXXIII.

That the "team" communicated these threats to the plaintiff for the purpose, and with the intent to:

1.  Prevent, or delay, any further contact with the Las Vegas Metropolitan Police Department by the plaintiff, her friends, family, or lawyer;

2.  Prevent, or delay, any further contact with the Las Vegas Metropolitan Police Department to undermine and damage plaintiff's credibility as a victim of sexual assault;

3.  To engage in purported settlement negotiations with the plaintiff to undermine and damage plaintiff's credibility as a victim of sexual assault;

4.  Prevent, or delay, further criminal investigation of the June 13, 2009 sexual assault of the plaintiff by Cristiano Ronaldo;

5.  Cause further emotional distress to plaintiff by enhancing and reinforcing her sense of helplessness and vulnerability to public humiliation by being characterized as an individual making a false accusation of sexual assault for financial gain against a wealthy and famous person; and

6.  To delay, diminish or eliminate plaintiff's claim for civil damages against the defendant.

### XXXIV.

That the "team" communicated with plaintiff's lawyer purportedly to negotiate a settlement of plaintiff's claims for civil damages against the defendant, during which they repeatedly:

1.  Sought assurances that the plaintiff, her family, friends and lawyer were not in contact with the police;

2.  Sought assurances that plaintiff, her family, friends and lawyer were not communicating any information regarding the sexual assault to any third party;

3.  Falsely accused the plaintiff of fabricating information about the facts and circumstances of the sexual assault to undermine the plaintiff's credibility;

4.  Threatened to publicly and falsely accuse the plaintiff of consenting to sexual intercourse in order to accuse Cristiano Ronaldo of sexual assault to obtain money;

and

5.      Failed to make any meaningful offers of settlement.

### XXXV.

That plaintiff was incompetent and lacked the mental capacity to participate in negotiations and settlement of her claims due to the injuries suffered during the initial sexual assault by Cristiano Ronaldo, the subsequent threat to publicly and falsely accuse her of extortion and false accusations that she fabricated the facts and circumstances of the sexual assault.

### XXXVI.

That plaintiff's lawyer having observed and commented upon the emotional instability of the plaintiff, failed to have the competency or disability of the plaintiff evaluated, to seek accommodation of any such disability, or have a personal representative appointed to represent the interest of the plaintiff in this case of incompetency.

### XXXVII.

That plaintiff's lawyer and the "team" agreed to participate in a private mediation.

### XXXVIII.

That the plaintiff agreed to participate in the private mediation on the condition that Cristiano Ronaldo be present so that plaintiff could personally confront him with the consequences of the sexual assault that she suffered.

### XXXIX.

That a private mediation was conducted in Las Vegas, Nevada in which:

1.      Cristiano Ronaldo did not appear, and plaintiff was not informed that Cristiano Ronaldo would not attend until the day of the mediation;

2.      That plaintiff's family came to the mediation to provide emotional support and advice to her, but were excluded from the mediation by the defendant's "team" and the mediator;

3.      That during the mediation the plaintiff was extremely emotional, emotionally unstable, indecisive, irritable, agitated, hyper vigilant and erratic; and

4.      That defendant's "team" reported that the plaintiff exhibited an extremely volatile

and emotional state of mind, was emotionally fragile and unpredictable, the mediator spent a considerable amount of time to prevent her from walking out, and a state of mind that made it not possible to conclude the entire settlement within the confines of the mediation.

## XL.

That during the mediation the plaintiff experienced severe emotional trauma which she characterized as re-experiencing the sexual assault by Cristiano Ronaldo, extreme fearfulness, complete helplessness and eventually a sense of passivity where she would do anything just to be able to leave/escape/avoid revisiting the sexual assault by continuing the mediation.

## XLI.

That defendant's "team" and the mediator knew that the plaintiff suffered severe psychological injuries as a result of the sexual assault, and having observed plaintiff's severe behavioral problems during the mediation, knew or should of known that the plaintiff was incompetent or suffered a disability impairing her competency to participate in the mediation, and they failed to take any steps to have the plaintiff's condition evaluated, accommodated or to have a personal representative appointed to represent the interest of the plaintiff to assure that a mediated/negotiated agreement would be based upon the mutual assent of the parties or approved by a court.

## XLII.

That in complete disregard of the plaintiff's acute emotional condition and severe behavioral problems during the mediation and knowing the plaintiff was incompetent or suffering a disability impairing her competency, and concerned that the plaintiff would stop the mediation process, the defendants "team", the mediator and plaintiff's lawyer agreed to a "partial settlement", which the defendants "team" later characterized as an incomplete and cryptic settlement memo.

