# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KATHRYN MAYORGA, | Case No. 2:19-cv-00168-JAD-CWH |
| Plaintiff, | **ORDER** |
| v. | |
| CHRISTIANO RONALDO, | |
| Defendant. | |

Presently before the court is plaintiff Kathryn Mayorga's motion for alternative service of summons and to enlarge the time for service (ECF No. 5), filed on February 28, 2019. Also, before the court is plaintiff's counsel's affidavit and accompanying exhibits (ECF No. 6), filed on March 1, 2019.[1]

## I. BACKGROUND

This case arises from plaintiff's allegations that defendant sexually assaulted plaintiff. (Compl. (ECF No. 1).) Plaintiff alleges that following the assault, the parties agreed to participate in mediation. (*Id.*) The mediation resulted in a partial settlement and non-disclosure agreement. (*Id.*) Plaintiff further alleges that because of the trauma resulting from the assault, plaintiff lacked the capacity to enter into such an agreement. (*Id.*) As a result, plaintiff was deprived of compensatory damages. (*Id.*) Plaintiff's complaint includes the following causes of action: battery, intentional infliction of emotional distress, coercion and fraud, abuse of a vulnerable person, racketeering and civil conspiracy, defamation, abuse of process, negligence, and breach of

---

[1] Plaintiff's counsel is advised that under Local Rule IC 2-2, the electronic filer must file a separate document for each type of relief requested. The filer must also select the corresponding "event" for each document. For example: separate documents must be filed for a motion for alternative service and a motion to enlarge time for service, with each filing reflecting the appropriate event. *See* LR IC 2-2.

contract. (*Id.*) Plaintiff also requests declaratory relief that the settlement agreement be declared void and that she be excused from performance. (*Id.*)

Plaintiff now moves the court to serve defendant through his domestic counsel, Peter Christiansen. (Mot. for Service (ECF No. 5).) Plaintiff also moves for service by publication and for service by mail and email. Lastly, plaintiff moves to extend the time for service.

## II. MOTION FOR ALTERNATIVE SERVICE

Federal Rules of Civil Procedure Rule 4(f) govern service on an individual in a foreign country. Rule 4(f) authorizes foreign service of process on an individual "by any agreed upon means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents . . . ." Fed. R. Civ. P. 4(f)(1).[1] Service on applicable defendants must conform to the requirements of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (the "Convention"), to the extent that it applies. *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699-706 (1988) (indicating that compliance is mandatory to all cases to which the Hague Service Convention applies); *see also service Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). The Convention applies when one seeks to "transmit a judicial . . . document for service abroad . . . ." *See* Hague Convention, art. 1, 20 U.S.T. at 362. Article 2 of the Convention states that signatories are to designate a Central Authority to handle requests for service from other

---

[1] Federal Rule of Civil Procedure 4(f) provides, in relevant part:
    Unless federal law provides otherwise, an individual . . . may be served at a place not within any judicial district of the United States:
    (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
    (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
        (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
        (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
        (C) unless prohibited by the foreign country's law, by:
            (i) . . .
            (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
    (3) by other means not prohibited by international agreement, as the court orders.

contracting states. *See id.* art. 2. Both the United States and Italy are signatories to the Convention; and thus, the Convention is applicable here. Hague Convention, 20 U.S.T. 361 (1965).

Having reviewed the motion and counsel's affidavit, the court finds that alternative service is premature. Plaintiff's counsel states in her affidavit that plaintiff hired a process server to personally serve defendant pursuant to the Convention. (ECF No. 6.) The affidavit details the process servers failed attempts to serve defendant due to an inability to identify defendant's Italian address. Only recently, on December 28, 2018, did plaintiff initiate service through Italy's Central Authority as required by the Convention. Counsel does not dispute that the Hague Convention is applicable to this case, as she cites to the Convention throughout her motion and affidavit. As such, plaintiff must first comply with Italy's Central Authority for process of service. Therefore, the motion for alternative service is denied without prejudice.

### III. MOTION TO EXTEND

Rule 4(m) of the Federal Rule of Civil Procedure provides the time for service on domestic defendants:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The court "must extend time for service upon a showing of good cause." *Crowley v. Bannister*, 734 F.3d 967, 976 (citing *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009). Absent a showing of good cause, the court may exercise its discretion to extend service upon a showing of excusable neglect or dismiss the complaint. *See id.* The court has "broad discretion to extend time for service under Rule 4(m)." *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007).

However, the time limit for service under Rule 4(m) "does not apply to service in a foreign country under Rule 4(f)." *Id.*; *see also Lucas v. Natoli*, 936 F.2d 432, 432-33 (9th Cir. 1991). As discussed in the section above, Rule 4(f) delineates the procedural requirements of

service of process of an individual in a foreign country. *See* Fed. R. Civ. P. 4(f). However, Rule 4(f) does not contain an express time limit for service. *See id.*

Having reviewed plaintiff's motion, the court finds that plaintiff has demonstrated good cause for an extension to serve defendant. In her declaration, plaintiff's counsel states that she initiated service of process through Italy's Central Authority and that service may take up to 180 to 360 days. Therefore, the court will grant the request, and enlarge the time for service by 180 days.

**IV.    CONCLUSION**

IT IS THEREFORE ORDERED that plaintiff Mayorga's motion for alternative service of summons and to enlarge the time for service (ECF No. 5) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that plaintiff's request for alternative service is DENIED without prejudice.

IT IS FURTHER ORDERED that plaintiff's request to enlarge the time for service is GRANTED. The time for service is extended 180 days.

DATED: April 8, 2019

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE