```
LESLIE MARK STOVALL, ESQ.
Nevada Bar No. 2566
ROSS H. MOYNIHAN, ESQ.
Nevada Bar No. 11848
STOVALL & ASSOCIATES
2301 Palomino Lane
Las Vegas, NV 89107
Telephone: (702) 258-3034
Facsimile: (702) 258-0093
court@lesstovall.com
```
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT NEVADA

| | |
|---|---|
| KATHERINE MAYORGA, individually, | ) |
| Plaintiff, | ) 2:19-cv-00168-JAD-CWH |
| vs. | ) |
| CRISTIANO RONALDO, individually, Does I-XX and Roe Corporations I-XX; | ) |
| Defendant(s). | ) |

### OBJECTION TO NOTICE OF NON-OPPOSITION

Comes up plaintiff objected to the notice of non-opposition filed by the defendants on July 3, 2019. This objection is made based upon the points authorities attached hereto please and papers on file with court.

DATED this 5 day of July, 2019.

STOVALL & ASSOCIATES

_____
LESLIE MARK STOVALL, ESQ.
Nevada Bar No. 2566
Attorneys for Plaintiff

1

## POINTS AND AUTHORITIES

### A. Defendants Motion to Seal

Plaintiff did not file an opposition to defendant's motion to seal the record. To the extent that the notice of non-opposition notifies the court that an opposition was not filed within the 14 days allowed by local rule 7.2 B the plaintiff has no objection.

Defense counsel notified the plaintiff that a motion to seal and a motion to dismiss or in the alternative to compel arbitration would be filed with the court. Plaintiff advised defense counsel that should they file a motion to seal and motion to dismiss that he would be in a 2 to 3 week jury trial commencing July 2, 2019, the department blank of the Clark County District Court in case number entitled Peterson versus medic West, Inc., and that an extension of time would be needed to file an opposition. The commencement date of the jury trial of Peterson was moved on several occasion and currently is the set to commence July 8, 2019. Plaintiff's counsel was surprised that the defense would file a non-opposition on the motion to seal without first contacting plaintiff's counsel. NRPC 3.5 A.

The defendants motion requests that the court seal the record. or at a minimum. the briefing concerning defendants motion to dismiss or to compel arbitration. the motion to seal and all related briefing. As alleged in the complaint, the validity of the settlement agreement which contains the nondisclosure and arbitration clauses is at issue in this case. Ultimately. whether the record of this case should be sealed will be based upon the validity of the settlement agreement. The plaintiff would suggests that orders sealing the record be limited as requested in the alternative by the defense. until such time the court determines the validity of the settlement agreement which contains the confidentiality and arbitration provisions rewlied upon by the defense.

### B. Motion to Dismiss or to Compel Arbitration.

On June 14, 2019 the defendant filed a motion for leave to file it's motion to dismiss or compel arbitration having pages in excess allowed by local rule 7.3(b). Plaintiff has not received an order allowing defendant to file a motion in excess of 24 pages.

Plaintiff filed a proof of service of the summons and compliant with the court on June 20, 2019. The defendant was served the summons and complaint pursuant to Article 5 of the Hague Service Convention on April 10, 2019. The defendant was served the summons and complaint pursuant to Article 10 of the Hague Service Convention on June 7, 2019.

A motion to exceed the page limits must be filed before the motion or brief is due. LR 7-3(c). It would appear that the motion to exceed page limits was untimely based upon the dates of service under Article 5 and 10 of the Hague Service Convention.

If the filing date of the plaintiff's proof of service is used to determine the due date for answer or responsive pleading, the motion to exceed pages limits is was timely filed. However, the filing of a motion to exceed page limits does not stay the deadline for the underlying motion or brief. In the absence of a court order by the deadline for the underlying motion or brief, the motion to exceed page limits is deemed denied. LR 7-3(c).

Accordingly, it appears that an opposition to the motion to dismiss or compel arbitration was not due from the plaintiff, and the notice of non-opposition as it pertains to the motion to dismiss or compel arbitration is improper.

DATED this ___5___ day of July, 2019.

STOVALL & ASSOCIATES

/s/ [signature]

LESLIE MARK STOVALL, ESQ.
Nevada Bar No. 2566
ROSS MOYNIHAN, ESQ.
Nevada Bar No. 11848
STOVALL & ASSOCIATES
Attorneys for Plaintiff

3