PETER S. CHRISTIANSEN, ESQ.
Nevada Bar No. 5254
pete@christiansenlaw.com
KENDELEE L. WORKS, ESQ.
Nevada Bar No. 9611
kworks@christiansenlaw.com
KEELY A. PERDUE, ESQ.
Nevada Bar No. 13931
keely@christiansenlaw.com
CHRISTIANSEN LAW OFFICES
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Telephone:     (702) 240-7979
Facsimile:     (866) 412-6992
*Attorneys for Defendant Cristiano Ronaldo*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| KATHRYN MAYORGA,<br><br>             Plaintiff,<br><br>vs.<br><br>CRISTIANO RONALDO,<br><br>             Defendant. | CASE NO.: 2:19-cv-00168-JAD-CWH<br><br>**DECLARATION OF KENDELEE L. WORKS IN RESPONSE TO PLAINTIFF'S OBJECTION TO NOTICE OF NON-OPPOSITION**<br><br>**(FILED UNDER SEAL)** |

I, KENDELEE L. WORKS, declare as follows:

1.      I am an attorney admitted to practice before the courts of the State of Nevada, Bar No. 9611. I am an attorney with Christiansen Law Offices and represent Defendant Cristiano Ronaldo in the above-captioned matter.

2.      I make this declaration in response to Plaintiff's Objection to Notice of Non-Opposition ("Plaintiff's Objection") concerning Plaintiff's failure to serve or file the required points and authorities in response to: (1) Defendant Cristiano Ronaldo's Motion for Leave to File Motion to Dismiss or to Compel Arbitration in Excess of Twenty-Four Pages [ECF No. 10] ("Motion to Exceed Page Limits"); (2) Defendant Cristiano Ronaldo's Motion to Seal the record or Alternatively to Seal Defendant's Motion to Dismiss Kathryn Mayorga's Complaint (ECF No. 1) Pursuant to Fed. R. Civ. P. 12(b)(6) or to Compel Arbitration and to Seal the Instant Motion and Related Briefings and Notice of In Camera Submission of Exhibits A and B [ECF No. 11]

**CHRISTIANSEN LAW OFFICES**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
702-240-7979 • Fax 866-412-6992

("Motion to Seal")[1]; and (3) Defendant Cristiano Ronaldo's Motion to Dismiss Kathryn Mayorga's Complaint (ECF No. 1) Pursuant to Fed. R. Civ. P. 12(b)(6) or to Compel Arbitration [ECF No. 13] ("Motion to Dismiss and/or to Compel Arbitration").

3.     I have personal knowledge of the facts and issues described herein and could so testify if called upon in a court of law.

4.     Plaintiff's Objection does not request an extension of the time to oppose Defendant's motions, and Christiansen Law Offices never received any such request. In the event this Court is inclined to afford Plaintiff additional time to respond to Defendant's Motion to Exceed Page Limits and Motion to Dismiss and/or to Compel Arbitration, Defendant has no objection.

5.     Given that Plaintiff's Objection indicates that Plaintiff has no objection to Defendant's Notice of Non-Opposition as to Defendant's Motion to Seal, it appears Plaintiff does not intend to file any such response.  Accordingly, Defendant respectfully requests that this Court deem Defendant's Motion to Seal submitted and ripe for determination.

6.     For accuracy of the record in this case, the undersigned is compelled to correct certain factual misrepresentations contained within Plaintiff's Objection.

7.     On May 31, 2019, I personally spoke with Plaintiff's Counsel, Les Stovall, and informed him that Mr. Ronaldo wished to avoid further delay and thus, deemed service to have been completed and would file his Motion to Dismiss and/or to Compel Arbitration and Motion to Seal on or before June 14, 2019.

8.     Mr. Stovall informed me that he believed he may be in trial around that same time frame and if that was the case, he would likely need an extension of the time in which to respond to Defendant's motions.  I responded that I did not foresee any issue with Defendant agreeing to such an extension but asked that he contact me to let me know if in fact, he required any extension.

---

[1] The instant Declaration is being submitted under seal pending this Court's ruling on the Motion to Seal, which requests that the entire record be sealed.

