# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Kathryn Mayorga,

    Plaintiff

v.

Christian Ronaldo,

    Defendant

Case No.: 2:19-cv-00168-JAD-CWH

**Order re: Motions to Dismiss, Exceed Page Limits, and Seal Judicial Records**

[ECF Nos. 10, 11, 13]

Kathryn Mayorga alleges that Cristiano Ronaldo assaulted her in a Las Vegas hotel room over a decade ago, after which Ronaldo retained a team of "fixers" who were tasked with keeping the assault allegations secret.[1] According to Mayorga, Ronaldo and his team threatened to publicly accuse her of extortion if she went public with her allegations.[2] They also badgered and harassed Mayorga's attorney to settle her potential claims for money.[3] The parties privately mediated the matter in Las Vegas and Mayorga and Ronaldo ultimately entered into a settlement and confidentiality agreement.[4]

Mayorga alleges that she was revictimized through the mediation.[5] That the assault and subsequent threats by Ronaldo's team, combined with his failure to appear for the mediation and bad acts committed by the mediator and Ronaldo's team during the mediation, left her without capacity to agree to settle her potential claims.[6] Mayorga also contends that everyone present at

---

[1] ECF No. 1 at ¶¶ 5–13, 26.
[2] *Id.* at ¶ 32–33.
[3] *Id.* at ¶ 34.
[4] *See id.* at ¶¶ 45–46.
[5] *Id.* at ¶ 40.
[6] *Id.* at ¶¶ 35–39.

the mediation—and Ronaldo by extension—knew or should have known that she was incompetent and lacked the capacity to contract.[7]

The assault allegations, mediation, and settlement remained secret until 2017, when a series of articles was published about assault allegations against Ronaldo, including Mayorga's.[8] Mayorga alleges that the articles quote from and refer to documents and communications that "were contemporaneous to [Ronaldo's] investigations, assessments[,] and negotiations of the purported settlement agreement in 2009 and 2010."[9] The documents were apparently part of a trove of documents obtained in the "Football Leaks" hack.[10] Mayorga asserts that, following disclosure of the hacked documents, Ronaldo and his team publicly denied the allegations.[11]

It is against this backdrop that Mayorga sues Ronaldo under various contract, tort, conspiracy, and fraud theories; alleges that he violated a Nevada statute prohibiting abuse and exploitation of "vulnerable persons"; and seeks declarations that the settlement agreement is void or voidable or that she's excused from her performance due to his breach.[12] Ronaldo moves under FRCP 12(b)(6) to dismiss Mayorga's claims or, alternatively, to compel her to arbitrate them under Nevada law.[13] Ronaldo seeks leave to exceed the 24-page limit for his motion by 22

---

[7] *Id.* ¶ 41.
[8] *Id.* at ¶ 48.
[9] *Id.* at ¶ 49.
[10] *Id.* at ¶ 53.
[11] *Id.* at ¶ 50.
[12] *Id.* at ¶¶ 62–137.
[13] ECF Nos. 13, 14 (corrected image; correcting exhibit cover sheets).

pages.[14] And he moves to seal the entire record in this case or, at least the briefing and exhibits associated with his dismiss-or-compel motion.[15]

Ronaldo hasn't demonstrated that compelling reasons exist to seal the entire record in this case, but he's articulated enough facts to justify sealing the actual agreements and direct quotes from any of them. So, I grant his motion to seal in part.[16] I deny Ronaldo's motion to file excess pages because he doesn't need 46 pages to effectively set forth his arguments. Finally, I deny Ronaldo's motion to dismiss or compel arbitration without prejudice to his ability to reurge those requests in two separate motions not to exceed 24 pages each.

**I.     Motion to seal judicial records [ECF No. 11]**

**A.     Legal standard**

"The public has a 'general right to inspect and copy public records and documents including judicial records and documents.'"[17] "Although the common law right of access is not absolute, '[courts] start with a strong presumption in favor of access to court records.'"[18] "A party seeking to seal judicial records can overcome the strong presumption of access by providing 'sufficiently compelling reasons' that override the public policies favoring disclosure."[19] "When ruling on a motion to seal court records, the district court must balance the

---

[14] ECF No. 10.

[15] ECF No. 11.

[16] The agreements are not yet judicial records because Ronaldo submitted them for the court to review in camera.

[17] *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1118–19 (9th Cir. 2012) (quoting *Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 597 (1978)).

