LESLIE MARK STOVALL, ESQ.
Nevada Bar No. 2566
STOVALL & ASSOCIATES
2301 Palomino Lane
Las Vegas, NV 89107
Phone: 702-258-3034
E-Service: court@lesstovall.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

KATHRINE MAYORGA, individually, )
                                              )
               Plaintiff,     )  Case No. 2:19-cv-00168
                                             )
vs.                                      )
                                             )
CRISTIANO RONALDO, individually, )
DOES I-X and ROE Corporation I-XX, )
                                             )
            Defendants. )
_____)

**PLAINTIFF'S PROPOSED DISCOVERY PLAN AND SCHEDULING ORDER**

**AND DEFENDANT'S OBJECTIONS THERETO.**

Pursuant to Local Rule 26-1(a) and Rule 26(f) of the Federal Rules of Civil Procedure, Leslie Mark Stovall, Esq. of STOVALL & ASSOCIATES, on behalf of the Plaintiff; Kendelee L. Works, Esq. and Peter Christiansen, Esq. of CHRISTIANSEN LAW OFFICES on behalf of Defendant, conducted a telephonic Rule 26(f) discovery conference on September 17, 2019 . The parties submit Plaintiff's Proposed Discovery Plan and Scheduling Order and Defendant's Objections Thereto, pursuant to LR 26-1(b) and Fed. R. Civ. P 26.

    1. **Initial Disclosures:** Plaintiff made her initial disclosure of documents on October 7, 2019.

        **a. DEFENDANT'S POSITION:**

1

Defendant objects, pursuant to Fed. R. Civ. P 26(C), to making any disclosures or conducting any discovery pending this Court's ruling on his Motion to Compel Arbitration and Stay Proceedings [ECF No. 26] and/or Defendant's Motion to Dismiss [ECF No. 29] (collectively hereinafter "Defendant's Motions").

Federal district courts have broad discretion to determine whether a stay of discovery is appropriate. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Plaintiff's claims are all brought under the laws of the State of Nevada and are to be governed by State law. Pursuant to Nev. Rev. Stat. §38.221(6), where one party makes a motion asking the court to order arbitration, the court "on just terms shall stay any judicial proceedings that involve a claim alleged to be subject to the arbitration until the court renders a final decision…" regarding whether to compel arbitration.

On August 8, 2019, Defendant filed his Motion to Compel Arbitration and Stay Proceedings. ECF No. 26. Plaintiff filed her Opposition on September 23, 2019 [under seal] and Defendant's Reply was filed on October 14, 2019. ECF No. 50. Not only does Nevada law require a stay of all judicial proceedings pending a ruling on the motion, good cause exists for staying discovery in this matter. In the event the Court grants Defendant's Motion to Compel Arbitration, there would be no need to conduct discovery in the instant proceeding and any discovery to be had would be governed by order of an arbitrator in a separate forum. Additionally, if this Court grants Defendant's Motion to Dismiss, then the matters which remain as the subject of discovery would be significantly limited, thereby narrowing the scope of relevant discovery.

Defendant also objects that the discovery sought by Plaintiff as outlined in her Opposition to the Motion to Compel Arbitration is irrelevant given that it is not probative of any genuine issue necessary for determining whether the parties should be compelled

to arbitrate this dispute. Further, disclosure of the significant majority of the documents and evidence Plaintiff seeks to discover would violate the attorney-client and work product privileges. *See* Defendant's Reply in Support of Motion to Compel Arbitration and Stay Proceedings, ECF No. 50 at pp. 9-10 (citing Rules 104 and 502 of the Federal Rules of Evidence). Defendant hereby reserves the right to lodge additional objections to discovery sought contemporaneous with any specific request to be made.

2. **Discovery cutoff date:** Plaintiff proposes that the discovery cutoff date be **June 24, 2020**, which is 360 days from the filing of Plaintiff's Complaint;

   a. **DEFENDANT'S POSITION:**

   Defendant objects to any discovery being conducted and asserts that a discovery plan and scheduling order need not be agreed upon or in place unless and until the Court denies Defendant's Motion to Compel Arbitration and Stay Proceedings and has also ruled upon Defendant's Motion to Dismiss, which if granted, in whole or in part, will significantly impact the scope and extent of discovery necessary in this case.

