1 | LESLIE MARK STOVALL, ESQ.
Nevada Bar No. 2566
2 | ROSS MOYNIHAN, ESQ.
3 | Nevada Bar No. 11848
STOVALL & ASSOCIATES
4 | 2301 Palomino Lane
Las Vegas, NV 89107
5 | Telephone: (702) 258-3034
6 | E-service: court@lesstovall.com
Attorney for Plaintiff
7

8 **UNITES STATES DISTRICT COURT**

9 **DISTRICT OF NEVADA**

10

11 KATHERINE MAYORGA, an individual    )
                                      )    2:19-cv-00168-JAD-CWH
12                     Plaintiff,      )
   vs.                                )
13                                     )
   CRISTIANO RONALDO, individually,   )
14 Does i-XX and Roe Corporations I-XX;)
                     Defendants.       )
15 ─────────────────────────────────── )

16

17 **PROPOSED DISCOVERY PLAN AND SCHEDULING ORDER**

18 **(SPECIAL SCHEDULING REVIEW REQUESTED)**

19
Pursuant to local Rule 26-1(a) and Rule 26(f) of the Federal Rules of Civil Procedure,
20
21 Leslie Mark Stovall, Esq. of STOVALL & ASSOCIATES, on behalf of the Plaintiff and

22 Kendelee L. Works, Esq. and Peter Christiansen, Esq. of CHRISTIANSEN LAW OFFICES on

23 behalf of Defendant, conducted a telephonic Rule 26(f) discovery conference on October 6,

24 2020. The Parties submit the following Proposed Discovery Plan and Scheduling Order,

25 pursuant to LR 26-1(b)I.

26

27

28

# I

## INITIAL DISCLOSURES

**A. Plaintiff's Initial Disclosures.**

Plaintiff made initial disclosures pursuant to FRCP 26 on October 26, 2019. On October 12, 2020, Plaintiff presented her proposed discovery plan to Defendant, a copy of which is attached hereto and incorporated herein by reference as *Exhibit 1.*

**B. Defendant's Initial Disclosures.**

On October 12, 2020, Defendant presented his proposed discovery plan to Plaintiff, a copy of which is attached hereto and incorporated herein by reference as *Exhibit 2.* Defendant will make his initial disclosures on or before November 30, 2020.

# II

## ADDITIONAL VOLUNTARY DISCLOSURES
## (Disputed)

**A. Plaintiff has Agreed Provide the Following Disclosures and Releases Within 30 Days of the of a Discovery Plan:**

**1. Educational Records.**

Plaintiff attended Clark County School District primary and secondary schools and attended University of Nevada Las Vegas. Plaintiff will provide releases of information for Clark County School District and Plaintiff will provide releases of information to any other schools or educational institutions that she intended which are not part of the Clark County School District or University Nevada Las Vegas.

**2. Medical Records.**

Plaintiff will provide a release of medical information for each medical provider that treated her for any medical condition that was eventually diagnosed as attention deficit disorder, depression or other psychological/psychiatric disorder.

**3. Employment Records.**

Plaintiff will provide a release of employment records for each of her employers since graduation from UNLV.

**4. Witnesses.**

Plaintiff will supplement her initial disclosure list of witnesses and supplement current contact information, if known.

# III

## DISCOVERY
### (Disputed)

**A. Scope of Discovery.**

1. Plaintiff's position is that discovery on the issue of capacity includes the condition of Plaintiff and Defendant's knowledge of Plaintiff's condition during the period of time the settlement agreement was negotiated and entered into.

2. Defendant's position is that the only discovery relevant to Plaintiff's capacity to enter into the Settlement and Confidentiality Agreement ("SCA") is limited to Ms. Mayorga's medical, psychological, and cognitive functioning from June 2008 through December 31, 2010.  June 2008 is one year prior to the alleged sexual assault at issue.  The parties mediated this matter in January 2009, but the SCA was not fully executed until September 2010.  Accordingly, Defendant asserts that Plaintiff's capacity in the year prior to the alleged incident as well as throughout the negotiation and execution of the SCA are relevant to this Court's determination regarding her capacity to contract.  Defendant notes that Plaintiff continues to maintain she lacks capacity, thereby arguably placing at issue her psychological and cognitive function from the negotiation and execution of the SCA through present.  However, Defendant reads this Court's September 30, 2020 Order (ECF. 72) as intended to limit trial, and thus, the discovery necessary at this juncture, to only the issue of Plaintiff's legal capacity at the time she entered into the SCA in 2010.

