# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KATHERINE MAYORGA, | Case No. 2:19-cv-00168-JAD-DJA |
| Plaintiff, | |
| v. | **ORDER** |
| CRISTIANO RONALDO, | |
| Defendant. | |

This matter is before the Court on the parties' Proposed Discovery Plan and Scheduling Order (ECF No. 79), filed on November 24, 2020. The parties request special scheduling review as they were unable to agree on a number of issues including: Plaintiff's additional voluntary disclosures, the scope of discovery, supplemental disclosures, depositions, length of the discovery period, written discovery, and trial setting.

The Court notes that the caption on the parties' proposed plan is incorrect. Any future filings must include the correct Case No. of 2:19-cv-00168-JAD-DJA. The Court will now address each of the areas of dispute raised in the parties' proposed plan.

- Initial Disclosures: The Court will accept the parties proposed dates as Plaintiff already propounded her initial disclosures on October 26, 2019 and Defendant's initial disclosures were due by November 30, 2020.
- Supplemental Disclosures: The parties shall supplement their initial disclosures in compliance with Fed.R.Civ.P. 26(e) – including any witnesses they wish to disclose for trial. Plaintiff's proposed supplements of educational, medical, and employment records set forth in Section II.A. are approved. To the extent that Defendant seeks additional records from Plaintiff, he shall properly propound written discovery requesting such records. There is no specific time limit to be

set on the supplemental disclosure except as consistent with Rule 26(e) to be timely for trial.

- Scope of Discovery: The Court does not believe that the remaining issue in this case is complex given the limited scope of the bench trial. As such, it will only approve a 180 day discovery period to commence immediately. Further, consistent with the District Judge's Order (ECF No. 72), the Court does not find that the attorney-client privilege and work product privilege were waived and topics protected by those privileges will not be permitted to be pursued in written discovery or depositions. The District Judge has permitted Plaintiff's mental capacity challenge regarding her assent to the settlement agreement to proceed to a bench trial. As such, the scope of discovery is limited to that consistent with the District Judge's Order (ECF No. 72) in that it relates to plaintiff's mental-capacity defense – not what Defendant knew of her mental capacity, but whether she had the mental capacity to assent to the settlement agreement <u>at that time</u>. Indeed, the District Judge noted, "mental incapacity that affects the validity of a contract must be determined from the testimony and other evidence relevant to the surrounding circumstances when the transaction occurred, without regard to any previous or subsequent incompetency of the party." (ECF No. 72, p. 19, lns 2-4). That is the scope of discovery to be complied with at this point in the litigation.

- Depositions: After careful consideration of the circumstances of this case, the Court finds that depositions shall be conducted via remote means unless the parties otherwise agree to an in-person deposition. The Court expresses no position on the people identified for depositions by either party. They shall properly notice depositions in accordance with the Federal Rules of Civil Procedure and object and/or file a motion for protective order to the extent that they cannot agree on deposition topics.

- The Court declines to rule on the scope of the issues set for trial. That shall be set forth in the parties' proposed joint pretrial order and reserved for approval by the District Judge. Similarly, the trial date shall be proposed in the joint pretrial order consistent with the Local Rules format and the District Judge shall set the bench trial based on the availability in her calendar.

Finally, the Court understands that the parties met and conferred on this plan prior to submitting it to the Court, but it does not appear that they tried in good faith to reach an agreement on the disputed issues. Going forward the Court warns the parties that any discovery disputes that may be submitted for court intervention will be strictly scrutinized as to the efficacy and sufficiency of the meet and confer process.

IT IS THEREFORE ORDERED that the parties' Proposed Discovery Plan and Scheduling Order (ECF No. 79) is **granted in part and denied in part**.

IT IS FURTHER ORDERED that the following dates shall govern discovery - **with discovery to being immediately**:

- Discovery cutoff: June 1, 2021
- Amend pleadings and add parties: March 3, 2021
- Expert disclosures: April 2, 2020
- Rebuttal expert disclosures: May 3, 2021
- Dispositive motions: August 2, 2021
- Joint pretrial order: September 1, 2021

IT IS FURTHER ORDERED that any subsequent motion or stipulation to extend discovery deadlines subject to the discovery plan and schedule order must comply with LR 26-3 and set forth good cause or excusable neglect for the requested extension.

DATED: December 2, 2020.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE