# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

KATHERINE MAYORGA,

Plaintiff,

v.

CRISTIANO RONALDO,

Defendant.

Case No. 2:19-cv-00168-JAD-DJA

**ORDER**

This matter is before the Court on Defendant's Motion to Extend Time (ECF No. 90), filed on March 31, 2021. Plaintiff filed a Response (ECF No. 95) on April 14, 2021 and Defendant filed a Reply (ECF No. 97) on April 21, 2021. This matter is also before the Court on Defendant's Motion for Protective Order (ECF No. 92) and Sealed Document (ECF No. 93), filed on April 2, 2021. Plaintiff filed a Response (ECF No. 96) on April 15, 2021 and Defendant filed a Reply (ECF No. 98) on April 22, 2021. The Court finds these matters appropriately resolved without a hearing. LR 78-1.

**I.     BACKGROUND**

Defendant seeks an extension of the discovery deadlines for 90 days because Plaintiff has delayed receipt of the remaining discovery by failing to timely provide authorizations and engaging in a Ninth Circuit appeal, which she later voluntarily dismissed. It bears noting that Plaintiff's Response is 88 pages which is excessive for this simple issue. In general, Plaintiff claims that Defendant has failed to make timely disclosures and the delay in conducting discovery is completely Defendant's fault. Defendant replies that since the filing of his Motion to Extend, Plaintiff has provided additional authorizations which should advance discovery. However, discovery requests to Plaintiff's prior counsel have not been well received and the parties are

attempting to address that dispute. The parties are also working on scheduling depositions prior to the close of discovery.

Defendant also requests that the Court enter a protective order to govern the exchange of confidential discovery documents. He represents that Plaintiff's Counsel previously indicated agreement to a protective order, but is now refusing without any identifiable rationale. Defendant contends that a protective order is necessary because discovery documents to be exchanged concern attorney correspondence, medical information, and the confidential settlement agreement. Plaintiff responds noting that the Court previously ruled that a blanket sealing of this entire case is not supported at the time. She also contends that Defendant must establish a compelling reason to seal his initial disclosures. Defendant replies that the proper legal standard for a protective order is good cause. Further, the only issue left for the court to decide is Plaintiff's alleged incapacity to contract; all other issues were compelled to arbitration. To preserve the confidentiality of the confidential settlement agreement and arbitration process, Defendant contends that a protective order is necessary.

## II. DISCUSSION

Preliminarily, this is not the first time that the Court has instructed the parties to change the case caption and will reiterate that all future filings need to have the correct case number with the ending initials DJA.

With respect to Defendant's request for an extension of 90 days to the discovery deadlines, the Court finds good cause and excusable neglect supports granting it. The Court is mindful of resolving this case on the merits and will not deny Defendant this narrowly tailored opportunity to complete the discovery he contends is necessary for his defense. Defendant appears to have diligently attempted to complete the discovery but expended time on the Ninth Circuit appeal process that Plaintiff initiated, which has now been resolved. Further, it does not appear as though Plaintiff's Counsel took this Court's admonition to meet and confer very seriously. Plaintiff is clearly aware of the outstanding discovery but is laser focused on expanding the scope of this case. The Court again reminds Plaintiff's Counsel that it expects a good faith meet and confer on all discovery disputes to avoid wasting valuable court resources on

1  issues that can be resolved via stipulation.  Plaintiff did not articulate any prejudice that would
2  result to her for a mere 90 day extension and the Court cannot find any given that the trial date
3  has not been set and discovery efforts by both sides are still ongoing.

4  As for Defendant's request for a protective order, the Court likewise finds it to be
5  meritorious.  Fed.R.Civ.P. 26(b)(1) provides for broad and liberal discovery.  "Parties may obtain
6  discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." *Id.*
7  However, a court may limit discovery via Rule 26(c), which permits the court to issue a
8  protective order to protect a party or person from annoyance, embarrassment, oppression, or
9  undue burden or expense when the party establishes good cause.  For good cause to exist, the
10 party seeking protection bears the burden of showing specific prejudice or harm will result if no
11 protective order is granted.  *See Beckman Indus., Inc., v. Int'l. Ins. Co.*, 966 F.2d 470, 476 (9th
12 Cir. 1992).

13 Rule 26(c) requires more than "broad allegations of harm, unsubstantiated by specific
14 examples or articulated reasoning."  *Id*; *see also Foltz v. State Farm*, 331 F.3d 1122, 1130 (9th
15 Cir. 2003) (*citing San Jose Mercury News, Inc., v. District Court*, 187 F.3d 1096, 1102 (9th Cir.
16 1999) (holding that the party must make a particularized showing of good cause)).  The Supreme
17 Court has interpreted the language of Rule 26(c) as conferring "broad discretion on the trial court
18 to decide when a protective order is appropriate and what degree of protection is required."
19 *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).  Additionally, the Supreme Court has
20 acknowledged that the "trial court is in the best position to weigh fairly the competing needs and
21 interests of the parties affected by discovery.  The unique character of the discovery process
22 requires that the trial court have substantial latitude to fashion protective orders." *Id.*

23 This matter centers around a Settlement and Confidentiality Agreement ("SCA") that
24 contains a confidentiality provision.  Plaintiff's position that a protective order governing the
25 exchange of discovery documents is not needed is not substantially justified given the nature of
26 this case.  Rather, she appears to confuse the sealing standard with a protective order governing
27 discovery documents.  As Defendant highlights, the Court has already granted sealing requests of
28 confidential communications with counsel and the SCA.  Moreover, the bench trial before the

District Judge focuses on Plaintiff's mental capacity, which naturally involves discovery into her medical records. The Court finds good cause to enter a protective order such that the parties can exchange such discovery materials without fear of disclosure. It is not making any ruling on future sealing requests and does not find imposing a protective order to prejudice Plaintiff in any way.

### III. CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion to Extend Time (ECF No. 90) is **granted**.

IT IS FURTHER ORDERED that the following dates shall govern discovery:

Discovery cutoff: August 31, 2021

Amend pleading and add parties: closed

Expert disclosures: July 1, 2021

Rebuttal expert disclosures: August 2, 2021

Dispositive motions: November 1, 2021

Joint pretrial order: December 1, 2021

IT IS FURTHER ORDERED that Defendant's Motion for Protective Order (ECF No. 92) is **granted**.

IT IS FURTHER ORDERED that Defendant shall filed the proposed protective order (Exhibit A) with the Court for approval within seven days.

DATED: April 28, 2021.

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE