PETER S. CHRISTIANSEN, ESQ.
Nevada Bar No. 005254
pete@christiansenlaw.com
KENDELEE L. WORKS, ESQ.
Nevada Bar No. 9611
kworks@christiansenlaw.com
KEELY A. PERDUE, ESQ.
Nevada Bar No. 13931
keely@christiansenlaw.com
CHRISTIANSEN TRIAL LAWYERS
710 S. 7th Street
Las Vegas, Nevada 89101
Telephone:    (702) 240-7979
Facsimile:    (866) 412-6992
*Attorneys for Defendant Cristiano Ronaldo*

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| KATHRYN MAYORGA,<br><br>            Plaintiff,<br><br>vs.<br><br>CRISTIANO RONALDO,<br><br>            Defendant. | Case No. 2:19-cv-00168-JAD-DJA<br><br>**ORDER FOR CONFIDENTIALITY AND PROTECTIVE ORDER** |

       With regard to materials disclosed in the course of the above-captioned lawsuit ("Lawsuit"), which constitute or contain trade secrets or other confidential research, development, commercial information, or other information and documents which may be subject to confidentiality limitations on disclosure due to federal law, state laws, privacy rights, and/or prior agreements of the parties ("Confidential Material"), the Court hereby orders the following procedures shall govern:

       1.    This Order is meant to encompass all forms of disclosure which may contain Confidential Material, including any document, pleading, motion, exhibit, declaration, affidavit, deposition transcript, inspection and all other tangible items (electronic media, photographs, videocassettes, etc.) concerning trade secrets, confidential research, development or commercial information in which the producing party has a protected proprietary interest, or other information

and documents which may be subject to confidentiality limitations on disclosure due to federal law, state laws, privacy rights, and/or prior agreements of the parties.

2.   The parties may designate any Confidential Material produced or filed in this Lawsuit as confidential and subject to the terms of this Order by marking such material "Confidential." Any material designated as "Confidential" shall not be disclosed to any person or entity, except to parties, counsel for the respective parties, and expert witnesses assisting counsel in this Lawsuit. This designation must be made in good faith as this agreement is not intended to be a blanket order of confidentiality for all information disclosed in this case.

3.   Any material designated as confidential pursuant to Paragraph 2 above shall be used solely for the purposes of this Lawsuit.

4.   Prior to disclosure of Confidential Material, each person to whom disclosure is to be made shall execute a written "Confidentiality Agreement" (in the form attached hereto as Exhibit "A" consenting to be bound by the terms of this Order. The parties and counsel for the respective parties (including legal assistants and other personnel) are deemed to be bound by this Order and are not required to execute a Confidentiality Agreement.

5.   Only counsel of record in this Lawsuit shall be permitted to disseminate Confidential Material. Upon dissemination of any Confidential Material, each non-designating counsel of record in this Lawsuit shall maintain a written record as to: (1) the identity of any person given Confidential Material, and (2) the identity of the Confidential Material so disseminated (such as by "Bates stamp" number). Such record shall be made available to the designating party upon request.

6.   If additional persons become parties to this Lawsuit, they shall not have access to any Confidential Material until they execute and file with the Court their written agreement to be bound by the terms of this Order.

7.   In the event that any question is asked at a deposition that calls for the disclosure of Confidential Material, the witness shall answer such question (unless otherwise instructed not to do so on grounds of privilege) provided that the only persons in attendance at the deposition, including court reporters and deposition officers, are persons who are qualified to receive such

information pursuant to this Order. Deposition testimony may be designated as confidential following the testimony having been given provided that: (1) such testimony is identified and designated on the record at the deposition, or (2) non-designating counsel is notified of the designation by page and line number in writing within thirty days after receipt by the designating party of the respective deposition transcript. All deposition transcripts in their entirety shall be treated in the interim as "Confidential" pursuant to Paragraph 2 above. When Confidential Material is incorporated in a deposition transcript, the party designating such information confidential shall make arrangements with the court reporter not to disclose any information except in accordance with the terms of this Order.

8. If a deponent refuses to execute a Confidentiality Agreement, disclosure of Confidential Material during the deposition shall not constitute a waiver of confidentiality. Under such circumstances, the witness shall sign the original deposition transcript in the presence of a court reporter and no copy of the transcript or exhibits shall be given to the deponent. This paragraph does not limit the parties' ability to provide the complete transcript/record and exhibits to persons set forth in Paragraph 4.

9. With respect to any communications to the Court, including any pleadings or motions or other papers, all documents containing Confidential Material shall be filed under seal and/or communicated to the Court in a sealed envelope or other appropriate sealed container on which shall be written the caption of this Lawsuit, an indication of the nature of the contents of the sealed envelope or container, and the words **"CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER."** All communications shall indicate clearly which portions are designated to be "Confidential." Any communications containing Confidential Material shall be returned to the submitting party upon termination of this Lawsuit (whether by dismissal or final judgment).

