# Exhibit "C"

# Exhibit "C"



PETER S. CHRISTIANSEN, ESQ.
Nevada Bar No. 005254
pete@christiansenlaw.com
KENDELEE L. WORKS, ESQ.
Nevada Bar No. 9611
kworks@christiansenlaw.com
KEELY A. PERDUE, ESQ.
Nevada Bar No. 13931
keely@christiansenlaw.com
CHRISTIANSEN TRIAL LAWYERS
710 S. 7th Street
Las Vegas, Nevada 89101
Telephone:    (702) 240-7979
Facsimile:    (866) 412-6992

*Attorneys for Defendant Cristiano Ronaldo*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| KATHRYN MAYORGA, | CASE NO.:   2:19-cv-00168-JAD-DJA |
|---|---|
| Plaintiff, | |
| v. | |
| CRISTIANO RONALDO, | |
| Defendant. | |

**DECLARATION OF KENDELEE L. WORKS, ESQ.
IN SUPPORT OF EMERGENCY MOTION FOR CASE TERMINATION SANCTIONS
AND TO DISQUALIFY STOVALL & ASSOCIATES**

I, KENDELEE L. WORKS, ESQ., declare and state as follows:

1. I am an attorney licensed to practice law in the State of Nevada and am counsel for Defendant Cristiano Ronaldo. I am admitted to practice in the United States District Court, District of Nevada.

2. I make this declaration based on my own personal knowledge of the case and, if called as a witness, could competently testify thereto.

3. Pursuant to LR IA 1-3(f)/LR 26-6, after exchanging multiple emails and/or letters, the parties met and conferred telephonically on May 17, 2021, but as set-forth in greater detail

herein, were unable to resolve issues related to Plaintiff's use of stolen and protected data referred to in this litigation as the "Football Leaks" documents.

4. On May 26, 2021, I emailed Plaintiff's counsel seeking a follow up meet and confer in an attempt to avoid having to file the instant motion on an emergency and expedited basis. In particular, I inquired as to whether Defendant would stipulate to continue discovery in order to allow the instant Motion to be resolved in the ordinary course. I further advised Plaintiff's counsel that given Mr. Stovall's May 25, 2021, correspondence coupled with Plaintiff's failure to disclose to Defendant documents identified as CR-000926-CR-001510, Defendant would be moving for case terminating sanctions and to disqualify Stovall & Associates from representing Plaintiff.

5. I communicated with an assistant for Stovall & Associates on May 27, 2021 and was informed Mr. Stovall was in a deposition in the morning but would be available for a call at 2:30 p.m. that afternoon. At approximately 2:19 p.m., I received a message stating Mr. Stovall was taking longer than expected and the assistant had not spoken to him. I requested that his assistant provide him with my cell phone number and reiterated it was important we speak that day. The assistant further noted Mr. Stovall would be out for the holiday weekend from Friday, May 28 through May 31, 2021, and that she would send him my cell number. At 3:32 p.m., I sent an email recapping the foregoing timeline and informing Mr. Stovall, and his associate, Ross Moynihan that Defendant would file the aforementioned motion on an emergency and expedited basis at 5:30 p.m., unless we were able to confer and agree to continue the pending discovery deadlines. As of the time of filing this motion, I have received no calls from Mr. Stovall, nor any written response to my May 26, 2021 and May 27, 2021 email correspondence. A true and correct copy of that email string is attached to this Declaration as Exhibit C-1.

6. The parties are currently engaged in discovery relevant to the issue of Plaintiff's capacity to enter the underlying settlement agreement at issue in this case. The deposition of Joseph Bongiovi, (the mediator when the parties reached the subject settlement agreement) is scheduled to proceed on June 23, 2021, at 9:00 a.m., based on the mutual agreement of the parties and Mr. Bongiovi's counsel. Likewise, Mr. Bongiovi's office manager and wife, Kathy Bongiovi,

is scheduled to be deposed on June 23, 2021 at 3:00 p.m.  The depositions of Plaintiff's therapists have been subpoenaed for the following days on June 24 and 25, 2021. Plaintiff's deposition is also currently noticed for June 28, 2021.

7. Because the initial expert disclosure is July 2, 2021, the aforementioned depositions cannot reasonably be continued in order to allow this Court to rule in the ordinary course. *Id.* Accordingly, good cause exists to resolve these issues on an emergency, expedited basis.

