PETER S. CHRISTIANSEN, ESQ.
Nevada Bar No. 5254
pete@christiansenlaw.com
KENDELEE L. WORKS, ESQ.
Nevada Bar No. 9611
kworks@christiansenlaw.com
KEELY A. PERDUE, ESQ.
Nevada Bar No. 13931
keely@christiansenlaw.com
CHRISTIANSEN TRIAL LAWYERS
710 S. 7th Street
Las Vegas, Nevada 89101
Telephone:   (702) 240-7979
Facsimile:    (866) 412-6992
*Attorneys for Defendant Cristiano Ronaldo*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KATHRYN MAYORGA,<br><br>                     Plaintiff,<br><br>v.<br><br>CRISTIANO RONALDO,<br><br>                     Defendant. | CASE NO.:   2:19-cv-00168-JAD-DJA<br><br>**DEFENDANT'S COMBINED OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND TIME TO RESPOND TO DEFENDANT'S MOTION FOR TERMINATING SANCTIONS AND TO PLAINTIFF'S MOTION TO EXTEND TIME TO RESPOND TO DEFENDANT'S MOTION TO SEAL** |

Pursuant to FRCP 6(b), Defendant Cristiano Ronaldo opposes Plaintiff's Motion to Extend Time to Respond to Defendant's Motion for Terminating Sanctions [ECF No. 119] and Plaintiff's Motion to Extend Time to Respond to Defendant's Motion to Seal [ECF No. 118]. First, Plaintiff has failed to establish good cause for her request that she be afforded nearly eight weeks to oppose two motions for which the Federal Rules of Civil Procedure generally provide a two-week response time. Although a meet and confer is not technically required prior to the filing of a motion to extend time, Defendant's counsel specifically suggested the parties confer to discuss a more reasonable extension in an attempt to avoid having to seek court intervention. That request was ignored and instead, Plaintiff filed the instant motions to extend time. ECF Nos. 118 and 119; Exhibit 2 to ECF No. 119. Plaintiff has repeatedly failed to meet deadlines and time

and again, ignored this Court's admonitions to meaningfully confer with Defense counsel in order to avoid unnecessary motion practice. Defense Counsel certainly appreciates the scheduling challenges associated with maintaining a busy law and trial practice. However, because Plaintiff's request is not well founded and unreasonably excessive in length, it should be denied.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. RELEVANT FACTS AND PROCEDURAL HISTORY

On May 27, 2021, Defendant filed his Emergency Motion for Case Terminating Sanctions and to Disqualify Stovall & Associates (the "Sanctions Motion") because Plaintiff and/or her counsel intentionally obtained stolen, privileged and confidential documents and have continued to use those documents to prosecute her claims in this case. ECF No. 112. Defendant contemporaneously filed his Motion to Seal certain portions of the Sanctions Motion and Exhibits thereto because of the confidential nature of the documents at issue. ECF No. 113. Defendant asked this Court to hear the Sanctions Motion on an emergency basis because several depositions were scheduled to take place in the ensuing weeks, during which Defendant anticipated Plaintiff would continue to use such ill-gotten documents. This Court declined to hear the Motion on shortened time but stayed the subject depositions and initial expert disclosure deadline to allow the matter to be briefed and heard in the ordinary course. Plaintiff's Oppositions to both motions were due June 10, 2021. On June 9, 2021, Plaintiff's counsel emailed Defense Counsel requesting an extension of time such that her Oppositions would be due in "mid-July 2021." ECF No. 119 at Exhibit 2.

As the basis for Plaintiff's purported need for seven weeks to file oppositions, which in the ordinary course would be due in two weeks, counsel cited to his trial and vacation schedule and the need to review the lengthy exhibits attached to the Sanctions Motion. *Id.* In particular, Plaintiff's lead attorney, Leslie Stovall, was assisting his associate with preparing for a trial in the matter of set to begin on June 7, 2021, but which had settled on June 4, 2021 – six days prior to the deadline for Plaintiff's oppositions in this case. Mr. Stovall further indicated he had a family vacation scheduled for June 11 to June 21, 2021, which he stated had been booked prior to the

1  filing of Defendants' Motions [May 27, 2021]. *Id.*[1] Notably, the trial Mr. Stovall was preparing
2  for was set to last two weeks, that is from June 7, 2021 to June 18, 2021. *See ECF No. 115,*
3  Declaration of Ross Moynihan, Esq., at paragraph 8.[2] Apparently, Mr. Stovall booked his
4  vacation out of state during a week in which he anticipated being in trial.

