

PETER S. CHRISTIANSEN, ESQ.
Nevada Bar No. 005254
pete@christiansenlaw.com
KENDELEE L. WORKS, ESQ.
Nevada Bar No. 9611
kworks@christiansenlaw.com
WHITNEY J. BARRETT, ESQ.
Nevada Bar No. 13662
wbarrett@christiansenlaw.com
CHRISTIANSEN TRIAL LAWYERS
710 S. 7th Street
Las Vegas, Nevada 89101
Telephone:   (702) 240-7979
Facsimile:    (866) 412-6992

*Attorneys for Defendant Cristiano Ronaldo*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| KATHRYN MAYORGA,<br><br>               Plaintiff,<br><br>v.<br><br>CRISTIANO RONALDO,<br><br>               Defendant. | CASE NO.:   2:19-cv-00168-JAD-DJA<br><br>**DEFENDANT CRISTIANO RONALDO'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO (i) FILE UNDER SEAL EXHIBITS D, P AND W TO DEFENDANT'S EMERGENCY MOTION FOR CASE TERMINATING SANCTIONS AND TO DISQUALIFY STOVALL & ASSOCIATES [ECF NO. 111]; AND (ii) REDACT A PORTION OF THE MOTION [ECF No. 113]** |

In the underlying Motion, Defendant Cristiano Ronaldo moved for an order permitting him to file under seal certain exhibits in support of his Emergency Motion for Case Terminating Sanctions and to Disqualify Stovall & Associates [ECF No. 111] and redact direct quotes of the subject exhibits within the brief. In response, Plaintiff attempts to convert Defendant's Motion into a request for reconsideration of this Court's prior Order [ECF No. 23] concerning Defendant's prior motion to seal the record in its entirety [ECF No. 11] and Order adopting the Magistrate Judge's recommendation striking Exhibits 4 and 5 accompanying Plaintiff's Opposition to Defendants' Motion to Compel Arbitration [ECF No. 44]. However, Defendant is not seeking reconsideration of either Order, as he is not seeking to seal the entire record. He is

merely requesting that certain exhibits containing confidential information and direct quotes from those exhibits be sealed. Defendant's request is narrowly tailored and is consistent with the Court's prior ruling that only certain confidential "documents themselves and direct quotes from any of them must be filed under seal" due to the parties' privacy interests. [ECF No. 23].

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**<u>ARGUMENT IN REPLY</u>**

Plaintiff asserts that Exhibits D (CR001009-CR001187) and P (CR000925-CR001008) at issue in the underlying Motion to Seal [ECF 113] were previously before the Court as Exhibits 4 and 5 in Plaintiff's Opposition to Defendants' Motion to Compel Arbitration [ECF No. 44]. [ECF No. 126, 3:21-26]. However, Exhibit P to Defendant's underlying Motion is the LVMPD investigative file, which contains 400 additional documents never disclosed by Plaintiff in this litigation and has never before been before this Court. While much of Exhibit P is duplicative of the attorney-client communications and work product documents that are the subject of this Court's prior orders, it was subpoenaed and produced by the Defendant in discovery as "Confidential" pursuant to the Order for Confidentiality and Protective Order. [ECF No. 101]. Plaintiff has never contested the designation, let alone within the fourteen (14) day period set forth in the Protective Order. [ECF No. 101, ¶ 12]. Defendant's request to submit Exhibit P under seal is consistent with the Protective Order directing that "all documents containing Confidential Material shall be filed under seal." [ECF No. 101, ¶ 9].

Exhibit D to Defendant's underlying Motion consists of the same documents attached as Exhibits 4 and 5 to Plaintiff's Opposition to Defendants' Motion to Compel Arbitration [ECF No. 44]. These documents were previously stricken by the Magistrate Judge, who found that the Defendant did not waive the protections afforded by the attorney client privilege or work product doctrine. [ECF No. 67, 8:26 – 9:1]. The District Judge then overruled the Plaintiff's objection to that Report and Recommendation, and adopted the Magistrate's recommendation that the documents be stricken from the record. [ECF No. 24, 24:2-12]. The Scheduling Order [ECF No. 80, 2:5-9], reiterated that the attorney client and work product privileges were not waived, and it

precludes the parties from pursuing the topics protected by those privileges in discovery. [ECF No. 126, 4:25 – 5:16].

Plaintiff asserts that each of the foregoing orders "left open the question of what specific documents or communications identified [as Exhibits 4 and 5] actually fell within the attorney client privilege," and that such documents have never been explicitly sealed by the Court. ECF No. 126, 6:1-20. To that end, Plaintiff attempts to convert Defendant's Motion to permit the filing of those documents under seal into one for reconsideration under LR 59-1.

