PETER S. CHRISTIANSEN, ESQ.
Nevada Bar No. 5254
pete@christiansenlaw.com
KENDELEE L. WORKS, ESQ.
Nevada Bar No. 9611
kworks@christiansenlaw.com
KEELY A. PERDUE, ESQ.
Nevada Bar No. 13931
keely@christiansenlaw.com
CHRISTIANSEN TRIAL LAWYERS
710 S. 7th Street, Suite B
Las Vegas, Nevada 89101
Telephone: (702) 240-7979
Facsimile: (866) 412-6992

*Attorneys for Defendant Cristiano Ronaldo*

CHRISTIANSEN TRIAL LAWYERS

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

KATHRYN MAYORGA,

Plaintiff,

v.

CRISTIANO RONALDO,

Defendant.

CASE NO.: 2:19-cv-00168-JAD-DJA

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR *IN CAMERA* REVIEW OF THE FOOTBALL LEAKS DOCUMENTS TO DETERMINE WHETHER THE CRIME/FRAUD EXCEPTION APPLIES [ECF NO. 124]**

Defendant Cristiano Ronaldo, through his attorneys, Christiansen Trial Lawyers, hereby Opposes Plaintiff's Motion for *In Camera* Review of the Football Leaks Documents to Determine Whether the Crime/Fraud Exception Applies [ECF No. 124]. Nearly two and half years into this litigation, Plaintiff for the first time contends the court needs to conduct an *in-camera* inspection of the Football Leaks documents to ascertain 1) whether they are in fact, privileged attorney-client communications and/or work product; and 2) to assess whether the crime fraud exception applies such that the documents are exempt from privilege. Plaintiff has never before asserted the subject Football Leaks documents are not privileged attorney-client communications or work product. Indeed, in opposing Defendant's Motion for Case Terminating Sanctions, Plaintiff

described the subject documents as "presumptively privileged," but went on to argue her "acquisition" of such protected materials was somehow "justified." [1]

One would surmise Plaintiff concedes the documents are "presumptively privileged" because her counsel, Leslie Mark Stovall, Esq. ("Plaintiff's Counsel" or "Stovall"), intentionally and explicitly sought out attorney client communications and work product, which readily appear on their face to be privileged. Rather than debate the nature of the protected documents, Plaintiff has instead consistently maintained Defendant either waived the attorney-client and work product privileges by failing to safeguard the subject documents from cyber theft or by putting them at issue in this litigation; and further that the crime fraud exception applies – all arguments this Court has previously rejected.

In short, Plaintiff asks this Court to forgive that she failed to seek *in camera* review before specifically requesting, obtaining, digesting and relying upon the subject privileged material – all of which runs afoul of her counsel's ethical obligations as a lawyer and undermines the integrity of the judicial process. On that basis alone, Plaintiff's motion is too little, too late and should be denied. Equally as significant, Plaintiff still has no evidence of fraud or waiver. Thus, there is no basis for *in camera* review of the Football Leaks documents, which Plaintiff admits are "presumptively privileged."

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. RELEVANT FACTS AND PROCEDURAL HISTORY

As the court is aware, this case arises from an encounter alleged to have occurred in 2009. Plaintiff Kathryn Mayorga ("Plaintiff") contends Defendant Cristiano Ronaldo ("Defendant") sexually assaulted her at the Palms Casino on June 13, 2009. Compl., ECF No. 1 at pp. 2-3. Nearly a decade after opting to decline to cooperate with any criminal investigation and instead reaching a civil settlement,[2] Plaintiff retained Stovall and initiated the instant lawsuit seeking

---

[1] ECF 123 at 12:3-7 (stating, "Under the circumstances of this case, plaintiff counsel's acquisition of documents and communications presumptively within the attorney client privilege in order to investigate what appeared 'in good faith' to be an illegal scheme to obstruct and prevent the criminal prosecution of Cristiano Ronaldo was justified.").

[2] The resolution reached at mediation was ultimately memorialized in a signed written agreement titled, "Settlement and Confidentiality Agreement," ("SCA"), which the was fully executed in August and/or September




additional money. In the interim, Plaintiff has retained all settlement proceeds and otherwise abided by the terms of the SCA until her counsel disclosed her name to the international press in 2018.

