

PETER S. CHRISTIANSEN, ESQ.
Nevada Bar No. 5254
pete@christiansenlaw.com
KENDELEE L. WORKS, ESQ.
Nevada Bar No. 9611
kworks@christiansenlaw.com
KEELY A. PERDUE, ESQ.
Nevada Bar No. 13931
keely@christiansenlaw.com
CHRISTIANSEN TRIAL LAWYERS
710 S. 7th Street, Suite B
Las Vegas, Nevada 89101
Telephone:   (702) 240-7979
Facsimile:   (866) 412-6992

*Attorneys for Defendant Cristiano Ronaldo*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| KATHRYN MAYORGA, | CASE NO.:   2:19-cv-00168-JAD-DJA |
|---|---|
| Plaintiff, | |
| v. | **DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S RECOMMENDATION [SIC] DENYING IN CAMERA REVIEW [FILED UNDER SEAL AS ECF NO. 152]** |
| CRISTIANO RONALDO, | |
| Defendant. | |

The Magistrate Judge's Report and Recommendation properly concluded this Court should grant Defendant's Emergency Motion for Case Terminating Sanctions [ECF No. 143 ruling on ECF No. 111] and denied Plaintiff's Motion for In Camera Review [ECF No. 124]. Defendant sought case terminating sanctions because Plaintiff's counsel, Stovall & Associates ("Stovall") admittedly and intentionally sought stolen attorney-client communications and work product from an alleged cyber hacker. Plaintiff then not only used those documents as exhibits to public filings in this case, but also as support for her counsel's request that the Las Vegas Metropolitan Police Department ("LVMPD") reopen a decade old investigation to prosecute the Defendant. Despite court orders striking the privileged documents from the record, Plaintiff and Stovall continue to treat the privileged communications as "fair game."

It was not until nearly two and half years into this litigation, when faced with the motion for case terminating sanctions, that Plaintiff for the first time asserted this Court needs to conduct an *in-camera* inspection of the Football Leaks documents to ascertain 1) whether they are in fact, privileged attorney-client communications and/or work product; and 2) to assess whether the crime fraud exception applies such that the documents are exempt from privilege. The Magistrate Judge properly rebuked Plaintiff's freshly ginned up request for forgiveness, rather than the permission Stovall needed to have requested years ago.

In denying the request for *in camera* review, the Magistrate Judge found Plaintiff has failed to provide sufficient non-privileged evidence "to support a reasonable belief that in camera review of the Football Leaks documents may yield evidence that establishes the crime-fraud exception." ECF 143 at 8:13-15.[1] Plaintiff's entire theory is premised on Defendant conspiring with his prior lawyers to commit misprision of a felony by derailing LVMPD's 2009 investigation and avoiding criminal prosecution. This fatally flawed theory ignores that it was Plaintiff who informed LVMPD she wished to pursue the case civilly, never even providing law enforcement with Defendant's name until a decade later in the height of the #metoo movement and in the face of Stovall obtaining stolen and privileged communications.

To avoid any doubt, Defendant only learned of Plaintiff's accusations when her civil lawyer reached out to his representatives to pursue monetary damages – ***after*** LVMPD had closed its investigation. That demand ultimately lead to mediation and a civil settlement. Yet again, Plaintiff fails to provide this Court with any evidence to support the crime fraud exception applies, much less non-privileged evidence. As such, Plaintiff cannot demonstrate the Magistrate Judge's decision was clearly erroneous or contrary to law and the Order should be affirmed.

/ / /

/ / /

/ / /

---

[1] In reaching this conclusion the Magistrate Judge applied the two-part test set-forth in *United States v. Zolin*, 491 U.S. 554, 574-75 (1989). *Id.* at 8:4-9. Neither side disputes *Zolin* sets-forth the applicable standard to be applied in determining whether the crime-fraud exception may apply such that in camera review may be warranted.

2

# MEMORANDUM OF POINTS AND AUTHORITIES[2]

## I. LEGAL ARGUMENT

### A. Legal Standard.

The Magistrate Judge's Order denying Plaintiff's Motion for In Camera review is not dispositive of any claims in this case. A district court is vested with discretion to reconsider any non-dispositive matter that has been fully determined by a magistrate judge. However, the magistrate judge's order will only be disturbed when the objecting party has shown the order to be "clearly erroneous or contrary to law." L.R. IB 3-1(a). Given this deferential standard, a magistrate judge's order will not be overturned unless the district court "has a definite and firm conviction that a mistake has been committed," or that a relevant statute, law, or rule has been misapplied. *Concrete Pipe and Prods. of Cal., Inc., v. Constr. Laborers Pension Trust for So. Cal.*, 508 U.S. 602, 623 (1993); *Grimes v. City and County of S.F..*, 951 F.2d 236, 240-41 (9th Cir. 1991)).

