PETER S. CHRISTIANSEN, ESQ.
Nevada Bar No. 5254
pete@christiansenlaw.com
KENDELEE L. WORKS, ESQ.
Nevada Bar No. 9611
kworks@christiansenlaw.com
KEELY A. PERDUE, ESQ.
Nevada Bar No. 13931
keely@christiansenlaw.com
CHRISTIANSEN TRIAL LAWYERS
710 S. 7th Street, Suite B
Las Vegas, Nevada 89101 g
Telephone:     (702) 240-7979
Facsimile:     (866) 412-6992

*Attorneys for Defendant Cristiano Ronaldo*



**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KATHRYN MAYORGA,<br><br>                    Plaintiff,<br><br>v.<br><br>CRISTIANO RONALDO,<br><br>                    Defendant. | CASE NO.:    2:19-cv-00168-JAD-DJA<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND ORDER SUSTAINING IN PART OBJECTION AND ADOPTING AND MODIFYING IN PART REPORT & RECOMMENDATION [ECF 72, SECTION III, P. 24:2-12] [FILED UNDER SEAL AS ECF NO. 154]** |

        Plaintiff's motion to amend is a belated attempt to rehash her failed arguments that Defendant somehow waived the attorney-client privilege. Plaintiff has repeatedly made this unavailing argument before this Court and each time, it has been squarely rejected. Plaintiff's arguments continue to run contrary to the facts and evidence in this case and should be ignored.

        Despite Plaintiff's arguments to the contrary, there has been no change in controlling law that could justify reconsideration. Plaintiff's reliance on *Superpumper, Inc., v. Leonard*, 137 Nev. Adv. Op. 43 (2021)) is unavailing because that decision did not change the threshold showing required to claim the protections of the attorney client privilege. Plaintiff also fails to offer any new evidence and to establish that the Court's Order is clearly erroneous. Rather, Plaintiff inartfully argues, despite her previous concession the subject documents are "presumptively

privileged," that Defendant has somehow failed to meet his burden to demonstrate the subject Football Leaks documents are privileged at all. Setting aside that the documents were obtained in response to direct and specific requests for attorney client communications and readily appear on their face to be exactly that, Plaintiff herself established the privileged nature of numerous documents.  Indeed, in trying to convince this Court the crime-fraud exception should apply, Plaintiff dedicated page after page of the underlying opposition to quoting privileged communications between Defendant's lawyers. In short, there is no dispute the subject Football Leaks documents contain hundreds of pages of privileged attorney-client communications and work product – precisely what Plaintiff explicitly sought and obtained more than fourteen months before ever disclosing them to the Defense.

Plaintiff's unhappiness with the Court's Order does not justify reconsideration or amendment. All of Plaintiff's arguments are meritless and could have been presented to the Court in opposition to Defendant's motion to strike and/or her objection to the Magistrate's report and recommendation. Plaintiff failed to do so. As such, the Court should deny the motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

I.   <u>LEGAL ARGUMENT</u>[1]

### A. PLAINTIFF'S RECONSIDERATION MOTION SHOULD BE DENIED AS UNTIMELY.

As a preliminary matter, Plaintiff's motion for amendment/reconsideration should be denied as untimely. *See Castillo v. Filson*, No. 2:04-cv-00868-RCJ-GWF, 2017 WL 4127745, at *2 (D. Nev. Sep. 18, 2017)(denying motion for unreasonable delay and holding "While neither the Federal Rules of Civil Procedure nor the local rules of this Court set a limit on the time for seeking reconsideration of an interlocutory order, such a motion must, in this Court's view, be made within a reasonable time"). This is especially true where there is no apparent reason for the delay. *See id*. ("There is no apparent reason - such as a change in the law or discovery of new facts - explaining [the party's] delay."). Rejecting an unreasonably delayed reconsideration motion is

---

[1] While Defendant has attempted to limit the scope of the instant opposition to the arguments raised in Plaintiff's motion to amend, Defendant nevertheless incorporates herein by reference the factual and legal contentions contained in the underlying briefing – that is, ECF Nos. 55, 64, and 71.

