PETER S. CHRISTIANSEN, ESQ.
Nevada Bar No. 5254
pete@christiansenlaw.com
KENDELEE L. WORKS, ESQ.
Nevada Bar No. 9611
kworks@christiansenlaw.com
KEELY A. PERDUE, ESQ.
Nevada Bar No. 13931
keely@christiansenlaw.com
CHRISTIANSEN TRIAL LAWYERS
710 S. 7th Street, Suite B
Las Vegas, Nevada 89101
Telephone: (702) 240-7979
Facsimile: (866) 412-6992

*Attorneys for Defendant Cristiano Ronaldo*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KATHRYN MAYORGA,<br><br>               Plaintiff,<br><br>v.<br><br>CRISTIANO RONALDO,<br><br>               Defendant. | CASE NO.: 2:19-cv-00168-JAD-DJA<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION GRANTING DEFENDANT'S MOTION FOR TERMINAL [SIC] SANCTIONS [FILED UNDER SEAL AS ECF NO. 153]** |

The Magistrate Judge's Report and Recommendation properly concluded this Court should grant Defendant's Emergency Motion for Case Terminating Sanctions [ECF No. 143 ruling on ECF No. 111] and denied Plaintiff's Motion for In Camera Review [ECF No. 124]. Defendant sought case terminating sanctions because Plaintiff's counsel, Stovall & Associates ("Stovall") admittedly and intentionally sought stolen attorney-client communications and work product from an alleged cyber hacker. Plaintiff then not only used those documents as exhibits to public filings in this case, but also as support for her counsel's request that the Las Vegas Metropolitan Police Department reopen a decade old investigation to prosecute the Defendant. Despite court orders striking the privileged documents from the record, Plaintiff and Stovall continue to treat the privileged communications as "fair game."

Ruling in favor of Defendant, the Magistrate Judge correctly found, "Anything less than case terminating sanctions would create the dangerous precedent that, so long as a party is willing to risk changing attorneys or paying a fine, they can use privileged information to prosecute, and maybe even win, their case. ECF No. 143 22:10-12. Accordingly, the Magistrate Judge recommended that Plaintiff's case be dismissed with prejudice. *Id.* at 22:20-23. Plaintiff now objects, arguing despite her previous concession the subject documents are "presumptively privileged," that Defendant has somehow failed to meet his burden to demonstrate the subject Football Leaks documents are privileged at all.

Setting aside that the documents were obtained in response to direct and specific requests for attorney client communications and readily appear on their face to be exactly that, Plaintiff herself established the privileged nature of numerous documents. Indeed, in trying to convince this Court the crime-fraud exception should apply, Plaintiff dedicated page after page of the underlying opposition to quoting privileged communications between Defendant's lawyers. In short, there is no dispute the subject Football Leaks documents contain hundreds of pages of privileged attorney-client communications and work product – precisely what Plaintiff explicitly sought and obtained more than fourteen months before ever disclosing them to the Defense.

Seemingly never to be deterred, Plaintiff continues to persist in her relentless attempts to convince this Court that Defendant somehow waived the attorney-client privilege. Plaintiff has repeatedly made this unavailing argument before this Court and each time, it has been squarely rejected. Plaintiff's arguments continue to run contrary to the facts and evidence in this case and should be ignored.

Perhaps more tellingly, Plaintiff does not address the Magistrate Judge's conclusion that presuming the subject Football Leaks documents are privileged, dismissal is the only sanction sufficient to remedy the prejudice caused by Plaintiff's egregious misconduct. In short, the harm caused by Plaintiff's willful disregard of the rules of discovery and our justice system cannot be overstated or undone. Accordingly, Plaintiff's objections should be overruled and the Magistrate Judge's Report and Recommendation for dismissal should be affirmed in its entirety.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. LEGAL ARGUMENT

### A. Legal Standard.

A district court is vested with discretion to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party files timely and specific written objections, the district court is required "to make a *de novo* determination of those portions or specified proposed findings or recommendations to which objection is made." *Id.*; Local Rule IB 3-2(b).[1] *De novo* review does not require a *de novo* hearing but the district court must arrive at its own conclusion as to those portions of the magistrate's findings or recommendations, which are the subject of a specified objection. *Nevada Power Co. v. Monsanto Co.*, 891 F.Supp. 1406, 1412 (D. Nev. 1995).

