PETER S. CHRISTIANSEN, ESQ.
Nevada Bar No. 5254
pete@christiansenlaw.com
KENDELEE L. WORKS, ESQ.
Nevada Bar No. 9611
kworks@christiansenlaw.com
KEELY A. PERDUE, ESQ.
Nevada Bar No. 13931
keely@christiansenlaw.com
CHRISTIANSEN TRIAL LAWYERS
710 S. 7th Street
Las Vegas, Nevada 89101
Telephone:    (702) 240-7979
Facsimile:     (866) 412-6992
*Attorneys for Defendant Cristiano Ronaldo*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KATHRYN MAYORGA,<br><br>            Plaintiff,<br><br>v.<br><br>CRISTIANO RONALDO,<br><br>            Defendant. | CASE NO.:    2:19-cv-00168-JAD-DJA<br><br>**DEFENDANT'S LIMITED REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER** |

Defendant Cristiano Ronaldo hereby files his limited Reply to Plaintiff's Response to Defendant's Motion for Protective Order, which sought to preclude the Las Vegas Metropolitan Police Department ("LVMPD") from releasing to the New York Times ("NYT"), its investigative file regarding Plaintiff's underlying criminal accusations against Defendant. Since the filing of the instant Motion for Protective Order, Defendant's counsel learned LVMPD has shifted positions and now does not intend to release ***any*** portion of the investigative file arising from Plaintiff's accusations against Defendant unless and until a court instructs otherwise.[1] As such, the issues raised in Defendant's motion appear to have been rendered moot. Additionally, jurisdiction over these issues would be more properly decided by the state court.

---

[1] *See* Declaration of Kendelee L. Works, Esq., attached hereto as Exhibit A at ¶ 4.

Prior to the filing of Defendant's Motion for Protective Order, LVMPD informed Defendant's Counsel it did not intend to produce the Football Leaks documents, which Plaintiff and her counsel provided to LVMPD, and are, on their face, privileged attorney-client communications and work product.[2]  However, LVMPD would only agree to not produce the remaining portions of the investigative file if Defendant filed an objection to such production with the court.[3]  Defendant understands and acknowledges LVMPD is not a party to this litigation, nor subject to a subpoena in this case.  Moreover, jurisdiction over the propriety of the NYT's public records request for the LVMPD file more properly lies with the Eighth Judicial District Court, Clark County.[4]  However, out of an abundance of caution and based upon LVMPD's representations, Defendant sought a protective order from this Court to avoid any argument Defendant had somehow waived or failed to adequately assert and protect the attorney-client and work product privileges.[5]  Given that LVMPD has now indicated it will not produce ***any*** of its file absent a court order otherwise, Defendant's Motion for Protective Order appears to have been rendered moot.

Although LVMPD informed Defense Counsel it would be filing a notice with this Court indicating it believes there are privacy interests on the part of both Plaintiff and Defendant that preclude disclosure; and further, that it would not produce the file absent a court order otherwise, such notice has not yet been filed.[6]  Additionally, the New York Times ("NYT) has indicated it intends to file a response to Defendant's Motion for Protective Order and/or Plaintiff's Motion for Injunction [ECF 168], and all parties have agreed the deadline for NYT to file whatever brief or response it deems fit, shall be December 29, 2021.[7]  Nevertheless, any determination of such

---

[2] *Id.* at ¶¶ 4-5.

[3] *Id.*

[4] *See* NRS 239.011;  *Cariega v. City of Reno*, No. 3:16-cv-00562-MMD-WGC, 2017 WL 3299030, at *3 (D. Nev. Aug. 2, 2017)(unpublished)(finding issues related to whether a party should be required to comply with a public records request to a city agency is not a claim over which the federal court could properly exercise supplemental jurisdiction and noting the requested relief rests with the "district court in the county in which the book or record is located.").

[5] Exhibit A at ¶ 8.

[6] *Id.* at ¶¶ 4-5.

[7] *Id.* at ¶ 8.

1    issues would be more appropriately made by the state district court in the county in which the

2    request was made, that is Clark County.[8]

3          To avoid any doubt, Defendant maintains his objection to the release of any portion of

4    LVMPD's investigative file arising out of Plaintiff's accusations against Defendant.  To the extent

5    this Court deems necessary a substantive response to the issues raised in Plaintiff's Response to

6    Defendant's Motion for Protective Order, Defendant notes the issues raised by Plaintiff are the

7    exact same arguments raised in Plaintiff's Objections to Report and Recommendation Granting

8    Defendant's Motion for Terminal [sic] Sanctions [ECF 153]; Plaintiff's Objections to Magistrate

9    Judge's Recommendation Denying In Camera Review [ECF 152]; and Plaintiff's Motion to

10   Amend Order Sustaining in Part Objection and Adopting and Modifying in Part Report &

11   Recommendation [ECF 154].   Accordingly, Defendant incorporates by reference herein the

12   factual and legal arguments set forth in his Responses to said objections and motion, that is ECF

13   Nos. 162, 163 and 164.  In the event this Court opts to exercise jurisdiction, it should preclude

14   release of LVMPD's entire investigative file for the reasons set-forth in the foregoing briefs and

15   underlying motion.  Nevertheless, without waiving such objections, Defendant acknowledges the

16   subject motion has likely been rendered moot; and in any event, should more appropriately be

17   determined by the state district court.