## XLIII.

That the further psychological injury and trauma caused by the mediation process, which manifested itself in plaintiff experiencing intrusive thoughts, an increased sense of extreme anxiety and fearfulness, complete helplessness and passivity, prevailed during the purported post-mediation

negotiations between plaintiff's attorney and the "team" representing Cristiano Ronaldo.

## XLIV.

That the plaintiff was incompetent, and lacked the capacity, to agree to any term negotiated during or after the mediation and incorporated into the purportedly final "settlement and non-disclosure agreement".

## XLV.

That defendant's "team" asserted that the settlement and non-disclosure agreement was intended to and did prevent plaintiff, her family, friends and lawyer from speaking to anyone, including the police about the sexual assault and should she or anyone associated with her do so, she would suffer severe legal and financial consequences and penalties.

## XLVI.

That the "team" reported that they accomplished the goal of their conspiracy to obstruct and prevent the criminal investigation and prosecution of Cristiano Rinaldo and plaintiff's civil claims, writing:

> At the end of the day, given the type of claims which MK [the plaintiff] has asserted in this case, in our opinion we have obtained an incredibly favorable settlement which will result not only in the release of any and all civil claims and in MK [the plaintiff] choosing not to pursue a criminal case which could have resulted in Topher [Cristiano Ronaldo] being imprisoned for a life sentence for sexual assault (or having the catastrophic effect of his not being able to travel to the US to play), but which will also avert the devastating impact which such claims would have on his personal and professional reputation, endorsement and professional opportunities. We would not have been able to persuade either MK [the plaintiff], her attorney or the mediator of the weakness of MK's claims or the strength of Topher's [Cristiano Ronaldo] defenses had it not been for the invaluable work which was done in this case, which was not only useful and integral for purposes of

mediation and settlement, but also necessary for the overall case, in terms of being able to protect Topher [Cristiano Ronaldo] personally and professionally, under the fullest extent of the law, whether or not MK [the plaintiff] went forward with her claims. To this end, we have fully succeeded, and now that we appear to have persuaded MK [the plaintiff] and Trammel [plaintiff's lawyer] of our positions on the material settlement terms of confidentiality and related tax issues, we anticipate being able to wrap this up and close this matter in short order.

### XLVII.

That the June 13, 2009 sexual assault and the ongoing and continuous conspiracy to obstruct and prevent the criminal prosecution of Cristiano Ronaldo and plaintiff's civil claims caused the plaintiff continued and ongoing severe post traumatic stress disorder and major depression, manifesting in difficulty maintaining employment, difficulty forming and maintaining interpersonal relationships, intrusive thoughts, abuse of alcohol, suicidal ideation, difficulty performing the normal activities of daily living and to feel emotionally adrift and frightened.

### XLVIII.

That in 2017, a series of articles were published in Europe concerning the arrest of Cristiano Ronaldo for the sexual assault of a woman in Manchester England, the sexual assault of a woman in Italy, and the sexual assault of another woman (the plaintiff) in Las Vegas Nevada in 2009.

### XLIX.

That the articles published in Europe during 2017 referred to, and quoted from documents and communications which were in the exclusive possession and control of Cristiano Ronaldo and his "team" pertaining to the sexual assault of the plaintiff, and were contemporaneous to the defendant's investigations, assessments and negotiations of the purported settlement agreement in 2009 and 2010.

### L.

That in 2017 Cristiano Ronaldo and his "team", in furtherance of the conspiracy to obstruct

the criminal investigation of the sexual assault and plaintiff's civil claims, publicly denied the sexual assault of the plaintiff by Cristiano Ronaldo, and falsely and intentionally characterized reporting of a sexual assault of the plaintiff, as:

    1.    Journalistic fiction;

    2.    Untruthful and false; and

    3.    Unattributed and unsubstantiated

**LI.**

That in 2018 the plaintiff submitted to a forensic psychiatric examination which determined that as a result of the June 13, 2009 sexual assault, she:

    1.    Suffered post traumatic stress disorder and major depression;

    2    Was incompetent and lacked the capacity to participate in negotiations or enter into an agreement for settlement in 2009 and 2010; and

    3.    Continued to suffer severe post traumatic stress disorder and major depression.

**LII.**

That in 2018 the plaintiff contacted the Las Vegas Metropolitan Police Department stating her desire and willingness to participate in the criminal investigation and prosecution of Cristiano Ronaldo for the sexual assault that occurred on June 13, 2009 at the Palms Hotel and Casino in Las Vegas Nevada, and submitted a copy of the forensic psychiatric evaluation of the plaintiff describing psychological injuries she suffered as a result of the sexual assault and the consequences of those injuries.