CHRISTIANSEN LAW OFFICES
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
702-240-7979 • Fax 866-412-6992

9.    Mr. Stovall likewise informed me that should I need additional time beyond June 14, 2019, to file Defendant's Motion to Dismiss and/or to Compel Arbitration and Motion to Seal, Plaintiff would have no objection.  I thanked Plaintiff's Counsel for the offer and responded that I did not believe Defendant would require any additional time beyond June 14, 2019, but would contact him to let him know in the event circumstances changed.

10.    Defendant did not require any additional time and on June 14, 2019, Defendant proceeded with filing his Motion to Exceed Page Limits, Motion to Seal, and Motion to Dismiss and/or to Compel Arbitration.

11.    Defendant's Motion to Exceed Page Limits was not filed under seal and therefore, was served upon Plaintiff by way of electronic service on June 14, 2019, the date of filing.

12.    Defendant's Motion to Seal and Motion to Dismiss and/or to Compel Arbitration were both filed under seal and thus, not subject to electronic service.  Accordingly, on Monday, June 17, 2019, Defendant's Counsel personally hand delivered to Plaintiff's Counsel's office a copy of all filings that had been submitted under seal.  Along with the aforementioned motions, Defense Counsel provided Plaintiff's Counsel with a cover letter explaining that the documents had been filed under seal and informing Plaintiff that Defendant anticipated any responses would likewise be filed under seal unless and until this Court should decide otherwise.  Defendant filed a Receipt of Copy [ECF No. 15] confirming service of Defendant's motions on June 17, 2019.

13.    On June 20, 2019, my office received, via, hand delivery, a Notice of Proof of Service [ECF No. 17], that had been filed by Plaintiff under seal.  This was the first document Plaintiff had filed under seal in this case, thereby providing further confirmation that Plaintiff's Counsel had received Defendant's motions along with the cover letter from Defense counsel.

14.    I have not spoken to Mr. Stovall or anyone from the office of Plaintiff's Counsel since the May 31, 2019 conversation during which I informed Mr. Stovall that Defendant would be filing the Motion to Seal and Motion to Dismiss and/or to Compel Arbitration on June 14, 2019.  I have spoken with the other attorneys and staff at Christiansen Law Offices and have confirmed that no one else in my office has spoken to Plaintiff's Counsel or anyone from Mr. Stovall's office regarding this case since that date.

CHRISTIANSEN LAW OFFICES
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
702-240-7979 • Fax 866-412-6992

15.     Since May 31, 2019, neither Plaintiff's Counsel, nor anyone from his office has contacted me or anyone from Christiansen Law Offices to request an extension of the time to respond to any of Defendant's motions.

16.     Neither I, nor anyone from Christiansen Law Offices, are aware of Mr. Stovall making any attempt to contact me or anyone from my office, whether by way of phone, email, or other written correspondence, to request an extension of the time to respond to any of Defendant's motions.

17.     Having received no request for any extension and having received no response(s) to any of Defendant's motions, on July 3, 2019, Defendant proceeded with filing and serving via hand delivery to Plaintiff's Counsel, the subject Notice of Non-Opposition [ECF No. 18]. *See* Receipt of Copy [ECF No. 20].

18.     On July 8, 2019, I received an email from Mr. Stovall's assistant, Maria Hernandez, attaching proof of the filing of Plaintiff's Objection, which had been submitted under seal and as a result, not served electronically.  Also copied on that email were Peter S. Christiansen, Esq., and Keely Perdue, Esq., two other attorneys at Christiansen Law Offices, counsel for Defendant.  That same day, a hard copy of Plaintiff's Objection was served via hand delivery to Christiansen Law Offices.

19.     Since receiving Plaintiff's Objection, on July 10, 2019 at 10:00 a.m., Peter S. Christiansen, Esq. went to the Honorable Judge Escobar's courtroom to observe *Peterson v. MedicWest Ambulance Inc.*, Case No. A-17-750753-C. Mr. Christiansen was informed by the bailiff that, although Mr. Stovall's law firm began a civil jury trial in that matter on July 8, 2019, Mr. Stovall has yet to appear at trial.

/ / /

/ / /

/ / /

/ / /

/ / /

4

1       20.    I declare under penalty of perjury under the laws of the United States of America

2   that the foregoing is true and correct.

3       Executed this 10th day of July, 2019, in Las Vegas, Nevada.

4

5   _____
    KENDELEE L. WORKS, ESQ.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CHRISTIANSEN LAW OFFICES**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
702-240-7979 • Fax 866-412-6992