[18] *Id.* at 119 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

[19] *Id.* (quoting *Foltz*, 331 F.3d at 1135).

competing interests of the public and the party seeking to seal judicial records."[20] "To seal the records, the district court must articulate a factual basis for each compelling reason to seal[,]" which "must continue to exist to keep judicial records sealed."[21] The Ninth Circuit has, however, "'carved out an exception to the presumption of access' to judicial records" that is "'expressly limited to' judicial records 'filed under seal when attached to a *non-dispositive motion.*'"[22] "Under the exception, 'the usual presumption of the public's right is rebutted[,]'" so "a particularized showing of 'good cause' under [FRCP] 26(c) is sufficient to preserve the secrecy of sealed discovery documents attached to non-dispositive motions."[23]

**B. Discussion**

Ronaldo contends that the compelling-reasons standard applies to his entire motion to seal. I agree. The Ninth Circuit explained in *Center for Auto Safety v. Chrysler Group, LLC* that public access to judicial records doesn't turn on whether the associated motion is technically "dispositive"—i.e., dispositive by name like motions to dismiss or for summary judgment—but "on whether the motion is more than tangentially related to the merits of a case."[24] Ronaldo moves to seal the entire record in this case or, alternatively, the briefing and exhibits related to his dismiss-or-compel motion. The entire record is unquestionably more than tangentially related to the merits that are at issue in this case, so the compelling-reasons standard applies to

---

[20] *Id.* (citing *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)).

[21] *Id.* (citing *Kamakana*, 447 F.3d at 1179; *Foltz*, 331 F.3d at 1136).

[22] *Id.* (quoting *Foltz*, 331 F.3d at 1135).

[23] *Id.* (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002), and *Foltz*, 331 F.3d at 1135, 1138).

[24] *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

that piece of Ronaldo's sealing request. The same standard also applies to his alternative request because the dismissal motion attacks Mayorga's ability to state any colorable claim for relief.

To demonstrate that compelling reasons exist, Ronaldo first argues that sealing the record will prevent Mayorga and the media from using her allegations for improper purposes.[25] Though he doesn't elaborate what those improper purposes might be, Ronaldo claims that "[Mayorga] and the media have already demonstrated that they will capitalize on every possible opportunity to weaponize the allegations in this case."[26] To support this statement, Ronaldo provides an article reporting on an interview that Mayorga and her lawyer and mother supposedly gave, and two articles reporting that a few of Ronaldo's sponsors have "expressed concern" about Mayorga's allegations. These articles were all published before Mayorga filed her complaint in this case and neither is evidence that the allegations are being used for improper purposes. Vague and factually unsupported, Ronaldo's first reason doesn't overcome the strong presumption favoring pubic access to judicial records.

The same is true of Ronaldo's second argument that sealing the record in this case will minimize chances of public scandal and damage to the parties' reputations and Ronaldo's career.[27] Contending that there's a chance for public scandal implies that the record contains matters that aren't only offensive but also irrelevant to Mayorga's claims,[28] but Ronaldo doesn't identify any matters in the record that fit that bill. He argues without evidence that the amount of publicity surrounding this case is "far greater than most," and pulls buzz words like "gratify

---

[25] ECF No. 11 at 8.
[26] *Id.*
[27] *Id.*
[28] *See Black's Law Dictionary* 1545 (10th ed. 2014) (defining "scandal" and quoting Eugene A. Jones, *Manual of Equity Pleading and Practice* 50–51 (1916)).

5

spite" and "circulate libelous statements" from *Kamakana v. City and County of Honolulu*,[29] but he doesn't connect them to anything tangible in this record. Ronaldo speculates that he'll be tried in the media, not receive a fair trial, and that media reports will be "skewed and sensationalized and include substantially prejudicial information that would not be admissible during the actual trial or arbitration."[30] He also contends that the severity of Mayorga's allegations "creates a significant risk of destroying [his] personal and professional reputation and losing sponsors, endorsements and other professional opportunities based on nothing more than mere allegations with no regard for the merits of the case or the evidence."[31] But this is also speculation, and "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records."[32]

This leaves Ronaldo's final argument that sealing the record will avoid "eviscerating" the terms of the parties' settlement and confidentiality agreement.[33] Due to the disclosure of documents obtained in the "Football Leaks" hack, the cat is already out of the bag about Mayorga's allegations, the fact that the parties mediated and reached a settlement agreement, and the broad terms of that agreement. What's more, that cat has been out for years and it appears that a motion to seal the record in this case is Ronaldo's first true effort to stem the flow of information. So, I'm not satisfied that Ronaldo's interest in holding Mayorga to her agreement is enough to justify sealing the entire record in this case.