3. **Amending the Pleadings and Adding Parties:** Plaintiff proposes that any motion to amend the pleadings or add parties shall be filed by **June 24, 2020**.

   a. **DEFENDANT'S POSITION:**

   Although Defendant does not necessarily object to this Court setting the deadline to amend the pleadings or add parties, he notes only that such deadlines are generally calculated based upon the discovery cut-off and thus, Defendant points to his preliminary objection that no discovery is appropriate in this case pending a ruling on Defendant's Motions.

4. **Interim Status Report:** Plaintiff proposes that the interim status report shall be due **April 24, 2020**, which is 60 days prior to her proposed discovery cutoff.

3

a. **DEFENDANT'S POSITION:**

Defendant rests upon his objection to conducting any discovery at this juncture because he has moved to compel arbitration. Accordingly, a deadline for interim status reports need not be set at this time.

5. **Experts Disclosures:** Plaintiff proposes that the parties' initial expert disclosures shall be served by **April 24, 2020**, which is 60 days prior to her proposed discovery cutoff and rebuttal expert disclosures shall be served by **May 26, 2020**, which is 32 days after Plaintiff's proposed deadline for initial disclosure of experts.

a. **DEFENDANT'S POSITION:**

Defendant objects to any discovery being conducted and asserts that a discovery plan and scheduling order need not be agreed upon or in place unless and until the Court denies Defendant's Motion to Compel Arbitration and Stay Proceedings and has also ruled upon Defendant's Motion to Dismiss, which if granted, in whole or in part, will significantly impact the scope and extent of discovery necessary in this case.

6. **Dispositive Motions:** Plaintiff proposed that the dispositive motions shall be filed by **May 24, 2020**, which is 30 days after Plaintiff's proposed discovery cutoff.

a. **DEFENDANT'S POSITION:**

Because the deadline for dispositive motions is calculated based upon the discovery cut-off, Defendant stands on his preliminary objection that no discovery is appropriate in this case pending a ruling on Defendant's Motions. Accordingly, it would be premature to set a dispositive motion deadline at this juncture.

7. **Pretrial Order:** Plaintiff proposes the Joint Pretrial Order shall be filed by **June 24, 2019**, which is 30 days after the deadline Plaintiff has proposed for filing

dispositive motions with the caveat that if any dispositive motions are filed, then the Joint Pretrial Order shall be due thirty days after the decision on such motion(s).

      a. **DEFENDANT'S POSITION:**

Because the pre-trial order deadline is calculated based upon the discovery cut-off, Defendant stands on his preliminary objection that no discovery is appropriate in this case pending a ruling on Defendant's Motions. Accordingly, it would be premature to set a pre-trial order deadline at this juncture.

8. **Extension or Modifications of the Discovery Plan and Scheduling Order Deadlines:** Plaintiff proposes that any stipulation or motion must be made pursuant to LR 26-4 and be supported by a showing of good cause, no later than 21 days before the subject deadline.

      a. **DEFENDANT'S POSITION:**

In the event the court orders the Parties to conduct discovery in this matter, Defendant agrees with Plaintiff that any stipulation or motion must be made pursuant to LR 26-4 and be supported by a showing of good cause, no later than 21 days before the subject deadline. However, Defendant stands on his preliminary objection that no discovery is appropriate in this case pending a ruling on Defendant's Motions.

Dated this 24th day of October, 2019.　　　Dated this 24th day of October, 2019.

/s/ *Leslie Mark Stovall, Esq.*　　　　　　/s/ *Kendelee l. Works*

_____　　_____

LESLIE MARK STOVALL, ESQ.　　　　KENDELEE L. WORKS, ESQ.
Nevada Bar No. 2566　　　　　　　　　Nevada Bar No. 9611
2301 Palomino Lane　　　　　　　　　810 S. Casino Center Blvd., Suite104
Las Vegas, Nevada 8917　　　　　　　Las Vegas, Nevada 89101
*Attorney for Plaintiff*　　　　　　　　*Attorney for Defendant*