Defendant further objects to Plaintiff's request to depose Defendant and/or his Counsel.  In ECF 72, this Court affirmed the Magistrate's striking of documents protected by the attorney-client and work product privileges, which specifically stated, "Under these circumstances, the Court does not find that Defendant waived the attorney-client privilege by either not

1  protecting the documents from a hack or by putting them at issue in this
2  litigation." ECF 67 at: 8:27-91.  Likewise, Defendant has never placed his
   attorney's mental thought processes or attorney client communications at
3  issue and thus, Plaintiff should not be permitted to depose his counsel in an
   attempt to invade such privileges.  Moreover, neither Defendant nor his
4  counsel ever had direct communication with Plaintiff at the time of
5  mediation or negotiation of the SCA and thus, none have any knowledge
   relevant to whether Plaintiff had legal capacity to contract during the
6  relevant timeframe.

7  **B. Plaintiff's Proposed Discovery Plan (See *Exhibit 1*)(Disputed).**

8  **1. Supplemental disclosures.**

9
   Plaintiff would make supplemental disclosures releases within 30 days of
10 the court's approval of the discovery plan. Plaintiff anticipates that
   collection of documents with releases or subpoenas would take
11 approximately 90 to 120 days due to delays caused by the COVID – 19
12 pandemic, the national election and winter holidays. Both parties agree to
   supplement disclosures with documents and witnesses, including all
13 documents collected by use of releases or subpoenas, no later than 120 days
14 from the court's approval of a discovery plan – that is on or before

15 **2. Depositions.**

16 Plaintiff seeks the deposition of the following witnesses regarding their
17 observations of Plaintiff's behavior:

18      a.   John Lavely, Jr., Esq.

19      b.   Yael E. Holtkamp, Esq.

20      c.   Paulo Rendeiro, Esq.

21
        d.   Francisco Cortez, Esq.
22
        e.   Carlos Osario De Castro, Esq.
23

24      f.   Richard Wright, Esq.

25      g.   Joseph Bongiovi, Esq.

26
        h. Micheala Woods, Esq.
27
   Plaintiff would commence depositions within 30 days of the court's
28 approval of a discovery plan. Plaintiff anticipates completion of depositions

would take 120 to 180 days due to travel restrictions in North America and Europe. Plaintiff would agree to digital/video depositions to shorten the time needed to complete depositions.

### 3. Written Discovery.

Written discovery permitted by FRCP 31,33, 34, and 36. Plaintiff reserves the opportunity to apply to the court for examination of documents and electronic equipment pursuant to FRCP 35.

### 4. Expert Disclosures.

Plaintiff suggests that expert disclosures be made within 60 days of the collection of documents following supplemental disclosures, 30 days for rebuttal expert disclosures and 30 days thereafter for expert depositions. That would be 150 to 180 days from the court's approval of a discovery plan for initial expert disclosures, 180 to 210 days for disclosure of rebuttal expert opinions and 210-240 days to conduct depositions of experts.

### 5. Close of Discovery.

Close of discovery to correspond with the last date for expert depositions. That would be 210 to 240 days from the date of the court's approval of a discovery plan.

### 6. Dispositive Motions.

Plaintiff suggests that dispositive motions be filed within 45 days of close of discovery.

## C. Defendant's Proposed Discovery Plan (Disputed)

### 1.Defendant's Initial Disclosures

Defendant will make initial disclosures on or before November 30, 2020.

### 2. Plaintiff's Records.

Defendant seeks releases/authorizations for records from Plaintiff's employers, the IRS, medical, psychological and/or counseling providers from June 2008 to December 31, 2010. Defendant proposes that Plaintiff provide these authorizations on or before November 30, 2020.