10. The Clerk of this Court is directed to maintain all communications received by the Court pursuant to paragraph 9 above under seal. All such communications shall be maintained in the Court's file in a sealed envelope or other appropriate sealed container on which shall be written the caption of this Lawsuit, an indication of the nature of the contents of the sealed

1  envelope or container, and the following statement: "Enclosed are confidential materials filed in
2  this case pursuant to a Protective Order entered by the Court and the contents shall not be
3  examined except pursuant to further order of the Court."

4      11.    If a non-designating party is subpoenaed or ordered to produce Confidential
5  Material by another court or administrative agency, such party shall promptly notify the
6  designating party in writing of the pending subpoena or order and shall not produce any
7  Confidential Material until the designating party has had reasonable time to object or otherwise
8  take appropriate steps to protect such Confidential Material.

9      12.    If a party believes that any Confidential Material does not contain confidential
10 information, it may contest the applicability of this Order to such information by notifying the
11 designating party's counsel in writing and identifying the information contested within fourteen
12 (14) calendar days from the date of its production. The parties shall meet and confer and attempt
13 to resolve the issue. If the dispute is not resolved after such efforts, the party seeking the protection
14 may file a motion for a protective order with respect to the contested information. Information
15 that is subject to a dispute as to whether it is properly designated shall be treated as designated in
16 accordance with the provisions of this Order until the Court issues a ruling upon the filing of a
17 motion for protective order.

18     13.    Inadvertent failure to designate any material "Confidential" shall not constitute
19 waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of
20 confidentiality is asserted within fourteen (14) calendar days after discovery of the inadvertent
21 failure. At such time, arrangements shall be made by the parties to designate the material
22 "Confidential" in accordance with this Order.

23     14.    This Order shall be without prejudice to the right of any party to oppose production
24 of any information or object to its admissibility into evidence.

25     15.    When any counsel of record in this Lawsuit or any attorney who has executed this
26 Confidentiality Agreement becomes aware of any violation of this Order, or of facts constituting
27 good cause to believe that a violation of this Order may have occurred, such attorney shall report
28 that there may have been a violation of this Order to the Court and all counsel of record.



1  16. Within thirty (30) calendar days after the termination of this Lawsuit (whether by dismissal or final judgment), all Confidential Material (including all copies) shall be returned to counsel for the designating party or destroyed. Counsel returning or destroying such material shall execute an affidavit verifying that all Confidential Material produced to such counsel and any subsequently made copies are being returned in their entirety pursuant to the terms of this Order or destroyed. Such representation fully contemplates returning or destroying counsel has: (1) contacted all persons to whom that counsel disseminated Confidential Material, and (2) confirmed that all such material has been returned to designating counsel or destroyed.

17. After the termination of this Lawsuit, the provisions of this Order shall continue to be binding and this Court shall retain jurisdiction over the parties and any other person who has access to the documents and information produced pursuant to this Order for the sole purpose of enforcement of its provisions.

18. This Order does not limit any persons or entities' ability to be present during trial, including media, if media requests permission from the presiding Judge or Chief Judge. The parties reserve their right to object at the time of trial.

DATED this 29th day of April 2021.

_____
UNITED STATES MAGISTRATE JUDGE

Respectfully Submitted By:

CHRISTIANSEN TRIAL LAWYERS

   /s/ Keely A. Perdue, Esq.
PETER S. CHRISTIANSEN, ESQ.
Nevada Bar No. 5254
KENDELEE L. WORKS, ESQ.
Nevada Bar No. 9611
KEELY A. PERDUE, ESQ.
Nevada Bar No. 13931
710 S. 7th Street, Suite B
Las Vegas, Nevada 89101
*Attorneys for Defendant Cristiano Ronaldo*

**EXHIBIT A**

**CERTIFICATION REGARDING CONFIDENTIAL DISCOVERY MATERIALS**

I hereby acknowledge that I, _____[NAME], am about to receive Confidential Materials supplied in connection with the Lawsuit, Case No. 2:19-cv-00168-JAD-DJA. I certify that I understand that the Confidential Materials are provided to me subject to the terms and restrictions of the Order for Confidentiality and Protective Order ("OCPO") filed in this Lawsuit. I have been given a copy of the OCPO; I have read it, and I agree to be bound by its terms. I understand that Confidential Materials, as defined in the OCPO, including any notes or other records that may be made regarding any such materials, shall not be disclosed or disseminated to anyone except as expressly permitted by the OCPO. I will not copy or use, except solely for the purposes of this Lawsuit, any Confidential Materials obtained pursuant to this OCPO, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Confidential Materials provided to me in the Lawsuit in a secure manner, and that all copies of such materials are to remain in my personal custody until termination of my participation in this Lawsuit, whereupon the copies of such materials will be returned to counsel who provided me with such materials.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed this _____ day of _____ , 2021.

_____

_____
Title

_____
Address

_____
City, State, Zip