8. Based on communications between counsel, Defendant reasonably anticipates Plaintiff, through her counsel, will attempt to question witnesses regarding information learned during the review of privileged communications as well as regarding stolen documents Plaintiff obtained pre-litigation from third party sources but never disclosed to Defendant in this case. Defendant also anticipates Plaintiff's responses during deposition will be reliant upon and/or incorporate or reference the aforementioned stolen and protected documents.  If these depositions are to proceed absent a ruling on the instant motion, Defendant will suffer further undue prejudice.

9. Defendant hand delivered his Second Supplemental Disclosure of Documents to Mr. Stovall's office on April 30, 2021.  Within those confidential disclosures was the investigative file produced by the Las Vegas Metropolitan Police Department ("LVMPD") on April 22, 2021. Included within the LVMPD file are documents bates numbered as CR- 000926 – CR-001510, which appear to have been obtained from an anonymous source identified as "Football Leaks." To the best of my knowledge and belief, Plaintiff has never disclosed to Defendant the documents identified as CR-001188-CR-001510, which are substantially comprised of documents labeled attorney-client communications or work product, and/or readily apparent as such.

10. During the course of communications regarding the rescheduling of the Bongiovi depositions, counsel for Defendant learned Stovall still intends to use at least portions of the Football Leaks documents during such depositions.  Because Stovall has continually insisted that Defendant's knowledge of the Plaintiff's mental state, if any, and that of his lawyers and agents, is relevant to the issue of capacity, Defendant requested a meet and confer on the issue to ascertain the manner in which Plaintiff intended to utilize such documents.

3

11. Although I requested that our meet and confer be conducted in the presence of a court reporter so that there would be an official record of the conversation, Mr. Stovall refused.

12. Mr. Stovall and I subsequently met and conferred without the presence of a court reporter. Attorney Keely Perdue from my office was also present during the meet and confer. During that May 17, 2021 conversation, Mr. Stovall agreed the Football Leaks documents contain communications between Defendant and/or Defendant's lawyers, which "arguably" fall within the attorney-client privilege. Mr. Stovall indicated he did not intend to use as deposition exhibits, the attorney-client communications that have been stricken. However, Mr. Stovall informed me he believes the other Football Leaks documents are fair game despite that I pointed out the Football Leaks documents were stolen and obtained from a cyber hacker, could never be authenticated and have been stricken from the record and sealed by this Court. Stovall asserted that despite the Court's order granting the entirety of Defendant's Motion to Strike, Plaintiff did not view the Court's order as having stricken all of the Football Leaks documents. At no time during the meet and confer did Stovall disclose that he had obtained additional documents from Football Leaks, which Plaintiff apparently provided to LVMPD, but which Stovall has never provided to Defendant.

13. On May 25, 2021, I received correspondence from Mr. Stovall, which he asserts memorialized the discussions we had during our meet and confer. In his letter, Mr. Stovall addressed in relevant part, the "Use of Privileged Documents During Discovery," and the "Use of Stolen Football Leaks Documents During Discovery." Although Stovall stated he agrees the "attorney client privilege applies to the communications between the defendant and his attorneys and communications between the defendant's attorneys, he reiterated his belief the "attorney-client privilege does not extend to communications or documents exchanged between the defendant or defendant's attorneys and the mediator, the defendant or defendant's attorney and the plaintiff's attorney, or the plaintiff's attorney and the mediator."

14. Stovall went on to dispute whether the Football Leaks documents were "stolen," indicating in pertinent part, "It is not known how or when the documents identified in this case as 'Football Leak' [sic] documents were originally obtained… What is known about these

documents…is that they were obtained by an internet query by plaintiff's counsel." Stovall concluded by asserting, "…whether the documents identified in this were stolen or not, ignores the issues material to this case."

15. In short, Stovall has agreed to not use as exhibits, certain attorney-client privileged communications he specifically sought from a third party identified as "Football Leaks" prior to this litigation, but he has not indicated he will forego using any knowledge gained from his extensive review of those documents. Moreover, Plaintiff affirmatively intends to conduct discovery regarding what Stovall refers to as the "non-privileged communications" contained within the Football Leaks documents.

16. Following the May 25, 2021 correspondence further affirming Plaintiff's continued use of stolen and privileged materials to prosecute her claims, Defense Counsel informed Plaintiff's counsel that Defendant intended to file the instant motion seeking case terminating sanctions and to disqualify Stovall & Associates from continuing to represent Plaintiff in this matter.

17. This motion and request that it be heard on an emergency basis is brought in good faith and not for the purposes of delay or to unduly multiple these proceedings.