5        In response to Plaintiff's request, Defense Counsel noted Plaintiff was requesting an
6  additional twenty-five days after returning from vacation to oppose the subject Motions, for a
7  total of seven weeks from the time the Motions had been filed. Defendant also pointed out the
8  exhibits attached to the Sanctions Motion were documents produced either by Plaintiff in this
9  case, or the Las Vegas Metropolitan Police Department ("LVMPD"). Indeed, on May 3, 2021,
10 when Plaintiff requested the deposition of mediator Joe Bongiovi be continued, her counsel cited
11 the need to review the LVMPD file in order to identify the documents to be used at the deposition.
12 *See* Email String attached hereto as Exhibit A. The LVMPD file was produced on April 30, 2021,
13 and consists largely of Plaintiff's own voluntary statements and the Football Leaks documents,
14 which she provided to law enforcement. *See* ECF No. 113 at Exhibit C. At a minimum, Plaintiff's
15 counsel had nearly a month to review the LVMPD file, which is the most voluminous exhibit to
16 the Sanctions Motion, followed by Plaintiff's own Rule 16.1 disclosures. *See generally id*.at
17 Exhibits C, D and P.

18       Given these circumstances, the length of extension Plaintiff requested was unreasonable
19 and not well-founded. Nevertheless, Defense Counsel indicated they would be happy to consider
20 a more reasonable time frame and suggested a meet and confer to that end. ECF No. 119 at
21 Exhibit 2. Plaintiff never responded to Defense Counsel's suggestion and instead filed the instant
22 Motion requesting an extension of time to July 20, 2021. Plaintiff is now requesting thirty-one
23 days from the end of counsel's vacation, which would ultimately mean Plaintiff would have had

---

[1] Plaintiff's Motion varies slightly, stating the family vacation is slightly shorter and scheduled for June 12 through June 19, 2021. ECF No. 119 at 3:14-16.

[2] Defendant had previously afforded Plaintiff with extensions of the time to respond to Defendant's discovery. On the due date, Plaintiff's counsel conferred with the Defense and stated the responses would be electronically served that evening. Without having sought any additional extensions or attempting to meet and confer, Plaintiff filed a motion for a thirty-day extension of the response deadlines. Only after Defense counsel expended time and resources to file a limited opposition, Plaintiff then served the responses on June 8, 2021.

nearly eight weeks to oppose the subject Motions. In the interim, several key depositions and the initial expert disclosure deadline have been stayed. However, all other deadlines stand.

Plaintiff's Motion for Extension is silent as to the impact it may have on outstanding discovery, but this Court will recall Plaintiff previously refused to agree to extend discovery despite having received several extensions of various other deadlines. Thus, Defendant was forced to file a motion to extend discovery, which this Court ultimately granted. ECF No. 99. Before filing the Sanctions Motion, Defendant requested that Plaintiff agree to extend discovery deadlines to allow the matter to be heard in the ordinary course and to avoid having to seek emergency relief from the Court. *See* Email Correspondence attached hereto as Exhibit B. True to form, Plaintiff's counsel ignored the request. Despite Plaintiff's repeated refusal to entertain any good faith compromise, Plaintiff now boldly requests that this Court afford her counsel forty additional days to oppose the two subject Motions.

## II.   LEGAL ARGUMENT

FRCP 6(b) requires Plaintiff to show good cause for the extension of time to oppose the subject Motions. Defendant was amenable to agreeing to a reasonable extension, but Plaintiff rejected that concession by ignoring Defense Counsel's suggestion and filing the instant motion. Such conduct is only the most recent example of Plaintiff ignoring this Court's repeated admonitions to work in good faith with opposing counsel to avoid having to seek court intervention. Plaintiff's litigation conduct in this case leaves behind a lengthy trail of wasted time and resources. To be clear, in more than two and half years of litigating this case, Plaintiff has not once timely opposed a single motion without obtaining one, or often times, more extensions. More than once, Plaintiff has sought extensions of the deadlines for opposing a motion or seeking review of an order, only to never file anything at all. *See* ECF No. 119 at pp. 5-6.

Here, Plaintiff fails to show good cause for counsel's purported need for nearly eight weeks from filing to oppose the subject Motions. Although counsel states he was preparing for trial, that case settled approximately six days before the original opposition deadlines. Moreover, Plaintiff's counsel apparently booked a vacation during the second week of the same trial that diverted his time and attention from being able to timely oppose the subject Motions. Plaintiff

4

fails to offer any explanation for the need to have more than 40 days from the end of his vacation to prepare the necessary oppositions.