Plaintiff's reliance on LR 59-1 is entirely misplaced, as Defendant is not seeking to seal the entire judicial record, nor is he seeking reconsideration of his prior motion to seal the record. Defendant is simply following the proper procedure set forth under LR IA 10-5, which provides, in pertinent part:

> (a) Unless otherwise permitted by statute, rule, or prior court order, papers filed with the court under seal must be accompanied by a motion for leave to file those documents under seal. If papers are filed under seal under prior court order, the papers must state on the first page, directly under the case number: "FILED UNDER SEAL UNDER COURT ORDER (ECF No. ___)." All papers filed under seal will remain sealed until the court either denies the motion to seal or enters an order unsealing them.

LR IA 10-5(a). [1]

Unlike Defendant's prior motions, which sought an order sealing the record in its entirety, or at a minimum, the briefings and exhibits concerning Defendant's motion to dismiss, Defendant's instant request is for an order sealing Exhibits D, P and W to Defendant's Motion for Case Terminating Sanctions and to Disqualify [ECF No. 112] and is narrowly tailored to only those documents that are confidential and the direct quotes to them within the briefing. *See* ECF No. 23.

---

[1] Notably, Plaintiff has filed a number of briefs in their entirety under seal without seeking leave and in disregard of this Court's prior ruling that only certain documents be sealed and direct quotes to those documents. [ECF No. 23]. Yet, Plaintiff opposes the Defendant's request that is procedurally proper and narrowly tailored to only those documents previously found to contain privileged information and direct quotations from same.

3

Defendant has met his burden of demonstrating compelling reasons to seal the confidential documents at issue, as they consist almost entirely of privileged attorney-client communications and/or attorney-work product. Although the public has a general right of access to judicial records, this right is not absolute. *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). In order to overcome the strong presumption of access, a party seeking to seal a judicial record must set forth compelling reasons sufficient to outweigh the public's interest in disclosure. *Id*. at 1178-79. The attorney-client privilege and work product doctrine constitute a compelling reason to justify sealing of a judicial record. *Hanson v. Wells Fargo Home Mortg., Inc.*, No. C13-0939JLR, 2013 WL 5674997, at *3 (W.D. Wash. Oct. 17, 2013)(citation omitted); *see also Asdale v. Int'l Game Tech.*, No. 3:04-cv-703-RAM, 2010 WL 2161930, at *5 (D. Nev. May 28, 2010)(accepting attorney-client privilege and the work-product doctrine as both good cause and a compelling reason to seal nondispositive and dispositive motions respectively); *JL Beverage Co., LLC v. Beam, Inc.*, No. 2:11-cv-00417-MMD-CWH, 2014 WL 5017862, at *3 (D. Nev. Oct. 7, 2014)(sealing portions of a motion and certain exhibits "to protect against disclosure of attorney-client privilege and attorney work-product information").

Here, Exhibits D and P to Defendant's Motion consist almost entirely of privileged attorney-client communications and/or attorney work product. Although these documents were cyber-hacked and the subject of third-party disclosures, there has been no waiver by the Defendant and the underlying privileges remain. Thus, he must be afforded the ongoing protections afforded to him by these privileges by way of a Court order precluding further public disclosure through this litigation.

Similarly, Exhibit W outlines the protections, safeguards and security measures of Defendant's legal counsel, Carlos Osorio De Castro, which are in place to prevent the disclosure of confidential and privileged information, including that which is at issue here. As has been established, the public has shown a great interest in the Defendant as well as the documents previously hacked from his Counsel. The public disclosure of the particulars surrounding the security measures in place would only result in the further jeopardization of privileged attorney-client information and work product, to which the public has no right of access.

## II.
## **CONCLUSION**

Based on the foregoing facts, law, and analysis, Defendant respectfully requests this Court seal Exhibits D, P and W to Defendant's Emergency Motion for Case Terminating Sanctions and to Disqualify Stovall & Associates [ECF No. 111].

Dated this 13th day of August, 2021.

CHRISTIANSEN TRIAL LAWYERS

By_____
PETER S. CHRISTIANSEN, ESQ.
KENDELEE L. WORKS, ESQ.
WHITNEY J. BARRETT, ESQ.
*Attorneys for Defendant Cristiano Ronaldo*



**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5 and LR-5.1, I certify that I am an employee of CHRISTIANSEN TRIAL LAWYERS, and that on this 13th day of August, 2021, I caused the foregoing document entitled **DEFENDANT CRISTIANO RONALDO'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO (i) FILE UNDER SEAL EXHIBITS D, P AND W TO DEFENDANT'S EMERGENCY MOTION FOR CASE TERMINATING SANCTIONS AND TO DISQUALIFY STOVALL & ASSOCIATES [ECF NO. 111]; AND (ii) REDACT A PORTION OF THE MOTION** to be filed and served via the Court's CM/ECF electronic filing system upon all registered parties and their counsel.

_____
An employee of Christiansen Trial Lawyers