**a. The Football Leaks Documents are Undeniably Attorney-Client Communications and Work Product.**

Plaintiff disingenuously contends Defendant has failed to show the subject documents are in fact, attorney-client communications and work product. Plaintiff then cites, page after page, to correspondence between Defendant's lawyers. ECF No. 124 at 10:16-11:3 (citing to correspondence from Yael Holtkamp, Esq., to Carlos Osorio De Castro regarding the resolution reached at mediation); 12:23-15:16 (citing to various correspondence among Defense counsel, which Plaintiff describes as "The reporting by defendant's lawyers leading up to the mediation…"). To be clear, neither Plaintiff's counsel, nor this Court, would need to review the substance of the materials to which Plaintiff cites in order to ascertain the documents are privileged because they are explicitly marked as such:

PERSONAL & CONFIDENTIAL

PRIVILEGED ATTORNEY-CLIENT COMMUNICATION

ATTORNEY WORK PRODUCT

*See generally id.* (citing to Exhibit P (filed under seal) to ECF No. 111 at CR001066-68;[3] CR001073; CR001096; CR001101; CR001107; CR001104-07; CR001335). Moreover, in moving for case terminating sanctions based on Plaintiff's continued use of the subject Football Leaks documents, Defendant attached the Declaration of Janeen Isaacson, Esq., former Assistant Bar Counsel and Interim Bar Counsel for the State Bar of Nevada. *See* ECF No. 111 (filed under seal) at Exhibit V. Ms. Isaacson reviewed the subject Football Leaks documents and likewise affirms they consist of privileged attorney-client communications and work product. *Id.* at ¶ 11.

---

2010, approximately eight to nine months after the mediation. Pursuant to court order, the SCA has been filed under seal as Exhibit A to ECF No. 57.

[3] Defendant notes that CR001066-67 is not itself marked privileged, they are two pages of a document titled "Summary of Professional Services Rendered," and addressed to Defendant's agent from the law firm of Lavely & Singer, whom Plaintiff's counsel admittedly knows represented Defendant. The document readily appears to be a confidential and privileged communication as it contains a detailed account of all tasks performed by counsel and investigators, including both legal and factual research.

In opposition, Plaintiff offered no opinions to rebut Ms. Isaacson's conclusions. *See* generally ECF No. 123.

**b. Plaintiff has repeatedly argued, to no avail, that the crime fraud exception should be applied to allow her to use stolen and privileged documents her counsel should never have obtained in the first place.**

Defendant first learned Plaintiff intentionally obtained stolen and privileged attorney client communications and work product on September 23, 2019, when she filed her Opposition to Defendant's Motion to Compel Arbitration. The very next day, Defense Counsel notified Stovall via email that Plaintiff had attached documents which invade Defendant's attorney client and work product privileges, and further that, "[r]equesting an opposing party's privileged information is an ethical violation, a violation of the FRCP, potentially a crime and totally inappropriate." *See* Exhibit E to ECF No. 111 (filed under seal). The parties then agreed Exhibits 4 and 5 to Plaintiff's Opposition would be maintained under seal and would not become public record pending this Court's ruling on whether such documents should be considered by the court and/or stricken from the record.

Plaintiff has consistently admitted her counsel intentionally sought out and obtained documents protected by the attorney-client communication and work product privileges. ECF 123 at 12:3-7.[4] Ignoring that Stovall should never have obtained or reviewed such documents in the first instance, Plaintiff argues the contents of the privileged documents somehow reveal a fraudulent scheme, which justifies invasion of the privilege. *Id.* In opposition to Defendant's Motion to Strike, Plaintiff argued the crime/fraud exception should be applied to allow this Court

[4] The first page of Plaintiff's Exhibit 4 to the Opposition to Defendant's Motion to Compel is an email from Plaintiff's Counsel to "Football Leaks," which is dated July 25, 2018. ECF No. 44 at Exhibit 4, Bates 0001-2; *see also* Exhibit D to ECF No. 111 at KM00129-130. Stovall, as counsel for Plaintiff, specifically requested several categories of documents, a number of which explicitly called for disclosure of privileged attorney-client communications and work product related to: the **employment of attorneys and investigators** by Ronaldo to investigate my client, her family, witnesses and friends after the sexual assault; the **employment of attorneys and investigators to represent and defend** Ronaldo after the sexual assault of my client, the **reporting and communications of the attorneys and investigators** that investigated Katie Mayorga, her family, witnesses, friends and the attorney Katie hired to represent her; the **reporting and communications of the attorneys and investigators representing and defending** Ronaldo following the sexual assault **thru the negotiations and conclusion of the settlement** and non disclosure agreement; and the **evaluation or assessment of the attorney** representing Katie Mayorga, before, during and after the mediation.