Although Plaintiff asserts *de novo* review is the proper standard under which to review a *Zolin* motion for in camera review, that would be the standard by which the Ninth Circuit would review this Court's determination as to the issue. ECF 152 (citing *In re Grand Jury Investigation*, 974 F.2d 1068, 1073 (9th Cir. 1992)). Even if that standard is applied, *de novo* review does not require a *de novo* hearing but rather that the district court arrive at its own conclusion as to those portions of the magistrate's findings or recommendations, which are the subject of a specified objection. *Nevada Power Co.v. Monsanto Co.*, 891 F.Supp. 1406, 1412 (D. Nev. 1995). Under either a clearly erroneous or de novo standard of review, Plaintiff's objections fail and should be overruled.

### B. The Magistrate Judge Did Not Merely "Assume" the Football Leaks Documents are Privileged.

Plaintiff's assertion the Magistrate Judge simply assumed the Football Leaks documents are privileged is contrary to this Court's prior orders striking those same documents as well as the

---

[2] While Defendant has attempted to limit the scope of the instant response to the arguments raised in Plaintiff's objection, Defendant nevertheless incorporates herein by reference the factual and legal contentions contained in the briefing underlying each of the subject motions – that is, ECF Nos. 111, 113, 133, 134, .

3

facts and evidence presented in Defendant's opposition to the underlying motion for *in camera* review. As this Court is keenly aware, it has already once affirmed the Magistrate Judge's Report and Recommendation finding that the Football Leaks documents are covered by the attorney-client privilege and should be stricken from the record in this case. ECF 72 at 24:1-12. Other than the additional Football Leaks documents contained in LVMPD's file but never disclosed to Defendant, which the Magistrate did not base the instant ruling upon, there is no debate the previously stricken Football Leaks documents are those that remain at issue today. *See* ECF 143 at 17, note 3.

Moreover, the Magistrate Judge in the instant Order and Report and Recommendation made express findings detailing the court's review of the Football Leaks documents and confirming its independent determination as to the confidential and privileged nature of their contents. More specifically, the Magistrate Judge concluded:

> The ***confidential status of the Football Leaks documents is facially evident***, but if that were not enough, the contents should have removed all doubt. Although Stovall never received – or even sought – an ethics opinion like the attorneys in *Gomez*, he had multiple opportunities to recognize the privileged nature of the documents starting with the 2017 Der Spiegel article, which quotes privileged communications. He certainly should have recognized the privilege when he read the Football Leaks documents, ***riddled as they are with the words "attorney client privileged," and "work product."*** If that were not enough. Stovall should have recognized their content as "of the most sensitive kind – ***the kind any trial lawyer would recognize as privilege***d, highly valuable, very confidential, and potentially devastating in the wrong hands."

ECF 143 at 17:20-18:4 (emphasis added).

To be clear, Stovall's first response to the underlying motion for case terminating sanctions was not to deny the documents were "presumptively privileged" but rather to insist his misconduct was justified and should be excused because Plaintiff believed the crime fraud exception applied and Defendant had waived the privilege. ECF 123. Now faced with the unavoidable reality that such decisions are for the court and not litigants, Stovall, acting on behalf of Plaintiff, feigns ignorance regarding the privileged nature of the documents and the gravity of his misconduct.

### C. The Magistrate Judge Correctly Applied *Zolin* in Determining the Crime Fraud Exception Does Not Apply in this Case.

First and foremost, Plaintiff continues to ignore entirely that Stovall intentionally sought out stolen and privileged attorney-client communications and work product, which Plaintiff and Stovall then reviewed, digested and used to prosecute her claims all while opting for fourteen months to not even disclose the Football Leaks documents to the Defense. Nevertheless, if Plaintiff wanted this Court to conduct an *in camera* review of the documents to determine whether the crime fraud exception might apply to the privileged material, the time for that was BEFORE Plaintiff and Stovall ever even obtained the privileged and confidential material. Plaintiff is not entitled to the benefit of a *Zolin* analysis because Stovall's misconduct rendered the process moot years ago.