1  supported by the general principle that such motions are "disfavored" to begin with and should

2  "be used sparingly in the interest of finality and conservation of judicial resources." *See Doyle v.*

3  *Gittere*, No. 3:00-cv-00101-RCJ-WGC, 2019 WL 4956152, at *1 (D. Nev. Oct. 7, 2019) quoting

4  *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

5      Here, the Court issued its Order Sustaining in Part Objection and Adopting and Modifying

6  in Part Report & Recommendation was on September 30, 2020. ECF 72. Plaintiff's instant

7  motion, filed more than one year later on November 5, 2021, was not made within a reasonable

8  time. On October 29, 2020, Plaintiff a filed a Notice of Appeal from the Order at issue, which

9  sought to challenge the court's ruling as to "Ronaldo's motion to strike documents."  ECF No.

10  73. On November 28, 2020, Defendant timely moved to dismiss the appeal. On December 30,

11  2020, after obtaining two extensions of the deadline to oppose dismissal, Plaintiff opted to

12  voluntarily dismiss the appeal without ever filing an opposition. *See* Dec. 30, 2020, Stipulation

13  and Order to Dismiss Appeal Without Prejudice, attached hereto as Exhibit G; *see also* Jan. 13,

14  2021 Amended Stipulation and Order to Dismiss Appeal with Prejudice, attached hereto as

15  Exhibit H.

16      Plaintiff's Notice of Appeal clearly demonstrates she took issue with the Court's ruling as

17  to "Ronaldo's motion to strike documents." ECF No. 73. But even after Plaintiff voluntarily

18  dismissed the appeal, she nevertheless failed to seek reconsideration or any other type of relief

19  until faced with an Order recommending case terminating sanctions. Indeed, nothing has occurred

20  in the thirteen months since the Order was issued that would justify reconsideration now. Rather,

21  Plaintiff's motion is based primarily on what she perceives as the Court's legal error in rejecting

22  Plaintiff's earlier arguments concerning Defendant's purported waiver of the attorney-client

23  privilege. Plaintiff could have made these same arguments immediately following the Court's

24  Order. Aside from a thinly veiled attempt to argue a change in the controlling law, Plaintiff fails

25  to explain, or even address why she waited until now to do so. This Court should deny the motion

26  on this basis alone.

27  / / /

28  / / /

3

**B. PLAINTIFF'S RECONSIDERATION MOTION PRESENTS NO VALID BASIS FOR RECONSIDERATION OF THE COURT'S ORDER.**

LR 59-1 provides that an interlocutory order may be reconsidered "for cause," and also when (1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. *See* LR 59-1.

Motions for reconsideration are disfavored. *See*, *e.g.*, i*d*. Reconsideration is "an extraordinary remedy" which should "be used sparingly in the interests of finality and conservation of judicial resources." *See Doyle*, 2019 WL 4956152, at *1. Such a motion should not be granted, other than in the three enumerated situations above, absent "highly unusual circumstances." *Id*. Movants who simply repeat arguments already presented will be subject to sanctions. *See* LR 59-1. "A motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Franklin v. Arguello*, No. 3:15-cv-00196-RCJ-WGC, 2017 WL 662903, at *2 (D. Nev. Feb. 17, 2017) citing *United States v. Huff*, 782 F.3d 1221, 1224 (10th Cir.).

### i.   <u>Plaintiff Offers No Change in Controlling Law.</u>

Relying on a September 2021 decision from the Nevada Supreme Court, Plaintiff claims the law on asserting attorney-client privilege has somehow been revolutionized and under this so-called "new" precedent, Defendant has waived such protections. (ECF 143 at 3-6, citing in significant part to *Superpumper, Inc., v. Leonard*, 137 Nev. Adv. Op. 43 (2021)). The *Superpumper* decision did not change the threshold showing required to claim the protections of the attorney client privilege. *Id*. at *107. Rather, as Plaintiff directly quotes, the Nevada Supreme Court simply reiterated that pursuant to NRCP 26(b)(5)(A), the party asserting the attorney-client privilege, "must…expressly make the claim…and describe the nature of the documents, communications, or tangible things" so as to "enable other parties to assess the claim.'" *Id*. Thus, contrary to Plaintiff's assertions otherwise, there has been no change in controlling law that could justify rehearing or reconsidering the Court's Order.