### B. The stricken Football Leaks Documents are Undeniably Privileged Attorney-Client Communications and Work Product.

  i. <u>Defendant Specifically Identified the Privileged Nature of the Football Leaks Documents and Plaintiff has Repeatedly Conceded such Documents are Privileged</u>.

Relying on a September 2021 decision from the Nevada Supreme Court, Plaintiff claims the law on asserting attorney-client privilege has somehow been revolutionized and under this so-called "new" precedent, Defendant has waived such protections. (ECF 143 at 3-6, citing in significant part to *Superpumper, Inc., v. Leonard*, 137 Nev. Adv. Op. 43 (2021)). The *Superpumper* decision did not change the threshold showing required to claim the protections of the attorney client privilege. *Id.* at *107. Rather, as Plaintiff directly quotes, the Nevada Supreme Court simply reiterated that pursuant to NRCP 26(b)(5)(A), the party asserting the attorney-client privilege, "must…expressly make the claim…and describe the nature of the documents, communications, or tangible things" so as to "enable other parties to assess the claim.'" *Id.* Despite relying heavily on this purportedly "new" Nevada precedent, Plaintiff then goes on to

---

[1] While Defendant has attempted to limit the scope of the instant response to the arguments raised in Plaintiff's objections, Defendant nevertheless incorporates herein by reference the factual and legal contentions contained in the briefing underlying each of the subject motions – that is, ECF Nos. 111, 113, 133, 134,

3

assert that federal law should apply to determination of the privilege. However, FRCP 26(b)(5)(A) is the federal counterpart to NRCP 26(b)(5)(A) and is identical.

Notably, Plaintiff fails to note both rules explicitly state the required disclosure is to be made in a manner that ***does not reveal*** the information that is "itself privileged or protected," but nevertheless allows other parties to "assess the claim."  Given that Plaintiff deprived Defendant of this protection by intentionally seeking out, obtaining, reviewing and relying on the stolen confidential and privileged information for fourteen months prior to disclosure, the applicability of either rule is questionable. Equally as troublesome, Plaintiff ignores that Defendant nevertheless expressly asserted the privilege the day immediately following Plaintiff's first disclosure of the subject documents. ECF 111 at Exbibit E.  Defendant then promptly moved to have the Football Leaks documents stricken, citing in great detail to particular categories of documents, identifying those categories by bates number and describing the nature of the privileged communications and work product.  ECF 55:8:7-9:10.

Plaintiff's assertion that Defendant failed to identify which of the Football Documents are at issue and which constitute attorney-client communications and work product, is ***patently false***. Despite referencing Defendant's initial Motion to Strike and Maintain Under Seal the Football Leaks documents, Plaintiff apparently failed to read or comprehend its contents. Indeed, the motion, filed more than two years ago in November 2019, specifically cites to and describes with particularity which of the documents are privileged communications, some of which also contain counsel's mental impressions, legal theories and conclusions; which are communications among Defendant's lawyers and investigators; and those which are work product.[2]

---

[2] *Id.* (citing to ECF 44 at Exhibits 4 and 5 and identifying documents contained therein and numbered 0033-73 and 0254-257 as correspondence between defense counsel and their client(s) made in furtherance of the rendition of legal services; citing documents 0003-32 as communications between Defendant's counsel and investigators who were hired by his lawyers to assist counsel with their rendition of legal services and thus, by definition "representatives of the lawyer;" further specifying that documents numbered 0003-73 and 0254-257 are replete with references to and reflect counsel's mental impressions, legal theories and conclusions and thus, constitute both protected attorney-client communications and attorney work product; identifying documents numbered 0074-0122 as comprised entirely of correspondence between co-counsel for Defendant in which they provide a detailed analysis of their investigation, interviews, mental impressions, conclusions, legal theory and strategy in furtherance of providing Defendant with legal advice and services; and finally stating that even if documents numbered 0175-253 are recitations of a question and answer session with Defendant as Plaintiff contends, then they go to the very heart of the attorney-client privilege