18          Dated this 21st day of December, 2021.

19                                        CHRISTIANSEN TRIAL LAWYERS

20                          By_____

21                                        PETER S. CHRISTIANSEN, ESQ.
                                          KENDELEE L. WORKS, ESQ.
22                                        KEELY A. PERDUE, ESQ.
                                          *Attorneys for Defendant Cristiano Ronaldo*
23

24

25

26

27

28   ---
     [8] *Cariega*, No. 3:16-cv-00562-MMD-WGC, 2017 WL 3299030, at *3.

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5 and LR-5.1, I certify that I am an employee of CHRISTIANSEN TRIAL LAWYERS, and that on this 21st day of December, 2021, I caused the foregoing document entitled **DEFENDANT'S LIMITED REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER** to be filed and served via the Court's CM/ECF electronic filing system upon all registered parties and their counsel. I further certify that I served the following parties and/or their counsel by email as follows:

Jacqueline V. Nichols, Esq.
jnichols@maclaw.com
Counsel for Las Vegas Metropolitan Police Department

Maggie McLetchie, Esq.
McLetchie Law
602 S. 10th Street
Las Vegas, NV 89101
maggie@nvlitigation.com
Counsel for The New York Times Company



An employee of Christiansen Trial Lawyers



# EXHIBIT A

# EXHIBIT A

1  PETER S. CHRISTIANSEN, ESQ.
   Nevada Bar No. 5254
2  pete@christiansenlaw.com
   KENDELEE L. WORKS, ESQ.
3  Nevada Bar No. 9611
   kworks@christiansenlaw.com
4  KEELY A. PERDUE, ESQ.
   Nevada Bar No. 13931
5  keely@christiansenlaw.com
   CHRISTIANSEN TRIAL LAWYERS
6  710 S. 7th Street
   Las Vegas, Nevada 89101
7  Telephone:   (702) 240-7979
   Facsimile:    (866) 412-6992
8  *Attorneys for Defendant Cristiano Ronaldo*

9



**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KATHRYN MAYORGA,<br><br>                    Plaintiff,<br><br>v.<br><br>CRISTIANO RONALDO,<br><br>                    Defendant. | CASE NO.:   2:19-cv-00168-JAD-DJA |

**DECLARATION OF KENDELEE L. WORKS, ESQ.**

I, KENDELEE L. WORKS, ESQ., declare and state as follows:

1.      I am an attorney licensed to practice law in the State of Nevada and am counsel for Defendant Cristiano Ronaldo. I am admitted to practice in the United States District Court, District of Nevada.

2.      I make this declaration based on my own personal knowledge of the case and, if called as a witness, could competently testify thereto.

3.      Prior to the filing of Defendant's Motion for Protective Order, Counsel for the Las Vegas Metropolitan Police Department ("LVMPD"), Jackie Nichols, Esq., informed me LVMPD did not intend to produce the Football Leaks documents, which Plaintiff and her counsel provided to LVMPD, and are, on their face, privileged attorney-client communications and work product.

I was further informed however, that LVMPD would only agree to not produce the remaining portions of the investigative file if Defendant filed an objection to such production with the court.

4.      Since the filing of the instant Motion for Protective Order, Defendant's counsel learned LVMPD has shifted positions and now does not intend to release *any* portion of the investigative file arising from Plaintiff's accusations against Defendant unless and until a court instructs otherwise. Specifically, on December 15, 2021, I spoke with Ms. Nichols, who informed me LVMPD would be filing a notice confirming that: 1) LVMPD believes there are privacy interests on both sides (i.e., for Ms. Mayorga as a victim of an alleged sexual assault, and for Mr. Ronaldo having been accused of a crime but never arrested or charged with the case being closed) precluding disclosure of their entire file; and 2) LVMPD would not disclose any documents until the court makes a determination as to what, if anything, should be produced.

5.      As of the time of filing the instant Reply, no notice or response from LVMPD has been filed or otherwise received.

6.      On December 15, 2021, I spoke with Counsel for The New York Times Company ("NYT"), Maggie McLetchie, at which time I agreed to the NYT's request for two additional weeks to file whatever brief or appearance it deems fit, making the NYT's response due December 29, 2021.  A stipulation to that end has been drafted and circulated and will be filed as soon as all parties agree to the language contained therein.

7.      Defendant's counsel understands and acknowledges LVMPD is not a party to this litigation, nor subject to a subpoena in this case.   Defendant's counsel also believes jurisdiction over the propriety of the NYT's public records request for the LVMPD file more properly lies with the Eighth Judicial District Court, Clark County. However, out of an abundance of caution and based upon LVMPD's representations, Defendant sought a protective order from this Court to avoid any argument Defendant had somehow waived or failed to adequately assert and protect the attorney-client and work product privileges.

8.      Given that LVMPD has now indicated it will not produce *any* of its file absent a court order otherwise, Defendant's Motion for Protective Order appears to have been rendered

2

1  moot.  Equally as significant, any determination of such issues would be more appropriately made

2  by the state district court in the county in which the request was made, that is Clark County.

3      9.      I declare under penalty of perjury under the laws of the United States and the State

4  of Nevada that the foregoing is true and correct.

5      Executed this 21st day of December, 2021.

6

7

8  KENDELEE L. WORKS, ESQ.

9



10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3