**LIII.**

That in 2018 the plaintiff obtained from Football Leaks copies of documents and communications between defendant Cristiano Ronaldo and his "team" contemporaneous to their:

    1.    Investigation and assessment of the plaintiff, plaintiff's lawyer, the Las Vegas Metropolitan Police Department, mediator, and Cristiano Ronaldo;

    2.    The strategy adopted and implemented to delay and prevent criminal prosecution of Cristiano Ronaldo;

    3.    The strategdy adopted and implemented to undermine plaintiff's credibility as a

victim of sexual assault;

4.   The strategy adopted and implemented to delay, diminish or eliminate plaintiffs claim for civil damages; and

5.   The negotiations before, during and after the mediation leading to the "purported" agreements for settlement and non-disclosure of the 2009 sexual assault of the plaintiff.

### LIV.

That on August 25, 2018 the plaintiff delivered to the Las Vegas Metropolitan Police Department copies of documents and communications obtained from Football Leaks, between defendant Cristiano Ronaldo and his "team" as evidence of:

1.   The criminal sexual assault of the plaintiff by Cristiano Ronaldo on June 13, 2009 at the Palms Hotel and Casino for which the time limit for prosecution was removed by the plaintiff's reporting of the crime in 2009 pursuant to NRS 171.180;

2.   An ongoing criminal conspiracy to obstruct and prevent the criminal investigation and prosecution of Cristiano Ronaldo for the sexual assault of the plaintiff on June 13, 2009 at the Palms Hotel and Casino, including the following acts in furtherance of that conspiracy;

3.   A fraudulent misrepresentation of purpose and process leading to the agreements for settlement and non-disclosure and that those agreements subjected the plaintiff to severe legal and financial penalties and sanctions should she communicate with anyone, including the police, about the sexual assault;

4.   A libel by falsely and publicly releasing statements to the press in 2017 -2018 that the plaintiff was not the victim of a sexual assault by Cristiano Ronaldo and any such allegations were false; and

A request that Cristiano Ronaldo, and the individuals acting on behalf of Cristiano Ronaldo, (the "team") be investigated for criminal conspiracy to obstruct justice, obstruction of justice, fraud and libel.

### LV.

1   That as a direct and proximate result of the aforementioned acts of the defendant, plaintiff

2   was deprived compensatory damages for injuries suffered during the June 13, 2009 sexual assault

3   by Cristiano Rondalo.

**LVI.**

5   That as a direct and proximate result of the aforementioned acts of the defendants, plaintiff

6   sustained severe bodily and psychological injuries, all or some of which conditions may be

7   permanent and disabling and all to Plaintiff's damage in a sum in excess of $50,000.00.

**LVII.**

9   That as a direct and proximate result of the aforementioned acts of the defendants, plaintiff

10  did receive medical and other treatment for her injuries and that said services, care and treatment

11  are continuing and shall continue in the future, all to the plaintiff's damage in a sum in excess of

12  $50,000.00.

**LVIII**

14  That the injuries complained of herein, diminished the plaintiff's ability and capacity to

15  engage in activities to the same extent as prior to the aforementioned acts of the defendants which

16  is the subject of this complaint, all to the plaintiff's damage in a sum in excess of $50,000.00.

17  / / /

18  / / /

**LIX.**

20  That the aforementioned acts of the defendants were malicious, oppressive, coercive and

21  fraudulent, intended to cause injury to the plaintiff and causing the intended injury to the plaintiff,

22  thereby justifying the imposition of punitive damages upon the defendant in a sum in excess of

23  $50,000.00.

**LX.**

25  That plaintiff be awarded her attorney fees and costs for this action to recover her damages

26  from the defendants.

**LXI.**

28  That the aforementioned acts of the defendant Cristiano Ronaldo, and Does I-XX and Roe

Corporations I-XX(the "team") tolled the running of any applicable statutes of limitation on the plaintiff's civil claims as set forth herein, including but not limited to the following:

1. Defendants are foreign nationals, remaining outside of the State of Nevada and the United States;

2. Plaintiff lacked capacity;

3. Defendants engaged in a continuous and ongoing fraud and conspiracy to obstruct and conceal their unlawful activities which plaintiff did not discover until mid-2017;

4. Any time limitations related to the claim of sexual assault was removed by the reporting of the crime; and

5. That the parties agreed to toll the running of any time limits on plaintiff's claims arising from the 2009 sexual assault.