---

[29] ECF No. 11 at 9
[30] *Id.*
[31] *Id.*
[32] *Kamakana*, 447 F.3d at 1179.
[33] *Id.*

But there are enough facts to justify sealing the agreement itself, its exhibits, an associated side-agreement, and direct quotes from any of those documents. First, there's the nature of the agreements themselves—they are private contracts between private parties that were entered into after a private mediation and without involvement of any court system. Second, confidentiality is a material term of the settlement agreement. Third, it appears from this record that the agreements and all that they cover did remain confidential until their existence and general contents were maliciously obtained and disclosed by a third party. Fourth, the settlement agreement states what the parties' obligations are in the event of disclosure by a third party. Fifth, Ronaldo raises concerns that Mayorga has shared with reporters about her safety in real life and online after the fact of the agreements was publicly disclosed. Finally, it doesn't appear from this record that copies of the agreements are in public circulation; only information about their general contents is.

Considering these factors, I'm satisfied that the public's interest in disclosure of the physical documents and direct quotes from them is minimal and rebutted by Ronaldo's and Mayorga's privacy interests in those documents. I therefore grant Ronaldo's motion to seal in part: the documents themselves and direct quotes from any of them must be filed under seal.

**II.     Motions for excess pages and to dismiss or compel arbitration [ECF Nos. 10, 13]**

Ronaldo next moves under FRCP 12(b)(6) to dismiss all of Mayorga's claims or compel her to arbitrate them,[34] and because that motion clocks in at 46 pages, he also moves to exceed the 24-page limit by 22 pages.[35] As the local rules instruct, "[t]he court looks with disfavor on

---

[34] ECF No. 13.
[35] ECF No. 11.

motions to exceed page limits, so permission to do so will not be routinely granted."[36] Good cause is needed to obtain leave to file an oversize brief.[37]

Ronaldo's attorney declares that good cause exists for another 22 pages of briefing because "[t]he complexity and numerosity of the elements underlying [Mayorga's] eleven causes of action and the legal authorities interpreting the same require significant analysis in order to comprehensively address each of the reasons for dismissal."[38] But this is a dismissal motion, not one for summary judgment, and the bulk of Ronaldo's motion is devoted to arguing that Mayorga's claims are either time-barred, deficiently pled, or not colorable on the well-pled facts. Though Mayorga's allegations are serious, there is nothing remarkable about them or Ronaldo's dismissal arguments that he couldn't fully vet them in 24 pages. In fact, a brief review of Ronaldo's motion reveals several places where he can quickly trim fat without losing any meat from his arguments: shorten headings, eliminate substantive footnotes, nix the background section, tighten legal standard, and pull the margins out to the allowable "one inch on all four sides."[39]

By making these changes, tightening discussion points, and moving the alternative request to compel arbitration to a separate motion, I am confident that Ronaldo will be able to clearly and effectively present his dismissal arguments in 24 pages. I therefore deny Ronaldo's motion to exceed the page limits and I deny Ronaldo's motion to dismiss or compel arbitration without prejudice to his ability to reurge those requests in two separate motions, neither of which may exceed 24 pages.

---

[36] LR 7-3(c).
[37] *Id.*
[38] ECF No. 10 at 2, ¶ 4.
[39] LR IA 10-1(a)(6).

## Conclusion

Accordingly, IT IS HEREBY ORDERED that Ronaldo's motion to seal **[ECF No. 11]** is **GRANTED in part:** the Settlement and Confidentiality Agreement, its exhibits, and the Confidential Side Letter Agreement must be filed under seal, direct quotes of those documents must be redacted from publicly filed briefs, and unredacted versions of those briefs must be filed under seal. The motion to seal is **DENIED** in all other respects. Thus, consistent with this order,

- The Clerk of Court is directed to **MAINTAIN THE SEAL** on Ronaldo's motion to seal **[ECF No. 11]**. Ronaldo must redact the parts of this motion that quote the sealed documents and publicly file a redacted copy of that motion and its exhibits.
- The Clerk of Court is directed to **MAINTAIN THE SEAL** on Ronaldo's motion to dismiss or compel arbitration **[ECF No. 13]**.
- The Clerk of Court is directed to **UNSEAL** all other sealed documents in this case **[ECF Nos. 12, 14–22]**.

IT IS FURTHER ORDERED that Ronaldo's motion for leave to file excess pages **[ECF No. 10]** is **DENIED** and Ronaldo's motion to dismiss or, alternatively, to compel arbitration **[ECF No. 13]** is **DENIED without prejudice** to his ability to reurge those requests in two motions—one seeking dismissal and the other seeking to compel arbitration—neither of which may exceed 24 pages.

_____
U.S. District Judge Jennifer A. Dorsey
July 31, 2019