### 3. Supplemental Disclosures.

Defendant proposes that Plaintiff provide supplemental disclosures on or before November 30, 2020. Plaintiff identified 66 potential witnesses in her Initial Disclosures, several of which appear to be Plaintiff's family, friends and/or acquaintances but are listed generally as being "expected to testify the [sic] facts and circumstances surrounding the sexual assault that is subject of this lawsuit," and for which no contact information is provided. Defendant requests that Plaintiff provide supplemental disclosures to identify those witnesses that may have knowledge that is relevant and/or likely to lead to the discovery of relevant and/or admissible evidence probative of Plaintiff's mental state and capacity during the relevant time frame. Defendant further requests that Plaintiff provide current contact information for all such witnesses, as well as her medical providers, psychological and/or counseling providers, and employers and supervisors from June 2008 to December 31, 2010.

### 4. Close of Discovery.

Defendant proposes the close of discovery as June 30, 2021. Consistent with LR 26-1(b)(1), this date is 180 days from the date on which Plaintiff will provide supplemental disclosures and authorizations for the release of relevant records.

### 5. Depositions.

Defendant intends to take depositions of the following individuals regarding their knowledge of Plaintiff from June 2008 to December 31, 2010:

    a. Plaintiff Kathryn Mayorga

    b. Friends and family of Plaintiff as identified by Plaintiff as having knowledge regarding Plaintiff's behavior and mental capacity during the relevant timeframe.

    c. Plaintiff's medical providers during the relevant timeframe, including but not limited to her psychological and/or counseling providers.

    d. Plaintiff's employers and supervisors.

    e. Micaela Rustia Moore (formerly known as MicaelaTrammel and/or Micaela Wood) (Plaintiff's attorney during the mediation and settlement negotiations giving rise to this litigation).

f.  Joseph Bongiovi, Esq. (the mediator who conducted the mediation that lead to the SCA at issue in this litigation).

g.  Norton A. Roitman, M.D.

h.  Tammie S. Roitman, EDS, CCHT

i.  Nancy Sargent Hunterton, MFT

j.  Jane Heenan, MS, MFT

k.  Any expert witnesses to be disclosed by Plaintiff

l.  Any other witnesses later identified that may possess knowledge relevant to Plaintiff's mental capacity during the relevant timeframe.

6.  **Written Discovery.**

Defendant intends to propound written discovery permitted by FRCP 31, 33, 34, and 36. Defendant reserves the right to seek an Order allowing a Rule 35 medical examination of Plaintiff.

7.  **Expert Disclosures.**

Consistent with FRCP 26(a)(2), Defendant proposes that initial expert disclosures be made on or before March 30, 2021, with rebuttal expert disclosures due on or before April 30, 2021.

8.  **Dispositive Motions.**

Pursuant to LR 26-1(e)(4), Defendant proposes that dispositive motions be filed within 30 days of close the of discovery, that is, on or before July 30, 2021.

9.  **Trial Setting:**

Defendant requests that a bench trial as to the limited issue of Plaintiff's legal capacity to enter into the SCA be set at the Court's convenience, at a time not less than 60 days from this Court's ruling on any dispositive motions to be filed.

## IV
## ADDITIONAL CERTIFICATIONS

The Parties hereby certify as follows:

1. Alternative Dispute Resolution: Counsel for Plaintiff and Defendant have met and conferred about the possibility of using alternative dispute resolution processes including mediation, arbitration and if applicable, early neutral evaluation. The Parties further note Plaintiff has filed a notice of appeal with the Court of Appeals for the Ninth Circuit, resulting in the matter being referred to the Ninth Circuit Mediation Program.

2. Alternative Forms of Case Disposition: Counsel for Plaintiff and Defendant have considered consent to trial by a magistrate judge under 28 U.S.C. 636(c) and FRCP 73.

3. Electronic Evidence: Counsel for Plaintiff and Defendant discussed whether they intend to present evidence in electronic format at the time of trial and no stipulations have been reached as of this time.

## V

## SPECIAL SCHEDULING REVIEW REQUESTED

The Parties are unable to resolve the disputes identified above and therefore request a special scheduling review pursuant to LR 26-1 (a).

DATED This ___ day of November, 2020

STOVALL AND ASSOCIATES

_____
Leslie Mark Stovall, Esq.
Nevada Bar. No. 2566
2301 Palomino Lane
Las Vegas, NV 89107
*Attorney for Plaintiff*

DATED This ___ day of November, 2020

CHRISTIANSEN LAW OFFICES

_____
Peter S. Christiansen, Esq.
Nevada Bar No. 1656
810 S. Casinos Center Blvd., Suite 104
Las Vegas, NV 89101
*Attorneys for Defendant*