18. Attached as Exhibit A to the instant Motion is a true and accurate copy of the state court complaint Plaintiff filed with the Eighth Judicial District Court on September 27, 2018.

19. Attached as Exhibit B to the instant Motion is a true and accurate copy of correspondence from Leslie Stovall, Esq., to Peter S. Christiansen, Esq., which is dated Oct. 23, 2013.  However, the reference to 2013 is apparently a typo on the part of the author because the letter was received by my office in October 2018.

20. Attached as Exhibit D to the instant Motion is a true and accurate copy of the relevant portions of Plaintiff's initial disclosure of Documents in this case.

21. To the best of my knowledge and belief, Plaintiff has not served any supplemental disclosure of documents or witnesses to date in this case.

22. Attached as Exhibit E to the instant Motion is a true and accurate copy of email correspondence from Peter S. Christiansen, Esq., to Leslie Stovall, which is dated September 24, 2019.

23. Attached as Exhibit F to the instant Motion is a true and accurate copy of a November 23, 2020 email string including a message I sent to Mr. Stovall, along with his office's response.

24. Attached as Exhibit G to the instant Motion is a true and accurate copy of a stipulation dated December 30, 2020, which was electronically signed by both parties and filed to dismiss Plaintiff's Ninth Circuit appeal of certain orders in this case.

25. Attached as Exhibit H to the instant Motion is a true and accurate copy of an amended stipulation dated January 13, 2021, which was electronically signed by both parties and filed to dismiss Plaintiff's Ninth Circuit appeal of certain orders in this case.

26. Attached as Exhibit I to the instant Motion is a true and accurate copy of a February 2, 2021 letter from Plaintiff's counsel, Ross Moynihan and addressed to me.

27. Attached as Exhibit J to the instant Motion is a true and accurate copy of an email string of correspondence between Plaintiff's counsel, Ross Moynihan and myself, dated February 9 and 12, 2021.

28. Attached as Exhibit K to the instant Motion is a true and accurate copy of correspondence I sent to Plaintiff's counsel on February 18, 2021.

29. Attached as Exhibit L to the instant Motion are true and accurate copy of emails I sent to Plaintiff's counsel on March 19, 2021.

30. Attached as Exhibit M to the instant Motion is a true and accurate copy of an email I sent to Plaintiff's counsel on March 29, 2021.

31. Attached as Exhibit N to the instant Motion is a true and accurate copy of an email I received from Mr. Stovall on March 29, 2021.

32. Attached as Exhibit O to the instant Motion is a true and accurate copy of an email I received from Mr. Stovall on May 3, 2021.

33. Attached as Exhibit P to the instant Motion are true and accurate copies of the relevant portions of the investigative file received pursuant to a subpoena served on the Las Vegas Metropolitan Police Department, which were produced in Defendant's Second Supplemental Disclosure of Documents and identified as Bates Nos. CR-000689-706, 870, 885 and 925-1510.

34. Attached as Exhibit Q to the instant Motion is a true and accurate copy of an article published online by Der Speigel.

35. Attached as Exhibit R to the instant Motion is a true and accurate copies of emails my office sent to Plaintiff's counsel requesting a meet and confer regarding use of the Football Leaks documents, the Mayorga's assertions of the attorney-client privilege and return of the settlement payment per the underlying agreement.

36. Attached as Exhibit S to the instant Motion is a true and accurate copy of the transcript of the non-appearance deposition of Michaela Tramel.

37. Attached as Exhibit T to the instant Motion is a true and accurate copy of an email I sent to Plaintiff's counsel on May 23, 2021.,

38. Attached as Exhibit U to the instant Motion is a true and accurate copy of a letter I received from Mr. Stovall, which is dated May 25, 2021.

39. Attached as Exhibit V to the instant Motion is a true and accurate copy of the expert Declaration of Janeen Isaacson, Esq.

40. Attached as Exhibit W to the instant Motion is a true and accurate copy of the Declaration of Carlos Osorio De Castro.

41. Attached as Exhibit X to the instant Motion are true and accurate copies of certified translations of motions and orders issued in courts in Germany and Portugal, respectively, related to injunctive relief sought on behalf of Defendant in order to prevent further dissemination of documents believed to be stolen and then published by Der Spiegel.

/ / /

/ / /

/ / /

42. I declare under penalty of perjury under the laws of the United States and the State of Nevada that the foregoing is true and correct.

Executed this 27th day of May, 2021.

_____
KENDELEE L. WORKS, ESQ.