Although Plaintiff's Motion to Extend makes reference to a trial set to begin on July 19, 2021, Plaintiff curiously asks the Court to give her until July 20, 2021 to file the opposition – a date on which counsel indicates he anticipates being in trial. Moreover, the exhibits attached to the Sanctions Motion, consist largely of documents Plaintiff has possessed for years but in any event, were disclosed in this litigation by April 30, 2021, at the latest. Thus, any concern over the time required to review such documents is at best, misplaced and at worst, disingenuous.

Lastly, despite refusing to extend discovery, Plaintiff fails entirely to address how the requested extension will impact the existing deadlines as well as those that have been stayed. Because Plaintiff has not shown good cause for the extension and ignores the effect on the existing scheduling orders, Plaintiff's Motions to Extend should be denied.

### III. CONCLUSION

In light of the foregoing, Defendant respectfully requests that this Court enter an order denying Plaintiff's Motion to Extend Time to Respond to Defendant's Motion for Terminating Sanctions [ECF No. 119] and Plaintiff's Motion to Extend Time to Respond to Defendant's Motion to Seal [ECF No. 118].

Dated this 24th day of June, 2021.

CHRISTIANSEN TRIAL LAWYERS

By_____
PETER S. CHRISTIANSEN, ESQ.
KENDELEE L. WORKS, ESQ.
KEELY A. PERDUE, ESQ.
*Attorneys for Defendant Cristiano Ronaldo*

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5 and LR-5.1, I certify that I am an employee of CHRISTIANSEN TRIAL LAWYERS, and that on this 24th day of June, 2021, I caused the foregoing document entitled ***DEFENDANT'S COMBINED OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND TIME TO RESPOND TO DEFENDANT'S MOTION FOR TERMINATING SANCTIONS AND TO PLAINTIFF'S MOTION TO EXTEND TIME TO RESPOND TO DEFENDANT'S MOTION TO SEAL*** to be filed and served via the Court's CM/ECF electronic filing system upon all registered parties and their counsel.

_____
An employee of Christiansen Trial Lawyers

# Exhibit "A"

Exhibit "A"

From: **Kendelee Works** kworks@christiansenlaw.com
Subject: Re: mayorga v ronaldo
Date: May 5, 2021 at 4:00 PM
To: Maria Hernandez maria@lesstovall.com
Cc: Peter S. Christiansen pete@christiansenlaw.com, James Silvestri jsilvestri@pyattsilvestri.com, Ross Moynihan ross@lesstovall.com, Les Stovall les@lesstovall.com, Keely Perdue keely@christiansenlaw.com, Jonathan Crain jcrain@christiansenlaw.com



Good Afternoon,

While we do not think these depositions can be taken off calendar with a notice to vacate because the Court signed off on the Stipulation and Order specifying the dates and times they are to go forward, we are willing to stipulate to continue the depositions to the first week in June (assuming the Bongiovis and Mr. Silvestri are also available during that time). The initial expert disclosure deadline is now July 1, and we want to have the Bongiovi depositions completed, followed sequentially by Jane Heneen, Nancy Hunterton and Tammie Roitman prior to that deadline.

Our office has little to no availability during the latter part of June and we understand Mr. Silvestri may also be in trial starting at the end of June. We are informed he has a trial set for May 24 as well but does not anticipate it will be going forward due to delays associated with the prior COVID shutdowns.

If everyone is amenable to the foregoing, we would ask that Mr. Stovall's office please prepare a stipulation to that end. Please let us know.

Thank you,
Kendelee

> On May 5, 2021, at 2:15 PM, Maria Hernandez <maria@lesstovall.com> wrote:
>
> Good Afternoon,
>
> Enclosed please find the notice of vacating the Bongiovi's depositions.
>
> Thank you
>
> # Maria Hernandez
> <image001.jpg>
> maria@lesstovall.com
> www.lesstovall.com
> **Stovall & Associates**
> 2301 Palomino Lane
> Las Vegas, NV 89107
> P: (702) 258-3034
> F: (702) 258-0093
>
> THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND/OR EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED
>
> **From:** Peter S. Christiansen <pete@christiansenlaw.com>
> **Sent:** Monday, May 3, 2021 1:01 PM
> **To:** Les Stovall <les@lesstovall.com>
> **Cc:** Kendelee Works <kworks@christiansenlaw.com>; James Silvestri <jsilvestri@pyattsilvestri.com>; Maria Hernandez <maria@lesstovall.com>; Moynihan Ross <ross@lesstovall.com>

**Subject:** Re: mayorga v ronaldo

Les-

It is our preference to finish these depositions as scheduled. If you need to shorten the time within which to provide Jim the documents, I have no objection to reducing it to 3 days. In the event you move the depositions, others would be necessarily rescheduled.

Let us know.