to consider the privileged documents in ruling on Defendant's Motion to Compel Arbitration. When objecting to the Magistrate's Report and Recommendation finding there had been no waiver of the attorney client privilege and the subject Football Leaks documents should be stricken,[5] Plaintiff again relied upon the crime fraud exception in an unsuccessful bid to persuade the court to consider the privileged documents. ECF 70 at pp. 17-19 (arguing in part, "The documents which are the subject of the defendant's motion to strike establish a reasonable cause to believe that the attorney services provided to the defendant were utilized in furtherance of an ongoing unlawful scheme involving the crimes of compounding, misprison of a felony and obstruction of justice.").

Although the court did not make a finding specific to the crime/fraud exception, it expressly overruled Plaintiff's objection to the Magistrate's Recommendation that Defendant's Motion to Strike the subject Football Leaks documents be granted. ECF No. 72 at 24:2-12. Plaintiff offers no explanation as to how or why this Court would have stricken the documents had it found the crime fraud exception applied, which forecloses the protections of the privilege.

**c. Defendant's attorneys took swift action to quell distribution and/or use of the stolen, privileged documents.**

Plaintiff similarly continues to rehash the failed argument that Defendant somehow waived the attorney-client and work product privileges by failing to adequately safeguard the subject Football Leaks documents. In affirming the Magistrate's Recommendation that the Football Leaks documents be stricken, this Court expressly acknowledged Plaintiff's contention that Defendant's attorney "neither adequately safeguarded them nor took 'any reasonable step to investigate and recover the documents from any source.'" *Id.* at 24:4-6. Finding this argument untenable, the Court stated, "[Plaintiff] provides only conjecture – not reasoned argument or evidence – to support her position." *Id.* at 24:7-8.

Undeterred and otherwise defenseless, Plaintiff continues to insist Defendant somehow waived the attorney-client and work product privileges by disclosure of the subject documents, whether "stolen, inadvertently released," or otherwise. ECF No. 123 at 5:21-6:2. To that end,

---

[5] ECF No. 67 at 8:24-9:1.

Plaintiff falsely asserts, "Defendant has not offered any evidence the Football Leaks documents were in fact stolen, inadvertently released, or otherwise released without defendant's authorization. ECF 124 at 8:9-12; *See also* ECF No. 123, at 5:26-6:2. To the contrary, Defendant has provided the Declaration of Carlos Osorio De Castro, who has acted as counsel for Defendant since 2004. Mr. De Castro's Declaration specifically outlines the protections his law firm had in place at or around the time of the "cyber theft" of the "confidential data at issue in the instant matter." *See* Exhibit W to ECF No. 111 at paragraph 2. Also attached to Defendant's Motion for Case Terminating Sanctions are certified translations of court filings from both Portugal and Germany pursuant to which Defendant sought preliminary injunctions to enjoin further publication or dissemination of the hacked Football Leaks documents. *See* Exhibit X to ECF No. 111.

Finally, to lay to rest any notion Defendant or his counsel authorized disclosure of privileged documents, attached to ECF No. 122 (Defendant's Reply in Support of Case Terminating Sanctions) is an additional Declaration from Mr. De Castro and one from attorney Richard Wright, affirming both represented Defendant in 2009 and 2010 in relation to Plaintiff's allegations. *See* Declaration of Carlos Osorio De Castro (Second), attached to ECF No. 122 as **Exhibit A.** *See* Declaration of Richard Wright, Esq., attached ECF No. 122 as **Exhibit B.** Not surprisingly, both affirm neither they, nor their client, ever authorized the disclosure of attorney-client communications or work product, nor would they. *Id.*

## II. LEGAL ARGUMENT

More than two and a half years into this litigation, Plaintiff relies almost entirely on the contents of the privileged documents in order to ask this Court for the first time,[6] to conduct an *in-camera* review to assess whether the crime fraud exception applies in this case. In an

---

[6] To be clear, Plaintiff has never before requested that this Court conduct an *in camera* review of the subject Football Leaks documents to determine whether the crime/fraud exception applies. Plaintiff made this suggestion for the first time in opposition to the instant motion for case terminating sanctions and/or to disqualify – more than two and a half years after Plaintiff originally obtained the documents; nearly twenty four months after attaching the ill-gotten and privileged documents to a court filing in this case; and nearly a year after this Court struck the documents from the record, save and except for the additional stolen documents never previously disclosed by Plaintiff.