*Zolin* is to be applied in order to assess whether a party should be entitled to access what would otherwise be confidential and privileged materials but for the crime fraud exception. *Zolin*, 491 U.S. 554, 572 (1989)(citing *Caldwell v. Dist. Court*, 644 P.2d 26, 33 (Colo. 1982)). Because Plaintiff unilaterally decided she was entitled to access such privileged documents, the *Zolin* process was effectively nullified. Nevertheless, the Magistrate Judge entertained Plaintiff's years late request and still found Plaintiff fell sharply short of demonstrating the crime fraud exception could apply to eviscerate the attorney-client communication and work product privileges.

      i. <u>Plaintiff Failed to Offer Any Evidence Sufficient to Warrant *In Camera* Review, Much Less Non-Privileged Evidence</u>.

Plaintiff argues the Magistrate Judge applied too high of an evidentiary burden in determining whether *in camera* review was warranted under *Zolin*. In a blatant misstatement of the Magistrate Judge's ruling, Plaintiff asserts the court stated it was **necessary** for "the plaintiff to prove that she was raped by Ronaldo to seek in camera review…" ECF 152 at 4:21-24. To the contrary, the Magistrate found that to determine Defendant and his lawyers compounded or concealed a crime, the court would first have to decide the Defendant in fact, committed a crime in 2009, but that issue was not before the court. ECF 143 at 9:18-22. The Magistrate Judge's analysis did not end there. The Order continues, stating, "Second, even if the Court did conclude that Ronaldo committed a crime that night in 2009, the Court could not find that Ronaldo

5

1    employed his attorneys to violate these statutes by negotiating the settlement agreement. As
2    discussed more fully below, Mayorga had already decided to drop charges *before* she decided to
3    pursue civil action…" ECF No. 143 at 9:23-26 (emphasis added).

4          A party asserting the crime fraud exception must show: 1) the client was engaged in or
5    planning a criminal or fraudulent scheme when it sought the advice of counsel in order to further
6    that scheme; and 2) the attorney-client communications at issue are sufficiently related to and
7    were made in furtherance of the intended or present continuing illegality. *In re Napster Inc., v.*
8    *Copyright Litig.,* 479 F.3d 1078, 1090 (9th Cir. 2007)(*abrogated on other grounds by Mohawk*
9    *Indus., Inc. v. Carpenter*, 558 U.S. 100 (2009)). Particularly relevant here, the Ninth Circuit has
10   consistently recognized: "[t]he fact that a party has taken steps to structure a business transaction
11   to limit its liability does not suffice, without more, to establish that the crime fraud exception
12   applies. *Id.* at 1098 (citing *In re BankAmerica Corp. Sec. Litig.*, 270 F.3d 639, 643-44 (8th Cir.
13   2001)).

14         Before a court engages in an *in camera review* of privileged documents to assess whether
15   the crime-fraud exception applies, there must first be a factual basis adequate to support a
16   reasonable person's good faith belief that such inspection will reveal evidence to establish the
17   exception should be applied. *Zolin*, 491 U.S. 554, 572 (1989)(citing *Caldwell v. Dist. Court*, 644
18   P.2d 26, 33 (Colo. 1982)). In determining whether a threshold showing has been made such that
19   *in camera* review is warranted, the court is not to consider materials that have been determined
20   to be privileged. *Id.* at 573; *See also U.S. v. Chen*, 99 F.3d 1495 (recognizing the party seeking
21   application of the crime fraud exception, "cannot show the otherwise privileged material to the
22   judge unless and until the judge has made this preliminary judgment.")(citing *Zolin*, 491 U.S. at
23   572)).

24         Contrary to Plaintiff's assertion that too heavy an evidentiary burden was imposed, the
25   Magistrate Judge acknowledged "the first step of *Zolin* is not stringent," but "a party must at least
26   make a minimal showing that the crime-fraud exception **could** apply." ECF 143 at 10:15-17
27   (citing *U.S. v. Christensen*, 801 F.3d 970, 1005 (9th Cir. 2015)(*superseded on other grounds*)(828
28   F.3d 763 (9th Cir. 2015)(emphasis added). The Magistrate Judge went on to carefully consider

Plaintiff's so-called evidence, including relevant portions of LVMPD's investigative file, ultimately concluding that, "Even if Mayorga had asserted a crime applicable to Ronaldo and his attorneys, her evidence – excluding privileged information – is insufficient to meet the threshold analysis." ECF 143 at 10:12-14; see generally ECF 143 at pp. 9-14.

### ii. The Magistrate Judge Engaged in a Detailed Analysis of Plaintiff's Factual Assertions and Correctly Found Those Allegations Insufficient to Demonstrate the Crime Fraud Exception Should Apply to this Case.