4

ii.   **Plaintiff Fails to Establish the Court's Order is Clearly Erroneous**.

A clear error, sometimes referred to as a manifest error, "is not demonstrated by the mere disappointment of the losing party." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). Rather, it is the "'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Id*. (internal citation omitted). Stated differently, "[f]or a decision to be considered 'clearly erroneous' it must be 'more than just maybe or probably wrong; it must be dead wrong.'" *Garcia v. Biter*, 195 F. Supp. 3d 1131, 1133 (E.D. Cal. 2016)(internal citation omitted).

a.   **The Stricken Football Leaks Documents are Undeniably Privileged Attorney-Client Communications and Work Product.**

i.   Defendant Specifically Identified the Privileged Nature of the Football Leaks Documents and Plaintiff has Repeatedly Conceded such Documents are Privileged.

Despite relying heavily on *Superpumper* as purportedly "new" Nevada precedent, Plaintiff then goes on to assert that federal law should apply to determination of the privilege. However, FRCP 26(b)(5)(A) is the federal counterpart to NRCP 26(b)(5)(A) and is identical.

Notably, Plaintiff fails to note both rules explicitly state the required disclosure is to be made in a manner that ***does not reveal*** the information that is "itself privileged or protected," but nevertheless allows other parties to "assess the claim." Given that Plaintiff deprived Defendant of this protection by intentionally seeking out, obtaining, reviewing and relying on the stolen confidential and privileged information for fourteen months prior to disclosure, the applicability of either rule is questionable. Equally as troublesome, Plaintiff ignores that Defendant nevertheless expressly asserted the privilege the day immediately following Plaintiff's first disclosure of the subject documents. *See* Email dated September 24, 2019, attached as **Exhibit "A."** Defendant then promptly moved to have the Football Leaks documents stricken, citing in great detail to particular categories of documents, identifying those categories by bates number and describing the nature of the privileged communications and work product. ECF No. 55:8:7-9:10.

Plaintiff's assertion that Defendant failed to identify which of the Football Documents are at issue and which constitute attorney-client communications and work product, is ***patently false***.

1   Despite referencing Defendant's initial Motion to Strike and Maintain Under Seal the Football

2   Leaks documents, Plaintiff apparently failed to read or comprehend its contents. Indeed, the

3   motion, filed more than two years ago in November 2019, specifically cites to and describes with

4   particularity which of the documents are privileged communications, some of which also contain

5   counsel's mental impressions, legal theories and conclusions; which are communications among

6   Defendant's lawyers and investigators; and those which are work product.[2]

7          As if that were not enough, Defendant's Motion for Case Terminating Sanctions and

8   supporting Reply brief again pointed this Court to particular citations to Football Leaks

9   documents consisting of attorney-client communications and work product. Defendant's

10  identification of such privileged materials is further substantiated by declarations from his prior

11  attorneys, Carlos Osorio De Castro and Richard Wright, Esq. See ECF 133 at Exhibits A and B.

12  Mr. Wright specifically affirmed:

13          5.  Having reviewed certain of the pleadings and papers on file in the instant
            litigation, I am aware that Mr. Stovall obtained from a source known as Football
14          Leaks, confidential attorney-client communications and work product related to the
            matter arising from Ms. Mayorga's allegations against Mr. Ronaldo.
15
            6.  In particular, I am aware Mr. Stovall represents that he produced to the
16          Las Vegas Metropolitan Police Department documents he obtained from Football
            Leaks, portions of which I have reviewed and attest are privileged attorney-client
17          communications between myself and my law firm and other lawyers jointly
            representing Mr. Ronaldo as well as privileged attorney work product.  By way of
18          example, documents identified in this litigation as CR-001222-1226, which I am
19