As if that were not enough, Defendant's Motion for Case Terminating Sanctions and supporting Reply brief again pointed this Court to particular citations to Football Leaks documents consisting of attorney-client communications and work product. Defendant's identification of such privileged materials is further substantiated by declarations from his prior attorneys, Carlos Osorio De Castro and Richard Wright, Esq. See ECF 133 at Exhibits A and B. Mr. Wright specifically affirmed:

> 5. Having reviewed certain of the pleadings and papers on file in the instant litigation, I am aware that Mr. Stovall obtained from a source known as Football Leaks, confidential attorney-client communications and work product related to the matter arising from Ms. Mayorga's allegations against Mr. Ronaldo.
>
> 6. In particular, I am aware Mr. Stovall represents that he produced to the Las Vegas Metropolitan Police Department documents he obtained from Football Leaks, portions of which I have reviewed and attest are privileged attorney-client communications between myself and my law firm and other lawyers jointly representing Mr. Ronaldo as well as privileged attorney work product. By way of example, documents identified in this litigation as CR-001222-1226, which I am informed are included in Sealed Exhibit P to the instant motion, are privileged attorney-client communications, attaching my privileged work product.

ECF 133 at Exhibit B.

Moreover, Plaintiff herself has identified the privileged nature of the at issue communications. To avoid any doubt, attendant to Plaintiff's opposition to the underlying motion for case terminating sanctions, Plaintiff also filed a motion seeking in camera review of the Football Leaks documents in which she cited for pages to communications between Defendant's lawyers in an unsuccessful bid to convince the court the crime fraud exception should apply. ECF 124 at pp. 10-15.

There can be no good faith assertion that Defendant failed to sufficiently assert and identify the applicable attorney-client and work product privileges. Under both longstanding state and federal law, the subject Football Leaks documents consist almost entirely of privileged

---

– that is to facilitate and protect candid communications between the attorney and client to promote the administration of justice. Moreover, documents numbered 0175-253 not only contain what Plaintiff asserts are attorney-client communications, they are abound with notes containing impressions of counsel, strategy and legal theories).

communications among Defendant's lawyers and investigators. Any notion Defendant somehow waived the privilege by failing to give adequate notice of the nature of the claimed privilege should be summarily rejected.

      ii.    <u>Defendant was Not Required to Prepare a Privilege Log because Plaintiff Unilaterally Requested and Obtained ALL of the Subject Documents and Knew Their Contents</u>.

Plaintiff further contends Defendant's failure to produce a "privilege log" specifically identifying the particular nature of each and every document precludes a finding the subject documents are in fact, confidential and privileged. Plaintiff yet again ignores that Defendant did in fact, specifically explain and identify the basis of the asserted privileges. Perhaps even more baffling, Plaintiff also fails to explain what purpose a privilege log could possibly serve when she and her counsel already obtained, reviewed, digested and relied upon ALL of the stolen privileged Football Leaks documents.

The reason for production of a privilege log is to allow the opposing party to sufficiently ascertain the basis for the claimed privilege without first having obtained the privileged material itself. *See* FRCP 26(b)(5)(A) and NRCP 26(b)(5)(A). Plaintiff herself obviated the need for any privilege log because Plaintiff unilaterally sought, obtained, reviewed, digested and relied upon ALL of the privileged materials without disclosing she possessed the documents for more than fourteen months. Plaintiff did not need a privilege log to enable her counsel to assess the claim of privilege because Plaintiff had the documents, which contained hundreds of pages of materials readily appearing on their face to be attorney-client privileged communications and/or work product.