## FIRST CAUSE OF ACTION

## BATTERY

## LXII.

That plaintiff incorporates each paragraph set forth in paragraphs I – LXI as though fully set forth at this herein.

## LXIII.

That the aforementioned sexual assault and sodomy of the plaintiff by the defendant Cristiano Ronaldo on June 13, 2009 constitutes a battery of the plaintiff and as a direct and proximate result thereof the plaintiff has suffered damages in a sum in excess of $50,000.00.

## LXIV.

That the aforementioned acts of the defendant were malicious, oppressive, coercive and fraudulent, intended to cause injury to the plaintiff, and caused the intended injury to the plaintiff, thereby justifying the imposition of punitive damages upon the defendant in a sum in excess of $50,000.

## SECOND CAUSE OF ACTION

## INTENTIONAL INFLECTION OF EMOTIONAL DISTRESS

## LXV.

That plaintiff incorporates paragraphs I – LXIV of the complaint as though fully set forth herein.

### LXVI.

That the aforementioned acts of the defendants and Cristiano Ronaldo constitutes an ongoing and continuous intentional infliction of emotional distress upon the plaintiff, including but not limited to:

1. The June 13, 2009 sexual assault and sodomy;

2. The repeated threats to falsely and publicly accuse the plaintiff of engaging in consensual sex in order to claim sexual assault to obtain money from the defendant;

3. The continuous and ongoing fraud and conspiracy to obstruct and conceal the 2009 sexual assault, obstruct and prevent the criminal prosecution of Cristiano Ronaldo and plaintiff's civil claims, and her discovery thereof;

4. Releasing documents and information pertaining to the 2009 sexual assault disclosed in the European publications in 2017-2018; and

5. Publicly and falsely denying that Cristiano Ronaldo sexually assaulted the plaintiff in 2009 in response to the articles published in 2017-2018.

/ / /

/ / /

### LXVII.

That as a direct and proximate result of the aforementioned intentional infliction of emotional distress, the plaintiff has suffered bodily and economic injuries, all to her damages in a sum in excess of $50,000.

### LXVIII.

That the aforementioned acts of the defendant were malicious, oppressive, coercive and fraudulent, intended to cause injury, and causing the intended injury to the plaintiff thereby justifying imposition of punitive damages upon the defendant in a sum in excess of $50,000

### THIRD CAUSE OF ACTION

### COERCION AND FRAUD

### LXIX.

The plaintiff incorporates paragraphs I – LXVIII of the complaint as though each said paragraph was fully set forth herein.

### LXX.

That defendants repeatedly and continuously threatened to falsely and publicly accuse the plaintiff of engaging in consensual sex with the defendant in order to claim a sexual assault to extort money from the defendant.

### LXXI.

That the plaintiff had a reasonable belief that the defendant would carry out this threat if she did not comply with the defendant's demand to settle her claim of sexual assault.

### LXXII.

That the defendants and his "team" falsely represented that the purpose of settlement negotiations, mediation and the settlement agreement was to compensate the plaintiff for injuries suffered during the June 13, 2009 sexual assault by Cristiano Ronaldo.

### LXXIII.

That defendants falsely represented that the settlement agreement precluded plaintiff's communication and cooperation with the police department's criminal investigation of the sexual assault upon her person by Cristiano Ronaldo on June 13, 2009 at the Palm's Hotel and Casino, and should she or anyone associated with her, do so she would suffer severe financial and legal consequences.

### LXXIV.

That from the circumstances surrounding the negotiations and mediation, the plaintiff to the extent she was capable of doing so, formed a reasonable belief that the process leading to the agreement and the agreement for settlement and non-disclosure were lawful.

### LXXV.

That the plaintiff purportedly entered into an agreement settling her claims against the defendant for the June 13, 2009 sexual assault in exchange for a payment of $375,000, and non-disclosure of the sexual assault.