PSC

Peter S. Christiansen, Esq.
Christiansen Trial Lawyers
710 S. 7th St.
Las Vegas, NV 89101
Phone (702) 240-7979
Fax (866) 412-6992

This email is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and/or exempt from disclosure under applicable law. If the reader of this email is not the intended recipient, or the employee or agent responsible for delivering the email to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

> On May 3, 2021, at 11:31 AM, Les Stovall <les@lesstovall.com> wrote:
>
> I would like additional time to prepare for deposition of joe and Kathy Bongoivi. Further, I just received a number of documents from the defense which I am still reviewing and do not thik I can identify all documents for deposition 1 week prior as previously agreed.
>
> I would like to set out these depositions for about a month – Jim would you contact joe and his wife and see how that would work ? Pete and Kendelee let me know your position. Ty/lms

<2021.05.05 Notice of Vacting Deposition kathy Bongiovi to be reset for later date.pdf><2021.05.05 Notice Vacating Deposition of Joe Bongovi to be Reset for later.pdf>

# Exhibit "B"

# Exhibit "B"

**From:** Kendelee Works <kworks@christiansenlaw.com>
**Subject: Fwd: CR adv Mayorga: LVMPD file**
**Date:** May 27, 2021 at 3:32:11 PM PDT
**To:** Les Stovall <les@lesstovall.com>, Ross Moynihan <ross@lesstovall.com>
**Cc:** "Peter S. Christiansen" <pete@christiansenlaw.com>, Jonathan Crain <jcrain@christiansenlaw.com>, Keely Perdue <keely@christiansenlaw.com>

Les/Ross

It was my understanding that Les was available for the meet and confer today at 2:30 but has since been delayed.  I left my cell number with your office but have not yet heard from Les.  During my meet and confer yesterday with Ross regarding the request for an extension of the time to respond to our written discovery requests, I inquired as to whether he was familiar with the issues in the May 25 letter, which is referenced below.  He responded that he is not familiar with the issues.  Thus, I would need to speak with Les.

I am available anytime between now and 5 p.m. today.  I am informed you are out of the office tomorrow and will not return until Tuesday.  In light of that, my attempts to reach you regarding these issues, our May 17, 2021 meet and confer, and the timing of the upcoming depositions and discovery deadlines, if I have not heard from you, we will file our motion today at 5:30 and request that it be heard on an emergency basis.

Kendelee


Begin forwarded message:

**From:** Kendelee Works <kworks@christiansenlaw.com>
**Subject: Re: CR adv Mayorga: LVMPD file**
**Date:** May 26, 2021 at 6:04:55 PM PDT
**To:** Les Stovall <les@lesstovall.com>, Ross Moynihan <ross@lesstovall.com>, Maria Hernandez <maria@lesstovall.com>
**Cc:** "Peter S. Christiansen" <pete@christiansenlaw.com>, Keely Perdue <keely@christiansenlaw.com>, Jonathan Crain <jcrain@christiansenlaw.com>


Les,

We note you have not directly responded to the email below.  However, in light of your correspondence yesterday, it is evident that either Plaintiff and/or your office provided LVMPD with the documents identified as CR-000926-CR-001510.  The fact that documents CR-001188-CR-001510 have never been disclosed by Plaintiff in this litigation, coupled with

the additional representations contained in yesterday's letter, leaves Defendant no choice but to move for case terminating sanctions and your firm's disqualification from continuing to represent Plaintiff in this case.

If you will not agree to further extend discovery so that the Court may rule on this motion prior to the Bongiovi and Tramel depositions, we will be forced to file the motion for dismissal and disqualification on an emergency basis so that we may obtain a ruling before proceeding with the upcoming depositions.  Please let us know your position and when you are available for a meet and confer.  I can be available this evening or any time tomorrow at your convenience.

Thanks,
Kendelee


On May 23, 2021, at 11:26 AM, Kendelee Works <kworks@christiansenlaw.com> wrote:

Les/Ross,

Within the LVMPD file, which we obtained via subpoena, designated as "confidential" and then produced within our Second Supplemental Disclosure of Documents on April 30, 2021, there are what appear to be Football Leaks documents starting with Bates No CR-000926 through CR-001510.  With the exception of CR-001009 through CR- 001011, which is a letter from you to Sgt. Comiskey, can you please confirm that Documents CR-000926 through CR-001510, are documents you and/or Plaintiff (or anyone acting on her behalf), obtained from Football Leaks and provided to LVMPD?  Your response by close of business this Tuesday, May 25, 2021, is requested and would be appreciated.


Thank you,

Kendelee L. Works, Esq.,
Christiansen Trial Lawyers
710 S. 7th Street
Las Vegas, NV 89101
(702) 240-7979