incredulous perversion of caselaw, Plaintiff now asserts Defendant has "disregarded the approved…practice of requiring parties who seek to avoid disclosure of documents to make the documents available for '*in camera* inspection.'" ECF No. 124 at 5:4-7. Plaintiff apparently overlooks that a preliminary *in-camera* review by the court inherently means the opposing party has not yet read, digested and utilized the privileged documents to prosecute their case. Indeed, a heightened evidentiary standard is applied where a party seeks outright disclosure of privileged material based on the crime fraud exception versus only *in camera* review. *In re Napster, Inc., v. Copyright Litig.*, 479 F.3d 1078, 1093, 1095 (9th Cir. 2007), *abrogated on other grounds by Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100 (2009))(holding that "in a civil case the party resisting an order to disclose materials protected by the attorney-client privilege must be given the opportunity to present evidence and argument in support of its claim of privilege," and further that a party seeking outright disclosure must carry its burden of proof by a "preponderance of the evidence.").

Plaintiff's conduct here has deprived this Court of meaningfully considering whether *in camera* review versus disclosure may be appropriate because Plaintiff unilaterally obtained outright disclosure of attorney client communications and work product and has already relied upon the privileged materials in prosecuting her case. This quandary only underscores why no remedy less than case terminating sanctions can cure the prejudice caused by the misconduct of Plaintiff and her counsel. Nevertheless, even where only *in camera* review is sought, it is the party who seeks to use privileged documents that bears the burden of offering evidence the crime/fraud exception applies in order to warrant *in camera* review of what would otherwise be privileged materials. *Id. at 1092 (citing U.S. v. Zolin*, 491 U.S. 554, 572 (1989))

Before a court engages in an *in camera review* of privileged documents to assess whether the crime-fraud exception applies, there must first be a factual basis adequate to support a reasonable person's good faith belief that such inspection will reveal evidence to establish the exception should be applied. *Zolin*, 491 U.S. 554, 572 (1989)(citing *Caldwell v. Dist. Court*, 644 P.2d 26, 33 (Colo. 1982)). In determining whether a threshold showing has been made such that *in camera* review is warranted, the court is ***not*** to consider materials that have been determined

CHRISTIANSEN TRIAL LAWYERS

to be ***privileged***. *Id.* at 573; *See also U.S. v. Chen*, 99 F.3d 1495 (recognizing the party seeking application of the crime fraud exception, "cannot show the otherwise privileged material to the judge unless and until the judge has made this preliminary judgment.")(citing *Zolin*, 491 U.S. at 572)).

While Plaintiff never appropriately and timely sought *in camera* review, Plaintiff still has not a scintilla of such evidence. A party asserting the crime fraud exception must show: 1) the client was engaged in or planning a criminal or fraudulent scheme when it sought the advice of counsel in order to further that scheme; and 2) the attorney-client communications at issue are sufficiently related to and were made in furtherance of the intended or present continuing illegality. *In re Napster,* 479 F.3d at1090. Particularly relevant here, the Ninth Circuit has consistently recognized: "[t]he fact that a party has taken steps to structure a business transaction to limit its liability does not suffice, without more, to establish that the crime fraud exception applies. *Id.* at 1098 (citing *In re BankAmerica Corp. Sec. Litig.*, 270 F.3d 639, 643-44 (8th Cir. 2001)).

**a. The Mere Act of Retaining Counsel to Defend Against Accusations of Criminal Misconduct is Not Evidence of Any Criminal or Fraudulent Scheme.**

Underpinning the foundation of our judicial system is the axiom that it is not illegal to retain the services of a lawyer in order to defend against allegations of past conduct, particularly in the context of accusations of criminal misconduct. *See Chen*, 99 F.3d at 1500 (Recognizing, "[i]t is a truism that while the attorney-client privilege stands firm for client's revelations of past conduct, it cannot be used to shield ongoing or intended future criminal conduct. That principle is easily applied when a lawyer is retained to defend a client in a criminal prosecution or civil litigation relating to an entirely completed course of conduct.")(internal citations omitted)). Ignoring both this truism and the Ninth Circuit's *In Re Napster* holding, Plaintiff asserts the crime fraud exception applies here because Defendant's prior attorneys represented him in procuring the SCA, which memorialized the civil settlement between Plaintiff and Defendant.