Particularly pertinent here, the Magistrate Judge noted that most of Plaintiff's eight pieces of evidence rely on the contents of the Football Leaks documents and taking out the items that rely on quote those documents, the court was left with (1) portions of Plaintiff's verified complaint; (2) portions of Stovall's declaration; (3) the January 12, 2010 settlement memorialization; (4) the August 2010 settlement and confidentiality agreement [the "SCA"]; (5) they July 8, 2019 declaration of Warrant/Summons by LVMPD; and (6) the District Attorney's press release of non-prosecution. ECF 143 at 11:6-12. Considering this evidence, the Court found, "None of these items constitute a factual basis adequate to support a good faith belief by a reasonable person that Ronaldo and his attorneys committed a crime by negotiating and executing the settlement agreement." *Id.* at 11:12-14. The Court found no evidence Defendant or his attorney intimidated Plaintiff or impeded law enforcement's investigation. Rather, Plaintiff herself opted to pursue the case civilly.

Relying in significant part on the LVMPD declaration of warrant/summons, the Magistrate Judge found that Plaintiff had met with LVMPD approximately two weeks before her prior lawyer first reached out to Defendant's representatives – during that meeting with LVMPD, Plaintiff, for a second time, elected to pursue the case civilly and thus, the investigation remained closed. The Court found nothing in LVMPD's file to demonstrate Plaintiff had contact with Defendant or his lawyers prior to that last 2009 interview, much less that they intimidated her or otherwise impeded the criminal investigation. ECF 143:13:3-14 (citing ECF 125:7 at 4).

Notably, Plaintiff continues to cite to page after page of the stolen and privileged Football Leaks documents in an attempt to bolster her baseless assertion that Defendant and his lawyers conspired to commit a crime, rather than to defend against Plaintiff's accusations and threat of a

7

civil lawsuit. ECF 152 at pp. 9-12. Nevertheless, it bears repeating that such stolen and privileged attorney-client communications cannot be used to meet the threshold showing required under *Zolin*. Although Plaintiff now points to her interrogatory responses in this case, it should not be lost on this Court that these self-serving affirmations also cannot be reasonably relied upon in the first step of the *Zolin* analysis.

As the Magistrate Judge pointed out with respect to Plaintiff's sworn Complaint, "…it is impossible for the Court to determine which statements and allegations are based on Mayorga's independent recollection of the settlement negotiations and which are based on the Football Leaks documents. It is especially hard for the Court to attribute any statements to Mayorga's independent recollection because Mayorga claims to have been incompetent during the negotiations." ECF 153 at 12:2-7. Finally, there is perhaps nothing that underscores the absurdity of Plaintiff's conspiracy theories more than her own objection, wherein Plaintiff asserts her decision to pursue the case civilly, "which caused the [LVMPD] to close their investigation … in **July 2009**," demonstrates she complied with the settlement agreement reached at mediation in **January 2010** – nearly **six months after** LVMPD closed the case. How Plaintiff complied with an agreement that had not yet been negotiated is unknown, but the notion certainly calls into doubt the allegation that Plaintiff lacked capacity to understand the agreement with which she adamantly now contends she abided.

In sum, the Magistrate Judge carefully considered the facts and evidence presented on both sides, having reviewed both the privileged AND non-privileged materials. Yet the court still found that Plaintiff failed to make the threshold showing required under *Zolin* to warrant in-camera review to determine application of the crime fraud exception. Plaintiff has presented no new or non-privileged material upon which this Court may reasonably rely to determine the Magistrate Judge's Order denying in camera review was clearly erroneous or contrary to the law or facts of this case. As such, the Magistrate Judge's denial of in camera review should not be disturbed and Plaintiff's objection to that end should be overruled in its entirety.

/ / /

/ / /

## II.   CONCLUSION

In light of the foregoing facts, law and argument as well as those set-forth in the underlying and related briefing, Defendant respectfully requests that this Court overrule Plaintiff's Objections and instead affirm the Magistrate Judge's Order and Report and Recommendation [ECF 143] in its entirety.

Dated this 3rd day of December, 2021.

                                        CHRISTIANSEN TRIAL LAWYERS

By: _____
    PETER S. CHRISTIANSEN, ESQ.
    KENDELEE L. WORKS, ESQ.
    KEELY A. PERDUE, ESQ.
    *Attorneys for Defendant Cristiano Ronaldo*



## CERTIFICATE OF SERVICE

Pursuant to FRCP 5 and LR-5.1, I certify that I am an employee of CHRISTIANSEN TRIAL LAWYERS, and that on this 3rd day of December, 2021, I caused the foregoing document entitled **DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S RECOMMENDATION [SIC] DENYING IN CAMERA REVIEW [FILED UNDER SEAL AS ECF NO. 152]** to be filed and served via the Court's CM/ECF electronic filing system upon all registered parties and their counsel.

_____
An employee of Christiansen Trial Lawyers