20  _____

21  [2] *Id.* (citing to ECF 44 at Exhibits 4 and 5 and identifying documents contained therein and numbered 0033-73 and
    0254-257 as correspondence between defense counsel and their client(s) made in furtherance of the rendition of legal
22  services; citing documents 0003-32 as communications between Defendant's counsel and investigators who were
    hired by his lawyers to assist counsel with their rendition of legal services and thus, by definition "representatives of
23  the lawyer;" further specifying that documents numbered 0003-73 and 0254-257 are replete with references to and
    reflect counsel's mental impressions, legal theories and conclusions and thus, constitute both protected attorney-
24  client communications and attorney work product; identifying documents numbered 0074-0122 as comprised entirely
    of correspondence between co-counsel for Defendant in which they provide a detailed analysis of their investigation,
25  interviews, mental impressions, conclusions, legal theory and strategy in furtherance of providing Defendant with
    legal advice and services; and finally stating that even if documents numbered 0175-253 are recitations of a question
26  and answer session with Defendant as Plaintiff contends. then they go to the very heart of the attorney-client privilege
    – that is to facilitate and protect candid communications between the attorney and client to promote the administration
27  of justice.  Moreover, documents numbered 0175-253 not only contain what Plaintiff asserts are attorney-client
    communications, they are abound with notes containing impressions of counsel, strategy and legal theories).
28

6

informed are included in Sealed Exhibit P to the instant motion, are privileged attorney-client communications, attaching my privileged work product.

ECF 133 at Exhibit B.

Moreover, Plaintiff herself has identified the privileged nature of the at issue communications.  To avoid any doubt, attendant to Plaintiff's opposition to the underlying motion for case terminating sanctions, Plaintiff also filed a motion seeking in camera review of the Football Leaks documents in which she cited for pages to communications between Defendant's lawyers in an unsuccessful bid to convince the court the crime fraud exception should apply.  ECF 124 at pp. 10-15.

There can be no good faith assertion that Defendant failed to sufficiently assert and identify the applicable attorney-client and work product privileges. Under both longstanding state and federal law, the subject Football Leaks documents consist almost entirely of privileged communications among Defendant's lawyers and investigators.  Any notion Defendant somehow waived the privilege by failing to give adequate notice of the nature of the claimed privilege should be summarily rejected.

ii.   <u>Defendant was Not Required to Prepare a Privilege Log because Plaintiff Unilaterally Requested and Obtained ALL of the Subject Documents and Knew Their Contents</u>.

Plaintiff further contends Defendant's failure to produce a "privilege log" specifically identifying the particular nature of each and every document precludes a finding the subject documents are in fact, confidential and privileged.  Plaintiff yet again ignores that Defendant did in fact, specifically explain and identify the basis of the asserted privileges. Perhaps even more baffling, Plaintiff also fails to explain what purpose a privilege log could possibly serve when she and her counsel already obtained, reviewed, digested and relied upon ALL of the stolen privileged Football Leaks documents.

The reason for production of a privilege log is to allow the opposing party to sufficiently ascertain the basis for the claimed privilege without first having obtained the privileged material itself. *See* FRCP 26(b)(5)(A) and NRCP 26(b)(5)(A).  Plaintiff herself obviated the need for any privilege log because Plaintiff unilaterally sought, obtained, reviewed, digested and relied upon

ALL of the privileged materials without disclosing she possessed the documents for more than fourteen months. Plaintiff did not need a privilege log to enable her counsel to assess the claim of privilege because Plaintiff had the documents, which contained hundreds of pages of materials readily appearing on their face to be attorney-client privileged communications and/or work product.

### b. Defendant Has Never Waived the Attorney-Client Communications or Work Product Privileges.

Without citing any legal authority, Plaintiff contends Defendant has somehow waived the attorney-client or work product privileges by objecting to the authenticity of the subject football leaks documents. However, Defendant's objections based on the authenticity and privileged nature of the Football Leaks documents are not mutually exclusive. To be clear, Defendants have consistently maintained that, 1) the subject documents cannot be authenticated because they were stolen by a cyber hacker; and 2) the documents, on their face, are readily apparent as privileged attorney-client communications and work product. In fact, Plaintiff and her counsel attempted to justify their litigation misconduct by asserting they were not the party to "steal" the subject documents and asked that this Court ascertain the origins of the documents before deciding Defendant's sanctions motion. ECF 143 at 18:17-23. Because Plaintiff and her counsel concede they cannot confirm their origin, Plaintiff cannot possibly demonstrate authenticity of the Football Leaks documents for purposes of admissibility.