**C. Defendant has never waived the attorney-client communications or work product privileges**

      i.    <u>Defendant has Never Voluntarily Waived any Privileges</u>.

Without citing any legal authority, Plaintiff contends Defendant has somehow waived the attorney-client or work product privileges by objecting to the authenticity of the subject football leaks documents. However, Defendant's objections based on the authenticity and privileged

nature of the Football Leaks documents are not mutually exclusive. To be clear, Defendants have consistently maintained that, 1) the subject documents cannot be authenticated because they were stolen by a cyber hacker; and 2) the documents, on their face, are readily apparent as privileged attorney-client communications and work product. In fact, Plaintiff and her counsel attempted to justify their litigation misconduct by asserting they were not the party to "steal" the subject documents and asked that this Court ascertain the origins of the documents before deciding Defendant's sanctions motion. ECF 143 at 18:17-23. Because Plaintiff and her counsel concede they cannot confirm their origin, Plaintiff cannot possibly demonstrate authenticity of the Football Leaks documents for purposes of admissibility.

Yet again, this argument entirely ignores that Stovall intentionally and expressly sought out stolen confidential and privileged communications and work product, the origins of which were at best, unknown. In rejecting Plaintiff's attempts to justify such misconduct, the Magistrate's Report and Recommendations pointedly noted, "…this information is unverifiable. More importantly, the origins of the Football Leaks documents are too suspicious for Stovall to have ignored in good faith. Stovall was rebuffed in his initial attempts to get the documents from Der Spiegel and Mayorga's former counsel. Ignoring this red flag, Stovall then emailed Football Leaks, asking specifically for privileged material while making no attempt to justify the source." *Id.* at 18:21-26. Simply because Plaintiff cannot show authenticity of the documents does not negate that she and her counsel sought out and received what very clearly appear, even at first glance, to be privileged attorney-client communications and work product.

    ii. <u>Defendant at all Times Has Acted to Protect the Attorney-Client Communication and Work Product Privileges</u>.

The audacity of Plaintiff and her counsel knows no bounds. In absolute defiance of all logic and common sense, Plaintiff argues Defendant somehow voluntarily waived the attorney client privilege by providing this Court, under seal, with copies of documents Plaintiff had already obtained, reviewed, digested, relied upon and provided to LVMPD requesting that it reopen its criminal investigation into the facts underlying this case – documents which are also the subject of orders striking the privileged materials from the record in this case. Ignoring that Plaintiff

herself attached the subject Football Leaks documents as exhibits to her Opposition to the Motion to Compel Arbitration, in response to which Defendant successfully moved to have such documents stricken from the record and maintained under seal, Plaintiff now asks this Court to find Defendant voluntarily waived his privilege by moving to have the documents stricken; and then by moving for case terminating sanctions when Plaintiff continued to persist in her unrelenting quest to utilize the stolen and privileged communications to prosecute her claims. Accepting Plaintiff's argument as true would mean Defendant effectively had no remedy by which to demonstrate to this Court that Plaintiff and Stovall have continued to violate this Court's express directive striking the privileged documents.

Moreover, the LVMPD file was obtained pursuant to subpoena but the full file was only produced pursuant to a joint request and authorization signed by Plaintiff's counsel. *See* email correspondence between Defense Counsel and LVMPD, a true and accurate copy of which is attached hereto as **Exhibit "A."** In reality, either party could have obtained the full file containing the stolen, confidential and privileged Football Leaks documents. Additionally, the privileged Football Leaks documents in LVMPD'S file appeared to have all originated from Plaintiff and/or Stovall. Accordingly, Plaintiff's assertion that Defendant waived the privilege by producing a jointly requested LVMPD file containing documents Plaintiff sought out and produced to LVMPD in the first place is wholly without merit. For Plaintiff to assert she was not on notice of Defendant's assertion of privilege over the entire body of Football Leaks documents is disingenuous at best and should not be well taken by this Court.