### LXXVI.

That the "team" reported that they accomplished the goal of their conspiracy to obstruct and prevent the criminal investigation and prosecution of Cristiano Rinaldo by writing:

> At the end of the day, given the type of claims which MK [the plaintiff] has asserted in this case, in our opinion we have obtained an incredibly favorable settlement which will result not only in the release of any and all civil claims and in MK [the plaintiff] choosing not to pursue a criminal case which could have resulted in Topher [Cristiano Ronaldo] being imprisoned for a life sentence for sexual assault (or having the catastrophic effect of his not being able to travel to the US to play), but which will also avert the devastating impact which such claims would have on his personal and professional reputation, endorsement and professional opportunities. We would not have been able to persuade either MK [the plaintiff], her attorney or the mediator of the weakness of MK's claim claims or the strength of Topher's [Cristiano Ronaldo] defenses had it not been for the invaluable work which was done in this case, which was not only useful and integral for purposes of mediation and settlement, but also necessary for the overall case, in terms of being able to protect Topher [Cristiano Ronaldo] personally and professionally, under the fullest extent of the law, whether or not MK [the plaintiff] went forward with her claims. To this end, we have fully succeeded, and now that we appear to have persuaded MK [the plaintiff] and Trammel [plaintiff's lawyer] of our positions on the material settlement terms of confidentiality and related tax issues, we anticipate being able to wrap this up and close this matter in short order.

### LXXVII.

That the defendants' representations regarding the purpose of the process leading to the agreement for settlement were false, and were made in furtherance of a conspiracy to:

1. Obstruct the criminal investigation and prosecution of Cristiano Ronaldo for sexual assault by concealing and suppressing the plaintiff's evidence of that crime; and

2. Thereby interfere, diminish or eliminate plaintiff's claim for civil damages arising

from the aforementioned sexual assault.

**LXXVIII.**

That defendants material misrepresentation of the process and agreement for settlement rendered the settlement agreement void as a matter of law.

**LXXIX.**

That the concealment of a crime or evidence thereof, and the obstruction of a criminal investigation and prosecution of a crime in exchange for money are crimes, rendering the settlement and non-disclosure agreement unlawful and void as a matter of law.

**LXXX.**

That the plaintiff did not discover the aforementioned fraudulent misrepresentations of the defendants regarding the purported process and settlement agreement until mid 2017 when the plaintiff sought legal advise regarding the articles published in Europe discussing cases of alleged sexual assault by Cristiano Ronaldo, including her sexual assault in 2009.

**LXXXI.**

That the plaintiff's discovery of defendants tortious and fraudulent acts caused the plaintiff to suffer severe emotional distress and an aggravation of the severe psychological injuries she suffered as a result of the June 13, 2009 sexual assault, all to her damages in a sum in excess of $50,000.

**LXXXII.**

That as a direct and proximate result of the defendants conspiracy, fraud and coercion the plaintiff was deprived of recovery of compensatory damages for the injuries she sustained in the sexual assault on June 13, 2009 by Cristiano Ronald, and all to her damages in a sum in excess of $50,000.

**LXXXIII.**

That the defendants acts were malicious, fraudulent, coercive, and aggressive, intended to cause injury to plaintiff, and causing the intended injury to plaintiff, thereby justifying imposition and punitive damages upon the defendant in a sum in excess of $50,000.

## FOURTH CAUSE OF ACTION

### ABUSE OF A VULNERABLE PERSON

### LXXXIV.

That the plaintiff incorporates paragraphs I-LXXXIII of this complaint as though fully set forth herein.

### LXXXV.

That the plaintiff, Kathryn Mayorga is, and all times mention herein, was  a "vulnerable person" as defined by NRS 200.5092(8).

### LXXXVI.

That the aforementioned acts of defendant Cristiano Ronaldo and his "team" constitutes the abuse and exploitation of a vulnerable person as defined by NRS 200.5092(2)(a) and (c),  and NRS 200.5092(3)(a), and as a direct and proximate result thereof, plaintiff suffered bodily and economic injuries, all the her damages in a sum in excess of $50,000.

### LXXXVII.

That the acts of defendants were malicious, fraudulent, oppressive and intended to cause injury to plaintiff, and caused the intended coercive injury to plaintiff, thereby justifying imposition of punitive damages upon the defendants in a sum in excess of $50,000.

/ / /

/ / /

## FIFTH CAUSE OF ACTION

### RACKETEERING AND CIVIL CONSPIRACY

### LXXXVIII.

That plaintiff incorporates paragraphs I through LXXXVII of the complaint as though fully set forth herein

### LXXXIX.

That defendant Cristiano Ronaldo and his "team"combined to form and operate an enterprise for the purpose of engaging in racketeering activities and a civil conspiracy.

### XC.

That in furtherance of their enterprise the defendants engaged in the following racketeering activities as defined by NRS 207.360(6) (sexual assault) and (10)(extortion to coerce plaintiff's participation in their schemes), to obstruct the criminal investigation and prosecution of Cristiano Ronaldo for the sexual assault of the plaintiff on June 13, 2009 and thereby interfere, reduce, or eliminate plaintiff's claim for civil damages arising therefrom.