Plaintiff once again accuses Defendant's prior lawyers of engaging in criminal conduct – that is, "misprison of a felony," under federal law, or "compounding crimes," pursuant to Nevada

CHRISTIANSEN TRIAL LAWYERS

law. ECF No. 124 at 2-3;[7] *See also* ECF No. 61 at 28:7-11 (Plaintiff's Opposition to Defendant's Motion to Strike and Seal). Thus, Plaintiff essentially asks this Court to find that it was illegal for Defendant to retain counsel to defend against Plaintiff's allegations that he sexually assaulted her – an entirely completed course of purported past misconduct.

As Defendant pointed out in in his reply in support of the motion to strike and/or seal the subject Football Leaks documents, this very serious allegation appears nowhere in Plaintiff's Complaint and none of Defendant's lawyers or agents are named as parties in this action. Tellingly, in 2018, Plaintiff provided LVMPD with the same privileged documents she relies upon in making these accusations and no criminal charges have ever been filed against Defendant's lawyers or his agents. ECF 64 at 9:4-12. In July 2019, the Clark County District Attorney's Office expressly declined to file criminal charges against Defendant. *See* Press Release, attached to ECF No. 64 as Exhibit "D.

**b. There is No Evidence the Crime Fraud Exception Should Apply in this Case.**

Despite that Plaintiff obtained counsel to bring a civil claim and it was her counsel that initially reached out to Defendant's lawyers in 2009,[8] Plaintiff asserts mediation and settlement of her claim somehow amounts to evidence of a scheme by Defendant to defraud Plaintiff and conceal the alleged commission of an assault. Perhaps recognizing to some degree this Court cannot rely on the privileged material in determining whether there is evidence of a fraudulent scheme to warrant *in camera* review, Plaintiff directs this Court to eight documents: 1) The Declaration of Plaintiff's Counsel; 2) Plaintiff's Verified State Court Complaint; 3) The January 12, 2010 settlement memorandum executed at the time of the mediation; 4) The SCA; 5) Plaintiff's counsel's August 21, 2019, letter to LVMPD, which enclosed the first production of the subject Football Leaks documents; 6) Plaintiff's counsel's letter to LVMPD enclosing additional Football Leaks documents, which are the subject of the instant motion(s); 7) A July 8,

---

[7] Plaintiff cites to both NRS 199.290 and 18 U.S.C. §4 as support for such accusations. Setting aside the complete lack of evidence in this case with respect to either offense, it is difficult to fathom how any lawyer, retained by a client to defend against one singular, purportedly completed act of sexual assault could fit within the elements of such crimes. Certainly, Plaintiff has pointed to no such evidence here.

[8] *See* email correspondence from Michaela Tramel to Simon Smith, a copy of which is attached as Exhibit "C" to ECF No. 64.

CHRISTIANSEN TRIAL LAWYERS

2019 LVMPD Officer Declaration; and 8) The District Attorney's press release confirming his office had declined to pursue criminal charges against Defendant. Plaintiff then generally avers these documents, '"provide a factual basis adequate to support a good faith belief by a reasonable person…that *in camera* review of material may reveal evidence to establish a claim that the crime fraud exception applies' to the Football Leaks documents." ECF No. 124 at 9:17-21.

Plaintiff ignores that even if these documents did contain some evidence of fraud, which they do not, many of these documents are simply not admissible evidence. In particular, the arguments and comments of counsel cannot be considered evidence. *See U.S. v. Combs*, 379 F.3d 564, 574 (9th Cir. 2004)(noting jury was properly instructed that statements and arguments of counsel were not evidence). Thus, counsel's Declaration and correspondence to LVMPD cannot be considered. Moreover, the Declaration of Plaintiff's Counsel and the verified state court complaint rely on the stolen privileged materials, meaning those too are not evidence independent of the stolen and otherwise privileged Football Leaks Documents. *See* ECF No. 124 at Exhibits 1 and 2; *See also* ECF No. 111 (filed under seal) at Exhibit V (Isaacson Decl.), at ¶¶ 12-13 (affirming review of both the state and federal court complaints "demonstrates that [Plaintiff's counsel] relied upon the information obtained from the stolen privileged communications to support the allegations as pled.").

Yet even if admissible, Defendant and this Court are left to guess as to how exactly Plaintiff contends any of the specific eight supporting documents substantiate a finding of fraud because Plaintiff never explains the basis for that general assertion. Instead, Plaintiff painstakingly cites to undeniably privileged communications among Defendant's prior lawyers,[9] ultimately reaching Plaintiff's final conclusion, "The documents and communication [sic] contained in the 'Football Leak' [sic] documents prove that the defendant and his attorneys engaged in the felonious act of compounding a felony and that the [SCA] were the product of this illegal activity." ECF No. 124 at 16:26-17:1.