Moreover, this argument entirely ignores that Stovall intentionally and expressly sought out stolen confidential and privileged communications and work product, the origins of which were at best, unknown. In rejecting Plaintiff's attempts to justify such misconduct, the Magistrate's Report and Recommendations pointedly noted, "…this information is unverifiable. More importantly, the origins of the Football Leaks documents are too suspicious for Stovall to have ignored in good faith. Stovall was rebuffed in his initial attempts to get the documents from Der Spiegel and Mayorga's former counsel. Ignoring this red flag, Stovall then emailed Football Leaks, asking specifically for privileged material while making no attempt to justify the source." *Id.* at 18:21-26. Simply because Plaintiff cannot show authenticity of the documents does not

1   negate that she and her counsel sought out and received what very clearly appear, even at first

2   glance, to be privileged attorney-client communications and work product.

3   **II.**   **CONCLUSION**

4         In light of the foregoing facts, law and argument, Defendant respectfully requests that this

5   Court deny Plaintiff's Motion to Amend Order Sustaining in Part Objection and Adopting and

6   Modifying in Part Report & recommendation [ECF 72, Section III, P. 24:2-12].

7         Dated this 3rd day of December, 2021.

8                                         CHRISTIANSEN TRIAL LAWYERS

9

10         By_____
          PETER S. CHRISTIANSEN, ESQ.

11         KENDELEE L. WORKS, ESQ.
          KEELY A. PERDUE, ESQ.

12         *Attorneys for Defendant Cristiano Ronaldo*



## CERTIFICATE OF SERVICE

Pursuant to FRCP 5 and LR-5.1, I certify that I am an employee of CHRISTIANSEN TRIAL LAWYERS, and that on this 3rd day of December, 2021, I caused the foregoing document entitled **DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND ORDER SUSTAINING IN PART OBJECTION AND ADOPTING AND MODIFYING IN PART REPORT & RECOMMENDATION [ECF 72, SECTION III, P. 24:2-12] [FILED UNDER SEAL AS ECF NO. 154]** to be filed and served via the Court's CM/ECF electronic filing system upon all registered parties and their counsel.

An employee of Christiansen Trial Lawyers

# Exhibit "A"

# Exhibit "A"

**From:** "Peter S. Christiansen" <pete@christiansenlaw.com>
**Subject: KM v. CR**
**Date:** September 24, 2019 at 2:51:05 PM PDT
**To:** "les@lesstovall.com" <les@lesstovall.com>
**Cc:** Kendelee Works <kworks@christiansenlaw.com>, Jonathan Crain <jcrain@christiansenlaw.com>, Whitney Barrett <wbarrett@christiansenlaw.com>

Mr. Stovall-

Upon review of your untimely Opposition to the Motion to Compel Arbitration, it appears you have attached documents you intentionally obtained which purport to invade my client's attorney client and work product privilege.

We anticipate the Court is going to order you to refile both of your oppositions to comply with her earlier order on sealing the record. I strongly urge you to NOT to disclose to the court or the public this privileged information and to immediately remove all reference to it from the body of your oppositions.

Requesting an opposing party's privileged information is an ethical violation, a violation of the FRCP, potentially a crime and entirely inappropriate. I would appreciate a written response by close of business today so I may advise my client how to proceed. A sanctions motion is presently being drafted while considering all other available remedies.


Peter S. Christiansen, Esq.
Christiansen Law Offices
810 S. Casino Center Boulevard
Las Vegas, NV 89101
Phone (702) 240-7979
Fax (866) 412-6992

This email is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and/or exempt from disclosure under applicable law. If the reader of this email is not the intended recipient, or the employee or agent responsible for delivering the email to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.