### D. There is No Court Order to Contradict the Recommendation for Dismissal Such that Judicial Estoppel Could Apply.

Plaintiff contends because Defendant recognized disqualification of counsel may have been one available sanction at the time he sought to have the Football Leaks documents stricken, that he is now judicially estopped from seeking dismissal [an entirely different sanction] or disqualification. ECF 153 at pp. 16-18 (citing in relevant part *Hendrick & Lewis, PLLC v. Clinton*, 766 F.3d 991, 1001 (9th Cir. 2014); *Jackson v. County of Los Angeles*, 60 Cal. App. 4th 171, 183 (1997)). Tellingly, Plaintiff fails to even mention the factors to be considered when assessing

whether judicial estoppel should be applied. Presumably because such a showing could never be met under the facts of this case.

In both *Clinton* and *Jackson* (upon which Plaintiff relies), the courts recognized that for judicial estoppel to apply, a party's later position must be totally inconsistent with its earlier position; the party must have been successful in asserting the first position (i.e., the tribunal adopted or accepted the first position as true such that acceptance of the later position would create the appearance that one of the tribunals had been misled); and whether the party asserting the inconsistent position would derive an unfair advantage. *Clinton*, 766 F.3d at 1001; *Jackson*, 60 Cal.App.4th at 181-82.

First, it is difficult to fathom how recognizing the sanction of disqualification is available to remedy misconduct and then later seeking that sanction or a more severe sanction when the misconduct continues, is anything but consistent. Equally as significant, prior to the instant Report and Recommendations finding dismissal to be the appropriate remedy, this Court had never ruled on whether disqualification or dismissal would be an available remedy because neither were sought.  Said another way, this Court has never before accepted or rejected ***any*** position regarding case terminating sanctions or disqualification. Accordingly, affirming the recommendation for dismissal could never give rise to the appearance that the tribunal has been misled.  In short, there is no legal or factual basis upon which to find Defendant should be judicially estopped from seeking case terminating sanctions or disqualification.

**E. In Defiance of this Court's Order Striking the Privileged Materials, Plaintiff has Consistently Maintained the Football Leaks documents Could be Used to Prosecute her Claims.**

Plaintiff's final arguments in objection to the recommendation for dismissal hinge on the assertion she and Stovall have "complied" with all court orders in this case and that all Football Leaks documents Plaintiff provided to LVMPD were also produced to Defendant. Plaintiff dedicates pages of her objection to arguing there is no evidence Plaintiff produced additional pages of documents to LVMPD that were not disclosed in this case. However, the Report and Recommendations actually gave Plaintiff a pass on this issue. To be clear, footnote 3 specifically

1  stated, "the Court thus does not base its recommendation for terminating sanctions on the
2  allegation that Stovall provided LVMPD with documents he did not produce to Ronaldo in this
3  litigation." ECF 143 at p. 17, Note 3.  It is noteworthy that prior to the instant Objections, Stovall
4  had simply maintained he had not before seen the additional undisclosed documents but now
5  takes a much stronger stance, proclaiming for the first time he never provided such documents to
6  LVMPD. Nevertheless, the recommendation for case terminating sanctions is not premised on
7  this assertion, which makes Plaintiff's objection in this regard a moot point.

8  With respect to Plaintiff's so-called compliance with this Court's prior orders and
9  admonitions regarding the Football Leaks documents, Defendant's underlying motion for case
10 terminating sanctions sets-forth in painstaking detail the manner in which Plaintiff ignored such
11 directives. *See* ECF 111 at pp. 7-11; ECF 111 at Exhibit C. Plaintiff and her counsel continued to
12 use not just the Football Leaks documents, but the information they clearly reviewed, digested
13 and retained for more than a year before disclosing the privileged materials in this case. *Id.*
14 Moreover, the Magistrate Judge's recommendations further summarize the prejudicial manner
15 Stovall has continued to wield the Football Leaks documents even since being faced with the
16 instant motion for case terminating sanctions:

> …Stovall also has a propensity to use the documents whenever possible, treating them as if they were authenticated evidence. Even after the Court struck the Football Leaks documents record, Stovall has continued to use their contents to paper the docket with expensive and frivolous motions. For example, Stovall quotes the Football Leaks documents to argue that the settlement agreement was illegal, an issue not in front of this Court. Stovall also uses the Football Leaks documents – in direct violation of *Zolin* and Ninth Circuit precedent – to support his unfounded demand for in camera review. The existing and ongoing prejudice these documents create to Ronaldo's ability to defend this action weigh heavily in favor of dismissal.

23 ECF 143 at 19:22-20:1.
24 Undeterred, Plaintiff and Stovall continue to use the Football Leaks documents to forward
25 frivolous legal theories and motions. Plaintiff relies directly on the Football Leaks documents in
26 making the instant objection, as well her objections to the Order denying in camera review. See
27 ECF 152. Even more troubling, Plaintiff relies on the stricken Football Leaks documents in
28 moving to amend the order initially striking the stolen and privileged communications - an order

10

that was filed nearly two years ago, which Plaintiff appealed to the Ninth Circuit only to voluntarily dismiss after seeking multiple extensions of the time to oppose Defendant's motion for dismissal for lack of jurisdiction. *See* ECF 154 (moving to "amend/correct" ECF 72).

Plaintiff brazenly asks this Court to accept that because Stovall now asserts he will not use the Football Leaks documents as exhibits during deposition questioning, that the prejudice to Defendant has been cured. Nonsense. As Magistrate Judge Albregts properly and succinctly concluded, sanctions less than dismissal will not suffice:

> …because Stovall and Mayorga have read, reviewed and thoroughly analyzed the Football Leaks documents, their knowledge of the documents' contents cannot be undone. There is no possible way for this case to proceed where the Court cannot tell what arguments and testimony are based on these privileged documents.

ECF 143 at 21:20-24.

## II.    CONCLUSION

In light of the foregoing facts, law and argument as well as those set-forth in the underlying briefing, Defendant respectfully requests that this Court overrule Plaintiff's Objections and instead affirm the Magistrate Judge's Order and Report and Recommendation [ECF 143] in its entirety.

Dated this 3rd day of December, 2021.

CHRISTIANSEN TRIAL LAWYERS

By_____
PETER S. CHRISTIANSEN, ESQ.
KENDELEE L. WORKS, ESQ.
KEELY A. PERDUE, ESQ.
*Attorneys for Defendant Cristiano Ronaldo*

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5 and LR-5.1, I certify that I am an employee of CHRISTIANSEN TRIAL LAWYERS, and that on this 3rd day of December, 2021, I caused the foregoing document entitled **DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION GRANTING DEFENDANT'S MOTION FOR TERMINAL [SIC] SANCTIONS [FILED UNDER SEAL AS ECF NO. 153]** to be filed and served via the Court's CM/ECF electronic filing system upon all registered parties and their counsel.

_____
An employee of Christiansen Trial Lawyers

# Exhibit "A"

# Exhibit "A"

**From:** Keely Perdue keely@christiansenlaw.com
**Subject:** Ronaldo adv. Mayorga
**Date:** April 13, 2021 at 11:00 AM
**To:** m16091c@lvmpd.com
**Cc:** Peter S. Christiansen pete@christiansenlaw.com, Kendelee Works kworks@christiansenlaw.com

Mr. Christian,

Please see the attached authorization signed by Ms. Mayorga. Please advise when we can expect to receive the requested documents.

Thank you,

Keely A. Perdue, Esq.
Christiansen Trial Lawyers
710 South 7th Street, Suite B
Las Vegas, NV 89101
Phone (702) 240-7979
Fax (866) 412-6992



This email is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and/or exempt from disclosure under applicable law. If the reader of this email is not the intended recipient, or the employee or agent responsible for delivering the email to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

📄 PDF
2021.04.13
Authori...PD.pdf