<div align="center">XC.</div>

The defendants aforementioned racketeering activities and civil conspiracy caused:

1.  The delay, or prevented, the criminal investigation and prosecution of Cristiano Ronaldo for the sexual assault of the plaintiff on June 13, 2009;

2.  The delay, and prevented Plaintiff's recovery of compensatory damages for injuries sustained in the June 13, 2009 sexual assault, all to her damages in a sum amount excess of $50,000.00; and

3.  Aggravated and continued the severe emotional distress of the plaintiff, all to her damages in a sum amount excess of $50,000.00.

<div align="center">XCI.</div>

That pursuant to NRS 207.470 the defendants are liable to the plaintiff for three times the actual damages sustained by the plaintiff and payment of the plaintiff's attorneys fees and cost related to this claim.

/ / /

<div align="center">XCII.</div>

That the aforementioned acts of the defendants were malicious, fraudulent, oppressive, and coercive, intended to cause injury to the plaintiff, and in fact caused the intended injury to the plaintiff, thereby justifying an award of punitive damages and some in excess of $50,000.

<div align="center">**SIXTH CAUSE OF ACTION**</div>

<div align="center">**DEFAMATION**</div>

<div align="center">**XCIII.**</div>

That plaintiff incorporates paragraphs I through XCII of the complaint as though fully set forth herein.

<div align="center">22</div>

### XCIV.

That in 2017 articles were published in Europe that referred to and quoted documents and communications which were in the exclusive possession and control of Cristiano Ronaldo and his "team" pertaining to the sexual assault of the plaintiff and contemporaneous to the defendant's investigation of the plaintiff in 2009 and the process leading to the agreement of a settlement in 2010.

### XCV.

That these 2017 articles contain sufficient information to identify of the plaintiff, and plaintiff learned of these articles from third parties who identified her from the information contained therein.

### XCVI.

That in 2017 and 2018 Cristiano Ronaldo, and individuals acting on his behalf, and in furtherance of the conspiracy to obstruct and prevent disclosure of the 2009 sexual assualt, the criminal prosecution of Cristiano Ronaldo and plaintiff's civil claims published responses to these articles that falsely denied that a sexual assault of the plaintiff by Cristiano Ronaldo occurred, and falsely characterized the reported sexual assault of the plaintiff, as:

      1.     Journalistic fiction,

      2.     Untruthful and false, and

      3.     Containing unattributable and unsubstantiated allegations.

### XCVII.

That the defendants' publication of the false and defamatory statements harmed the plaintiff's reputation, discouraged third persons from associating with her, and imputed to the plaintiff the commission of a crime, dishonesty and immoral behavior.

### XCVIII.

That these false and defamatory statements were published by the defendants with actual malice, having knowledge of the falsity of these statements, or with a reckless disregard for their truth.

**XCIX.**

That as a direct and proximate result of the defendants publication of false and defamatory statements with actual malice, the plaintiff has been subjected to great ridicule and embarrassment, has been harmed both professionally and personally, and suffered severe emotional distress, all to the plaintiff's damages in a sum in excess of $50,000.

**C.**

That the defendants publication of false and defamatory statements regarding the plaintiff was done with actual malice, intended to cause harm to the plaintiff and caused the intended harm to the plaintiff, thereby justifying imposition of punitive damages upon the defendant in a sum in excess of $50,000.

**SEVENTH CAUSE OF ACTION**

**ABUSE OF PROCESS**

**CI.**

That plaintiff incorporates paragraphs I through C of the complaint as though fully set forth herein

**CII.**

That alternative dispute resolution, including mediation, is a legal process recognized and protected by Nevada statutes.

/ / /

/ / /

**CIII.**

That defendant agreed to participate in alternative dispute resolution by mediation to purportedly seek settlement of the plaintiffs civil claims for injuries suffered during the sexual assault by Cristiano Ronaldo that occurred on June 13, 2009.

**CIV.**

That defendants' participation in alternative dispute resolution by mediation was for the ulterior purpose of furthering the conspiracy to obstruct the criminal investigation and prosecution of Cristiano Ronaldo for sexual assault by concealing and suppressing the plaintiff's evidence of

1  that crime and to thereby interfere, diminish or eliminate the plaintiff's claim for civil damages

2  arising from the aforementioned sexual assault.

### CV.

4  That defendants wilfully and intentionally, threatened to publicly and falsely accuse plaintiff

5  of consenting to sexual intercourse in order to accuse Cristiano Ronaldo of sexual assault to obtain

6  money to coerce plaintiffs participation in this process.