---

[9] ECF No. 124 at 10:16-11:3; 12:23-15:16.

CHRISTIANSEN TRIAL LAWYERS

Plaintiff either ignores or misunderstands that this Court is not permitted to consider documents that have been deemed privileged in order to assess whether to conduct an *in camera* review. Of the eight documents Plaintiff cites, only the settlement agreements, District Attorney's press release and LVMPD Officer Declaration are not premised upon or regurgitations of the subject privileged Football Leaks Documents. The District Attorney's decision to not pursue criminal charges actually works to dispel the assertion Defendant or his lawyers were involved in some criminal scheme, particularly where Plaintiff notes she provided law enforcement with the same privileged documents she contends prove fraud or criminal conduct. The LVMPD Officer's Declaration does not espouse a single finding regarding the conduct of Defendant's lawyers, much less allege they were involved in misprison of a felony or compounding a crime. ECF No. 124 at Exhibit 7, CR-00690 (filed under seal). What the District Attorney's decision and Officer Declaration do affirm however, is that in 2009, the criminal investigation was closed and in 2010, the parties reached a civil settlement. *Id.* at CR-00690; ECF No. 124 at Exhibit 8.

What this Court would be left with then, is the express language of the SCA and the mediation settlement memorandum, neither of which can constitute the basis for fraud because both are nothing more than evidence the parties mutually agreed to resolve their dispute, which inherently serves to limit a defendant's liability. By Plaintiff's logic, no defendant facing a civil lawsuit for allegations of assault would ever be able to retain counsel to defend himself – rather the mere act of retaining counsel to defend and resolve the plaintiff's claim would constitute a conspiracy to conceal the alleged wrongdoing.

In 2009, Defendant was never contacted by law enforcement regarding Plaintiff's allegations – presumably because she never gave his name to the detectives assigned to her case. *See* Press Release, attached to ECF No. 64 as Exhibit "D." Instead, just one month and three days after the alleged assault, Plaintiff's former lawyer reached out not to law enforcement, but to an individual she believed to be Defendant's lawyer and informed him she represented a plaintiff in Las Vegas "in a case against Christiano [sic] Ronaldo." *See* Correspondence attached to ECF No. 64 as Exhibit "C." There is zero indicia Defendant retained counsel in order to further a criminal or fraudulent scheme. By contrast, it was Plaintiff who initiated a civil claim, which

caused Defendant to have to retain counsel to defend himself, ultimately resulting in the parties agreeing to mediate and enter into a civil settlement.

In short, Plaintiff has not offered *any* evidence of a fraudulent scheme among Defendant and his attorneys, much less made a showing independent of the stolen and privileged communications. Thus, there is no basis for *in-camera review*. Plaintiff's decision to ask this Court for forgiveness, not permission, is an impermissible attempt to circumvent the integrity of the judicial process and should not be tolerated.

**III. CONCLUSION**

In light of the foregoing, Defendant respectfully requests that this Court enter an order denying Plaintiff's request for an *in camera* review of the subject Football Leaks documents. There is no evidence of any ongoing or fraudulent scheme such that the crime fraud exception should be applied to exempt the otherwise privileged attorney-client communications and work product from protection, nor that the privileges were otherwise waived. Accordingly, Plaintiff's Motion should be denied in its entirety.

Dated this 18th day of August, 2021.

CHRISTIANSEN TRIAL LAWYERS

By____________________________
PETER S. CHRISTIANSEN, ESQ.
KENDELEE L. WORKS, ESQ.
KEELY A. PERDUE, ESQ.
*Attorneys for Defendant Cristiano Ronaldo*

CHRISTIANSEN TRIAL LAWYERS




**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5 and LR-5.1, I certify that I am an employee of CHRISTIANSEN TRIAL LAWYERS, and that on this 18th day of August, 2021, I caused the foregoing document entitled **DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR *IN CAMERA* REVIEW OF THE FOOTBALL LEAKS DOCUMENTS TO DETERMINE WHETHER THE CRIME/FRAUD EXCEPTION APPLIES [ECF NO. 124]** to be filed and served via the Court's CM/ECF electronic filing system upon all registered parties and their counsel.



An employee of Christiansen Trial Lawyers