### CVI.

8  That defendants willfully and intentionally, falsely accused plaintiff of fabricating

9  information about the circumstances of the assault to coerce her participation in the mediation

10  process, undermine her credibility at the mediation and coerce plaintiffs acceptance of an agreement

11  for settlement and non-disclosure.

### CVII.

13  The defendants willfully and intentionally excluded plaintiff's family from the mediation

14  to deprive her of emotional support and advice, to further emotionally injure the plaintiff and place

15  her at an unfair disadvantage during the mediation and coerce her acceptance of an agreement for

16  settlement and non-disclosure.

### CVIII.

18  That the defendants knew that the plaintiff suffered severe psychological injuries as a result

19  of the sexual assault and observed plaintiff's severe behavioral problems during the mediation,

20  knew or should have known the plaintiff was incompetent or suffered a disability impairing her

21  ability to participate in the mediation and failed to take any steps to have the plaintiffs condition

22  evaluated, accommodated or to have a personal representative appointed to represent the interest

23  of the plaintiff to assure that the mediation agreement would be based upon mutual assent of the

24  parties or approval by a court.

### CIX.

26  That in complete disregard of the plaintiff's acute emotional condition and severe behavioral

27  problems during the mediation and knowing the plaintiff was incompetent or suffering a disability

28  impairing her competency, the defendants purportedly obtained plaintiff's agreement to a

document that they later described as an incomplete and cryptic settlement agreement, and therefor continued "purported" negotiations to obtain a "final agreement" purportedly for settlement and non-disclosure of the 2009 sexual assault.

### CX.

That the aforementioned acts of the defendants constitute abuse of process, and as a direct and proximate result thereof, the plaintiff suffered:

1.  Severe emotional distress all her damages in the sum in excess of $50,000.

2.  Loss of compensatory damages for injuries sustained in the June 13, 2009 sexual assault all to her damages in a sum of excess of $50,000.00

### CXI.

The aforementioned acts of the defendants were malicious, fraudulent, coercive and oppressive, intended to cause injury to the plaintiff, and caused the intended injury to the plaintiff, thereby justifying imposition of punitive damages upon the defendant of the sum in excess of $50,000.

///

///

///

///

///

///

**EIGHTH CAUSE OF ACTION**

**DECLARATORY RELIEF-**

**(DECLARATION THAT THE SETTLEMENT AND NON-DISCLOSURE AGREEMENT IS VOID OR VOIDABLE ON THE BASIS OF INCOMPETENCY, UNDUE INFLUENCE, COERCION AND /OR FRAUD)**

### CXII.

That plaintiff incorporates paragraphs I through CXI of the complaint as though fully set forth herein.

**CXIII.**

That pursuant to NRS 30.040 plaintiff seeks a determination of the validity of the settlement and nondisclosure agreement of 2010.

**CXIV.**

That the plaintiff contends she was incompetent and lacked the capacity to enter into an agreement for the settlement and nondisclosure of the 2009 sexual assault thereby rendering it void or voidable.

**CXV.**

That the plaintiff contends the defendants exerted undue influence and coercion to obtain her purported agreement for settlement and nondisclosure of the 2009 sexual assault thereby rendering it void or voidable.

**CXVI.**

That the plaintiff contends the defendants committed a fraud to obtain her agreement for settlement and non-disclosure of the 2009 sexual assault thereby rendering it void or voidable

**CXVII.**

That the plaintiff contends that the agreement for settlement and non-disclosure of the 2009 sexual assault was for unlawful and criminal purposes thereby rendering it void or voidable.

**CXVIII.**

That based upon the aforementioned acts of the defendants the plaintiff seeks this court's judgment declaring the agreement for settlement and non-disclosure of the 2009 sexual assault void and unenforceable.

**NINTH CAUSE OF ACTION**

**DECLARATORY RELIEF**

**(DECLARATION THAT THE PLAINTIFF IS EXCUSED FROM PERFORMANCE**

**UNDER THE SETTLEMENT AND NONDISCLOSURE AGREEMENT DUE TO**

**DEFENDANT'S BREACH**

**CXIX.**

That plaintiff incorporates paragraphs I through CXVIII of the complaint as though fully

set forth herein.

### CXX.

That alternatively, pursuant to NRS 30.040 plaintiff seeks declaration of her obligations under the settlement and non-disclosure agreement of 2010.

### CXXI.

That a material term of the agreement was that Cristiano Ronaldo personally read a letter from defendant.

### CXXII.

That a material term of the agreement required defendants to maintain information and documents relating to the 2009 sexual assault and the agreement for settlement and non-disclosure in the strictest confidence.

### CXXIII.

That defendants materially breached this agreement by failing to maintain information and documents relating to the 2009 sexual assault and the agreement for settlement and non-disclosure in the strictest confidence resulting in the publication of articles in Europe in 2017 pertaining to the sexual assault of the plaintiff.

### CXXIV.

That defendants materially breached the agreement by not reading the plaintiff's letter.

### CXXV.

That defendants materially breached the agreement by making public statements regarding the sexual assault in 2017-2018.

### CXXVI.

That the plaintiff contends that defendants material breach the agreement by failing to maintain information and documents relating to the 2009 sexual assault and agreement for settlement and nondisclosure in the strictest confidence, and Cristiano Ronaldo's refusal or failure to read the plaintiff's letter, excused and released the plaintiff from any obligations under the terms of the agreement for settlement and non-disclosure of the 2009 sexual assault of the plaintiff.

### CXXVII.

1   That based upon the aforementioned acts of the defendant the plaintiff seeks this court's

2   judgment declaring that defendant's breach of the agreement for settlement and non-disclosure,

3   excused and released the plaintiff from any obligations under the terms of the agreement for

4   settlement and non-disclosure of the 2009 sexual assault of the plaintiff.

5                              **TENTH CAUSE OF ACTION**

6                                    **NEGLIGENCE**

7                                     **CXXVIII.**

8   That plaintiff incorporates paragraphs I through CXXVII of the complaint as though fully

9   set forth herein.

10                                     **CXXIX.**

11  That defendant assumed the duty and obligation under the agreement for settlement and

12  nondisclosure of the sexual assault to maintain information and documents relating to the 2009

13  sexual assault of the plaintiff in the strictest confidence.

14                                      **CXXX.**

15  That defendant negligently maintained the information and documents related to the 2009

16  sexual assault of the plaintiff, and as a direct and proximate result thereof, information and

17  documents related to the 2009 sexual assault of the plaintiff were publicly disclosed.

18                                     **CXXXI.**

19  That has a direct and proximate result of the aforementioned negligence of the defendants

20  the plaintiff has suffered severe emotional distress, all to her damages in a sum in excess of

21  $50,000.

22                            **ELEVENTH CAUSE OF ACTION**

23                               **BREACH OF CONTRACT**

24                                    **CXXXII.**

25  That plaintiff incorporates paragraphs I through CXXXI of the complaint as though fully

26  set forth herein.

27                                    **CXXXIII.**

28  That alternatively, the aforementioned acts of the defendants materially breached the

agreement for settlement and non-disclosure by releasing documents and information pertaining to the 2009 sexual assault of the plaintiff to the public and not reading the plaintiff's letter.

### CXXXIV.

That plaintiff compromised her actual damages sustained in the 2009 sexual assault in exchange for the agreement of settlement and non-disclosure.

### CXXXV.

That plaintiff agreed not to pursue her actual damages against the plaintiff in exchange for the agreement of settlement and non-disclosure thereby tolling any applicable statute of limitation on claims arising from the 2009 sexual assault.

### CXXXVI.

That as a direct and proximate result of the defendants' material breach of the agreement for settlement and non-disclosure the plaintiff is excused and released from her obligations thereunder.

### CXXXVII.

That as a direct and proximate result of the defendants' material breach of the agreement for settlement and non-disclosure, the plaintiff has suffered damages equivalent to her actual and unliquidated damages suffered in the 2009 sexual assault by the defendant Cristiano Ronaldo, a sum in excess of $50,000.

### CXXXVII.

That the plaintiff be awarded her attorney fees and costs to bring this action to recovery her damages from the defendants.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff reserving the right to amend the complaint prior to or during the trial of this matter prays judgment against the defendants as follows:

1. General damages in the sum in excess of $50,000;

2. Special damages in the sum in excess of 50,000;

3. Punitive damages in a sum in excess of $50,000;

4. Statutory penalties in a sum in excess of $50,000;

5.   Declaration of rights as set forth above;

6.   Attorneys fees and cost of litigation;

7.   Interest at the statutory rate;

8.   Such other and further relief the court deems reasonable under the premises.

DATED this _28_ day of January, 2019.

STOVALL & ASSOCIATES

LESLIE MARK STOVALL, ESQ.
Nevada Bar No. 2566
ROSS H. MOYNIHAN, ESQ.
Nevada Bar No. 11848
LARISSA DROHOBYZCER
Nevada Bar No. 12316
2301 Palomino Lane
Las Vegas, Nevada 89107
Attorneys for Plaintiff