**Marquis Aurbach Coffing**
Nick D. Crosby, Esq.
Nevada Bar No. 8996
Jackie V. Nichols, Esq.
Nevada Bar No. 14246
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
ncrosby@maclaw.com
jnichols@maclaw.com
  Attorneys for Real Party in Interest, Las Vegas Metropolitan Police Department

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| KATHRYN MAYORGA,<br><br>                              Plaintiff,<br><br>        vs.<br><br>CRISTIANO RONALDO,<br><br>                              Defendant. | Case Number:<br>2:19-cv-00168-JAD-DJA<br><br><u>**NOTICE REGARDING REAL PARTY IN INTEREST'S, LAS VEGAS METROPOLITAN POLICE DEPARTMENT, CRIMINAL INVESTIGATIVE FILE**</u> |

Real Party in Interest, the Las Vegas Metropolitan Police Department (the "Department" or "LVMPD"), by and through their attorneys of record, Nick D. Crosby, Esq. and Jackie V. Nichols, Esq., of the law firm Marquis Aurbach Coffing, hereby submit their Notice Regarding Real Party in Interest's. Las Vegas Metropolitan Police Department, Criminal Investigative File.

MAC:14687-228 4560896_1 12/28/2021 9:50 AM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

<div style="margin-left:auto; text-align:center; writing-mode:vertical">

**MARQUIS AURBACH COFFING**
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

</div>

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Currently before this Court are two pending motions seeking to prohibit the Las Vegas Metropolitan Police Department's ("LVMPD") from disclosing its criminal investigative file regarding an alleged sexual assault that occurred in 2009. LVMPD produced its criminal investigative file in the instant case pursuant to a Subpoena Duces Tecum. It is LVMPD's understanding that such records are currently subject to a protective order in this case and particular records within the file have been deemed privileged under both attorney-client and work product. LVMPD has since received public record requests for the subject investigative file. LVMPD took the position that the records could be disclosed in redacted form. Due to the filings in the instant case and the protective order, however, LVMPD has not produced any records and defers to this Court for instructions.

### II.   STATEMENT OF FACTS

#### A.   THE CRIMINAL INVESTIGATION.

LVMPD, as a metropolitan police department, is responsible, in part, for conducting investigations into alleged criminal conduct. In particular to this instant action, a victim reported to LVMPD an allegation of sexual assault sometime in 2009. LVMPD conducted an initial criminal investigation, but no criminal charges were filed as no person of interest was identified. Nearly a decade later, in 2018, the criminal investigation was reopened at the request of the victim who identified a person of interest and wanted to move forward with criminal charges.

LVMPD received additional records from the victim and her counsel in an effort to support the reopening of the criminal investigation. This included documents, which the Magistrate Judge has since declared to be protected by the attorney-client and work product privilege, between the person of interest and his counsel (these documents are referred as the "Football Leak" documents). While LVMPD further investigated the alleged sexual assault, the Clark County District Attorney's Office denied criminal charges.

MAC:14687-228 4560896_1 12/28/2021 9:50 AM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

**B.      THE INSTANT CASE AND SUBPOENA OF THE INVESTIGATIVE FILE.**

In 2018, a civil lawsuit ensued stemming from the 2009 alleged sexual assault between the victim and the person of interest (hereinafter referred to as the "Civil Case"). As part of the Civil Case, counsel representing the person of interest subpoenaed LVMPD for its entire criminal investigative file regarding the alleged sexual assault on March 31, 2021. *See* Subpoena attached as **Exhibit A**.  This included information from both the 2009 and 2018 investigations. Prior to releasing the requested records, LVMPD requested and obtained a signed authorization from the victim in accordance with NRS 200.3771.

It was also LVMPD's understanding that the released records would further be subject to a protective order prohibiting public disclosure of the records in the Civil Case. The Parties have confirmed that the criminal investigative file produced in response to the subpoena is deemed confidential and subject to the protective order in the Civil Case.  See ECF No. 101.  Recently, the Magistrate Judge in the Civil Case concluded that the Football Leak documents are subject to the attorney-client and work product privileges.  *See* ECF No. 143Based on the arguments presented by the person of interest, the Magistrate Judge recommended case-ending sanctions. This particular issue remains pending before this Court. *Id.*

**C.      THE PUBLIC RECORD REQUESTS AND LVMPD'S RESPONSE.**

LVMPD has received several public record requests for the criminal investigative file involving the alleged sexual assault that occurred in 2009.  In particular, The New York Times ("NYT") was one of the first media outlets that submitted a request for the criminal investigative file involving the person of interest. LVMPD informed NYT that the records sought contained confidential information pursuant to NRS 200.3771 and that both the victim and the person of interest had non-trivial privacy interests in the information contained in the records and these interests outweighed NYT's interest in disclosure.  When LVMPD initially responded to NYT, it was unaware of any pending motion for sanctions by the person of interest or any Report and Recommendation made by the Magistrate Judge.

MAC:14687-228 4560896_1 12/28/2021 9:50 AM

NYT responded and claimed, because the victim has reported the alleged sexual assault to the media and initiated the Civil Case, any privacy interest that existed had diminished. Based on NYT's position, LVMPD concluded that it could produce certain requested records in a redacted format and remain in compliance with NRS 200.3771 and ensure that the privacy interests of the persons involved were protected.   At this time, LVMPD learned of the Report and Recommendation issued by the Magistrate Judge in the Civil Case.   As a result, LVMPD informed NYT that it would produce its criminal investigative file in redacted form but would not produce any records that contained attorney-client and/or work-product information (i.e. Football Leak documents). *See* Letter to NYT attached hereto as **Exhibit B**.

Due to the fact that LVMPD understood that a protective order was in place in the Civil Case and the requested records were subject to the protective order, LVMPD informed counsel for both the victim and person of interest that it had received a public records request and that LVMPD intended to comply with its obligations under the NPRA and produce the criminal investigative file in redacted format. *See* Letters to Counsel dated November 18, 2021, collectively attached hereto as **Exhibit C**.

Both the victim and person of interest objected to the disclosure of the criminal investigative file. *See* Email from Ms. Kendelee Works attached hereto as **Exhibit D**; Letter from Mr. Les Stovall attached hereto as **Exhibit E**. As a result of LVMPD's representation that it intended disclose the requested records in redacted format, the person of interest filed a Motion for a Protective Order in the Civil Case seeking to prohibit LVMPD from disclosing the criminal investigative file. *See* ECF No. 161. Upon receiving the Motion for Protective Order, LVMPD informed NYT that it would not be disclosing the requested records until the federal District Court issued a decision on the pending motion. Subsequently, the victim filed a Motion for Preliminary Injunction, requesting the Court to enter an order prohibiting LVMPD from disclosing the Football Leak documents. *See* ECF No. 143.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14687-228 4560896_1 12/28/2021 9:50 AM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

Recently, the person of interest submitted a limited reply in support of its motion for a protective order claiming that the issue is moot because LVMPD has indicated that it would not produce the records absent a court order. *See* ECF No. 169 at 8:12-14. However, the person of interest ignores the fact that LVMPD agreed to withhold the records until *this* Court made a decision on *his* outstanding motion—not any court order. The Court has not yet ruled on either motion.

**D.     LVMPD'S RESPONSIVE RECORDS.**

As a result of the initial 2009 criminal investigation, an Incident Crime Report, Property Report, and a Voluntary Statement were created. These records contain personal identifying information of the victim, including, but not limited to, name, address, birthdate, social security number, telephone number, and details of the alleged sexual assault, including but not limited to, when, where, and how the alleged sexual assault occurred.

In relation to the re-opened 2018 investigation, LVMPD maintains the following records: Declaration of Warrant/Summons; three voluntary statements from the victim; voluntary statements from five witnesses; property reports; lab results; drawing by victim; copy of a letter by victim to person of interest; communications between LVMPD detectives and counsel for victim, which include the Football Leak documents.

The Declaration, voluntary statements, and property reports contain sensitive information, including, names (including the name of the person of interest), addresses, birthdates, social security numbers, telephone numbers, and details of the alleged sexual assault, including but not limited to, when, where, and how the alleged sexual assault occurred. The drawing and personal statement by the victim also details the circumstances involved in the alleged sexual assault. The lab results pertain to DNA results related to property impounded as evidence. The communications in the criminal investigative file include communications between LVMPD detectives, the victim, and her counsel. These communications include emails and correspondence. While LVMPD takes the position that the communications themselves are subject to disclosure, the attachments, including the

1   Football Leak documents, are subject to the attorney-client and work product privilege as

2   determined by the Magistrate Judge and would not be disclosed.

3   **III.   <u>LEGAL ARGUMENT</u>**

4        LVMPD has maintained its position that the subject criminal investigative file could

5   be disclosed in redacted form, with the exception of the attorney-client privileged records.

6   Given the person of interest's wavering position, LVMPD wants to ensure that it is not in

7   violation of this Court's protective by producing the records in a redacted format.[1]  It is

8   worth noting that the records at issue were produced pursuant to a Subpoena Duces Tecum,

9   thus establishing this Court's subject matter jurisdiction over the records. And, both parties

10  in this case acknowledge that such records are subject to a protective order.  If LVMPD

11  were to disclose the records in redacted form, the information not redacted would, in theory,

12  no longer be subject to the protective order as such information would be in the public's eye.

13       **A.     NEVADA'S PUBLIC RECORD ACT.**

14       The NPRA, codified at NRS 239.010 *et. seq.*, governs public records requests to

15  government agencies within Nevada.  Under the NPRA, all public books and public records

16  of governmental entities must remain open to the public, unless "**<u>otherwise declared by law</u>**

17  **<u>to be confidential</u>**."   NRS 239.010(1) (emphasis added). "Under NRS 239.0107(1), upon

18  being presented with a NPRA request, a governmental entity must do one of four things

19  within five business days of receiving a public records request;, a governmental entity must

20  provide notice that it will be unable to make the record available by the end of the fifth

21  business day and provide '[a] date and time after which the public book or record will be

22  available' to inspect or copy, NRS 239.0107(1)(c), *or* provide notice that it must deny the

23  request because the record, or a part of the record, is confidential, and provide "[a] citation

24  to the specific statute or **<u>other legal authority</u>** that makes the public book or record, or a

25

26  _____

[1] Out of an abundance of caution to ensure that LVMPD is not liable to the Parties in this case for

27  invading their respective privacy interests nor liable to the media outlets seeking the records,
    LVMPD filed a Petition for Judicial Confirmation in the Eighth Judicial District Court, Clark

28  County, Nevada pursuant to NRS 43.100 informing the court of the procedural posture of the instant
    case and LVMPD's position regarding disclosure.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14687-228 4560896_1 12/28/2021 9:50 AM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

part thereof, confidential,' NRS 239.0107(1)(d)." *Las Vegas Review-Journal v. City of Henderson*, 441 P.3d 546 (Nev. 2019) (emphasis added) (unpublished).

A court order deeming records confidential falls prohibits an entity from disclosing such records. *See City of Hartford v. Chase*, 942 F.2d 130, 135 (2d Cir.1991) ("a federal court's power to seal documents takes precedence over FOIA rules that would otherwise allow those documents to be disclosed"). In *U.S. v. Loughner*, the Washington Post sought records of an investigation file related to a shooting from the Pima County Sheriff.  807 F.Supp.2d 828, 829 (D. Ariz. 2011).  The records were subject to a protective order, which prohibited the disclosure of the investigative file. *Id*.  The media outlets sought to intervene in the federal case to modify the protective order. *Id*.  While the first issue addressed by the Court was whether the media had a right to intervene, the second issue was whether the media could access the records given that a protective order was in place. *Id*. at 832-33. The Court noted that the Sheriff appropriately denied the media access based protective order in place. *Id*. at 832.  The Court ultimately denied the media access and modified the protective order to permit the Sheriff to disclose records that did not invade privacy interests if it so chose. *Id*. at 836.  Although the Court's reasoning relied on the fact that the matter was subject to federal law, it nonetheless determined that even if state law applied, including Arizona public records law, the protective order and non-disclosure of the records would still be appropriate. *Id*. at 835.

Based on *Loughner*, it does appear that a protective order may prohibit a government agency's disclosure of records in accordance with the state's public records law. Accordingly, LVMPD addresses the applicable privileges to the subject records and defers to this Court, as the records are subject to the protective order.

**B.   IDENTIFYING INFORMATION OF SEXUAL ASSAULT VICTIMS IS CONFIDENTIAL.**

In recognizing the privacy interests of sex crime victims, the Legislature determined that personal information of victims is confidential unless the victim waives it in writing. NRS 200.3774. If someone releases this information without a waiver, they are guilty of a

misdemeanor. NRS 200.3771(5). Also, NRS 41.1398 provides a victim of sexual assault an avenue to seek damages if disclosure of such information occurs in violation of NRS 200.3771-200.3774.

Identifying information of victims of sexual offenses is expressly deemed confidential pursuant to NRS 200.3771. NRS 200.3771 provides that the personal identifying information of a victim of a sexual offense is confidential, including, but not limited to: name, photograph, likeness, address, or telephone number. It further provides the willful violation or the willful neglect of NRS 200.3771 is punishable as criminal contempt. When a statute or regulation expressly and unequivocally deems information confidential, this information is exempt from disclosure under the NPRA. *See City of Sparks v. Reno Newspapers, Inc.*, 399 P.3d 352, 357 (Nev. 2017) (exempting from disclosure under the NPRA the identifying information for medical marijuana businesses based upon NRS 453A.370(5) and NAC 453A.714(1)); NRS 239.010(1)).

More importantly, a public officer is prohibited from releasing such confidential information unless, *inter alia,* a court order is issued pursuant to NRS 200.3771. NRS 200.3773(1)(c). Only under limited circumstances may a Court order the disclosure of the identifying information. *Id.* In such instances, the person requesting the confidential information must demonstrate: (1) good cause exists for the disclosure; (2) disclosure will not place the victim at risk for personal harm; and (3) the victim must have notice of the application and the opportunity to be heard. *Id.*

LVMPD's criminal investigative file pertains to an alleged sexual assault that occurred in 2009. NRS 200.3771 clearly prohibits LVMPD from disseminating identifying information of the victim. Although the statute provides a list of identifying information that cannot be disclosed, it also explicitly includes the language "but not limited to . . . ." In Nevada, the phrasing "but not limited to" requires an expansive construction; *i.e.*, a narrow construction is error. *Sims v. Eighth Judicial Dist. Court*, 125 Nev. 126, 130, 206 P.3d 980, 983 (2009). In *Sims*, the Court was called on to construe NRS 178.415(3), which involves competency hearings. The statute provides that, upon receiving competency reports from

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14687-228 4560896_1 12/28/2021 9:50 AM

the court-appointed competency examiners, the district court "shall permit counsel for both

sides to examine the person or persons appointed to examine the defendant."  Additionally,

"[t]he prosecuting attorney and the defendant may: (a) Introduce other evidence including,

without limitation, evidence related to treatment to competency and the possibility of

ordering the involuntary administration of medication; and (b) Cross-examine one another's

witnesses."  *Id.* at 130, 206 P.3d at 983 (emphasis added).  The Court held that the phrase

"without limitation" is unambiguously broad:

> The plain and unambiguous language of NRS 178.415(3) is expansive and in no way limits the prosecuting attorney's or defense counsel's ability to introduce evidence during the competency hearing.  The plain meaning of the statute is evidenced by the phrases "other evidence" and "without limitation," which denote expansive legislative intent.  *See Alsenz v. Clark Co. School Dist.*, 109 Nev. 1062, 1065, 864 P.2d 285, 287 (1993); *see also St. Paul Mercury Ins. Co. v. Lexington Ins. Co.*, 78 F.3d 202, 206-07 (5th Cir. 1996) (word "including" is generally given expansive reading, even without additional language of "without limitation").

*Id.*  [Emphasis added.]

Based on *Sims*, the "but not limited to" language in NRS 200.3771 must be

construed broadly.  The mere fact that the statute lists certain identifying information

without enumerating all imaginable identifying information is inconsequential given the

Legislature's inclusion of the "but not limited to" language.  Thus, identifying information

inherently includes details of the alleged sexual assault that would identify the victim, such

as details of when and how the sexual assault occurred to the extent that it would lead a

person to the victim's identity.

Accordingly, LVMPD must redact the victim's name, address, telephone number,

social security number, and any details of the alleged sexual assault that would lead to the

victim's identity from the criminal investigative file prior to disclosure.

## C.   NEVADA'S INFORMER PRIVILEGE REQUIRES LVMPD TO REDACT INFORMATION THAT WOULD REVEAL THE IDENTITY OF ANY WITNESS.

LVMPD's criminal investigative file also contains information from and pertaining

to witnesses of the alleged incident. Nevada recognizes the inherent confidentiality of the

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

identity of individuals that disclose information related to the commission of crimes to law enforcement agencies.  NRS 49.335.  Specifically, NRS 49.335 provides:

> The State or a political subdivision thereof has a privilege to refuse to disclose the identity of a person who has furnished to a law enforcement officer information purporting to reveal the commission of a crime.

Importantly, this privilege is not limited to "confidential sources" or "confidential informants," but protects the identity of *any* individual who provides information to LVMPD that purports to reveal the commission of a crime.  This interpretation is further supported by the fact that the privilege no longer exists once the person appears as a witness.  NRS 49.355.  Likewise, the term identity, albeit undefined, is not limited to the individual's name, but also includes any identifying information, such as the actual information provided to law enforcement officers.  Indeed, statutory construction requires such an interpretation.

Generally, when a statute's language is plain and its meaning clear, the courts will apply that plain language.  *Leven v. Frey*, 123 Nev. 399, 403, 168 P.3d 712, 715 (2007).  If a statutory phrase is left undefined, the court will construe the phrase according to its plain and ordinary meaning.  *In re Resort at Summerlin Litig.*, 122 Nev. 177, 182, 127 P.3d 1076, 1079 (2006).  The court must interpret a statute in a reasonable manner, that is, "[t]he words of the statute should be construed in light of the policy and spirit of the law, and the interpretation made should avoid absurd results."  *Desert Valley Water Co. v. State, Engineer*, 104 Nev. 718, 720, 766 P.2d 886, 886–87 (1988).  In reviewing a statute, it "should be given [its] plain meaning and must be construed as a whole and not be read in a way that would render words or phrases superfluous or make a provision nugatory."  *Mangarella v. State*, 117 Nev. 130, 133, 17 P.3d 989, 991 (2001) (internal quotation omitted).

Here, the term "identity" is not defined within the statutory scheme of NRS 49.335.  LVMPD contends that the term "identity" is not limited to an individual's name but includes any information that would otherwise identify an individual.  Had the Legislature limited NRS 49.335 to apply only to a person's name, it would have used the term "name."  Instead, the Legislature cautiously chose the term "identity."   The informer statutory scheme

MAC:14687-228 4560896_1 12/28/2021 9:50 AM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

supports LVMPD's interpretation.  In that respect, NRS 49.355 provides that informer privilege no longer exists if the "informer's interest in the subject matter of his or her communication has been disclosed."  If NRS 49.335 simply applied to an informer's name, there would be no reason to preclude the privilege if the informer's interest in the subject matter of his/her communication has been disclosed.  The definition of "identity" further supports such a construction.  *See* IDENTITY, Black's Law Dictionary (11th ed. 2019) ("The distinguishing personality or attributes of an individual.  More generally, the qualities and attitudes that a person or group of people have, differentiating them from others.")

Construing the term "identity" in NRS 49.335 to include information that would identify the witness, LVMPD must redact information that would identify any witness to the alleged sexual assault.

### D.   ANY RECORDS THAT CONTAIN ATTORNEY-CLIENT OR WORK PRODUCT INFORMATION ARE CONFIDENTIAL.

#### 1.   **The Attorney-Client Privilege.**

The attorney-client privilege is a long-standing privilege at common law that protects communications between attorneys and clients. *See Upjohn Co. v. United States*, 449 U.S. 383, 389, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981). The purpose of the attorney-client privilege is to encourage clients to make full disclosures to their attorneys in order to promote the broader public interests of recognizing the importance of fully informed advocacy in the administration of justice. *Id*.

Nevada codified the attorney-client privilege at NRS 49.095. For this privilege to apply, the communications must be between an attorney and client, for the purpose of facilitating the rendition of professional legal services, and be confidential. *Id*. "A communication is 'confidential' if it is not intended to be disclosed to third persons other than those to whom disclosure is in furtherance of the rendition of professional legal services to the client or those reasonably necessary for the transmission of the communication." NRS 49.055.  Protected communications can be from a lawyer to a client or from a client to a lawyer. *See Upjohn*, 449 U.S. at 390, 101 S.Ct. 677.  Communications

MAC:14687-228 4560896_1 12/28/2021 9:50 AM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

may be disclosed to other persons within a corporation or legal team in order to facilitate the rendition of legal advice without losing confidentiality; however, the disclosure must only be to the limited group of persons who are necessary for the communication, and attempts must be made to keep the information confidential and not widely disclosed. *See Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 863 (D.C. Cir. 1980).

## 2.    The Work Product Privilege.

The work-product doctrine protects more than just communications between a client and attorney, and is thus broader than the attorney-client privilege. *Hickman v. Taylor*, 329 U.S. 495, 508 (1947). "At its core, the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." *United States v. Nobles*, 422 U.S. 225, 238 (1975). Thus, an attorney's work product, which includes "mental impressions, conclusions, opinions, and legal theories of counsel ..., are [protected from disclosure]." *Wardleigh v. Second Judicial Dist. Court*, 111 Nev. 345, 359, 891 P.2d 1180, 1189 (1995).

Nevada's work-product privilege is found at NRCP 26(b)(3), which provides, in relevant part:

> [A] party may obtain discovery of documents and tangible things ... prepared in anticipation of litigation ... by or for another party or by or for that other party's representative ... only upon a showing that the party seeking discovery has substantial need of the materials ... and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

Therefore, like its federal counterpart, FRCP 26(b)(3), NRCP 26(b)(3) protects documents with "two characteristics: (1) they must be prepared in anticipation of litigation or for trial, and (2) they must be prepared by or for another party or by or for that other party's representative." *In re Grand Jury Subpoena (Mark Torf/Torf Envtl. Mgmt.) (Torf)*, 357 F.3d 900, 907 (9th Cir. 2004) (internal quotation marks omitted).

In determining whether materials were prepared in anticipation of litigation, courts generally use one of two tests: (1) the "primary purpose" test or (2) the "because of" test.

MAC:14687-228 4560896_1 12/28/2021 9:50 AM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

The Supreme Court has adopted the "because of" test for determining whether work was done "in anticipation of litigation." *See Wynn Resorts, Ltd. v. Eighth Jud. Dist. Ct. in & for Cty. of Clark*, 133 Nev. 369, 384–85, 399 P.3d 334, 348 (2017).

Under the "because of" test, documents are prepared in anticipation of litigation when "in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." Restatement (Third) of the Law Governing Lawyers § 87 cmt. i (2000) (quoting 8 Charles A. Wright et al., Federal Practice & Procedure § 2024, at 343 (2d ed. 1994) (emphasis added)). The Restatement approach is consistent with Nevada caselaw examining work product and protecting records prepared by or at the request of an attorney, but not records prepared in the normal course of business since those are not prepared because of the prospect of litigation. *See, e.g., Columbia/HCA Healthcare Corp. v. Eighth Judicial Dist. Court*, 113 Nev. 521, 527–28, 936 P.2d 844, 848 (1997) (concluding that hospital's "occurrence reports" were not protected work product because they were prepared in the normal course of business).

The anticipation of litigation must be the sine qua non for the creation of the document—"but for the prospect of that litigation," the document would not exist. *Torf*, 357 F.3d 900, at 908 (quoting *United States v. Adlman,* 134 F.3d 1194, 1195 (2d Cir. 1998). However, "a document ... does not lose protection under this formulation merely because it is created in order to assist with a business decision." *Adlman*, 134 F.3d at 1202. "Conversely ... [this rule] withholds protection from documents that are prepared in the ordinary course of business or that would have been created in essentially similar form irrespective of the litigation." *Id.*

In determining whether the "because of" test is met, the Supreme Court also adopted the "totality of the circumstances" standard based on the Ninth Circuit Court of Appeals reasoning in *Torf. See Wynn,* 133 Nev. 369, 386.

In *Torf*, the Ninth Circuit Court of Appeals stated that

> [t]he "because of" standard does not consider whether litigation was a primary or secondary motive behind the creation of a document. Rather, it considers the totality of the circumstances and affords protection when it can fairly be said that the "document was created because of anticipated litigation, and would not have been created in substantially similar form but for the prospect of that litigation[.]"

357 F.3d at 908 (second alteration in original) (quoting *Adlman*, 134 F.3d at 1195).

In evaluating the totality of the circumstances, the court should "look[ ] to the context of the communication and content of the document to determine whether a request for legal advice is in fact fairly implied, taking into account the facts surrounding the creation of the document and the nature of the document." *In re CV Therapeutics*, 2006 WL 1699536, at *4. Lastly, the court should consider "whether a communication explicitly sought advice and comment." *Id.*

### 3. **Application of the Privileges.**

Here, LVMPD takes the position that the Football Leak documents are subject to the above-mentioned privileges. First, the email communications all appear to be between the person of interest, his representatives, and his various counsel. Additionally, all of the email communications assist with facilitating the rendition of professional legal services. As such, the attorney-client privilege likely applies to the email communications.

As for the other Football Leak documents, it is fairly clear they were created based on the pending litigation and potential criminal charges and contain mental impressions, conclusions, opinions, and legal theories of counsel. It is also important to note that LVMPD did not receive these documents from the person of interest. The victim and her counsel provided LVMPD the Football Leak documents. The person of interest actually alleges these communications and documents were stolen during a computer hack and thus there is no waiver of the privileges. Indeed, the Magistrate Judge in the Civil Case determined there was no waiver. The privilege issue remains pending in the Civil Case before the District Court Judge.

Generally, the NPRA requires a government entity to redact, delete, conceal or separate, including, without limitation, electronically, the confidential information from the

MAC:14687-228 4560896_1 12/28/2021 9:50 AM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

information included in the public book or record that is not otherwise confidential.  NRS 239.010(3); *Clark County Sch. Dist. v. Las Vegas Review-Journal*, 134 Nev. 707, 429 P.3d 320 (2018). ***When redaction of a file would constitute a pointless exercise, non-disclosure of the document is appropriate.***  *Hunt v. F.B.I.*, 972 F.2d 286, 288 (9th Cir. 1992); *Republican Attorneys Gen. Ass'n v. Las Vegas Metro. Police Dep't*, 136 Nev. Adv. Op. 3 (2020).

In *Republican Attorneys Gen. Ass'n,* the Supreme Court explicitly recognized that when dealing with confidentiality, certain items are not subject to redaction, because the very nature of the document itself, is not reasonably capable of redaction to avoid disclosing the confidential information at issue. *Id.* The Court stated:

> We determine that redaction is not possible because all portions of the bodycam footage contain confidential juvenile justice information, even those portions depicting Ford. We are aware that RAGA has not seen the bodycam footage, and we understand that the circumstances of this case require RAGA to trust this court's determination of confidentiality. Under a different set of facts, a governmental entity may be able to separate confidential periods of bodycam footage from substantial nonconfidential periods or blur the occasional juvenile's face to redact or otherwise edit out confidential material. But that is not the case here. Ford's depiction and any communications he makes are inextricably commingled with the confidential juvenile justice information.

*Id.*

Here, the records containing the attorney-client and work-product privilege would result in hundreds of pages entirely blacked out, warranting non-disclosure of these particular records.

**E.    THE PRIVACY INTERESTS OF THE VICTIM AND PERSON OF INTEREST REQUIRE REDACTION OF PERSONAL INFORMATION.**

**1.    The *Cameranesi* Test and the Balancing of Privacy Interests.**

In *Clark Cty. School Dist. v. Las Vegas Review-Journal*, 134 Nev. 700, 707-08, 429 P.3d 313, 320-21 (2018), the Supreme Court specifically found that privacy interests of individuals must be considered in the context of public record requests. In doing so, the Court adopted the two-part test articulated in *Cameranesi v. United States Department of Defense*, 856 F.3d 626, 637 (9th Cir. 2017), for determining if a government entity should

MAC:14687-228 4560896_1 12/28/2021 9:50 AM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

withhold information in a public records request. *Id.* at 708, 429 P.3d at 321. The first step in a *Cameranesi* analysis requires the government to establish that disclosure implicates a personal privacy interest that is nontrivial or more than de minimis. If the government shows that the privacy interest at stake is nontrivial, *the requester must then show that the public interest sought to be advanced is a <u>significant</u> one and the <u>information sought is likely to advance that interest</u>. Id.* (Emphasis added). If the second prong is not met, the information should be redacted.  *Id.* The *Cameranesi* test thus balances "individual nontrivial privacy rights against the public's right to access public information." *Id.* at 708, 429 P.3d at 321. This balancing test approach "ensures that the district courts are adequately weighing the competing interests of privacy and government accountability." *Id.* at 709, 429 P.3d at 321.

## 2.  The Victim and Person of Interest Maintain a Non-Trivial Privacy Interest in the Criminal Investigative File.

The criminal investigative records at issue contain personally identifying information of victims, witnesses, and sensitive information of an alleged crime where the person of interest was neither arrested nor criminally charged. If disclosed without redactions, this information provides the public with (1) the name of the victim and each witness; (2) a stigmatizing investigation concerning an alleged sexual assault where no arrest was made[2]; and (3) highly personal medical history.

In *Clark Cty. School Dist.*, the Supreme Court was presented with a similar question focusing on balancing disclosure under the NPRA with the privacy interests of individuals. 134 Nev. 707-08, 429 P.3d 320-21. There, the Court addressed the disclosure of victims of sexual harassment and support staff who allegedly were harassed by a public official. *Id.* Despite the fact the LVRJ maintained a compelling argument for disclosure based on the involvement of an elected official, the Court still found that privacy interests of the teachers, witnesses, or victims of the harassment were not appropriate for disclosure. *Id.*

---

[2] *See Stern v. Fed. Bureau of Investigation,* 737 F.2d 84, 91–92 (D.C.Cir.1984). (noting individuals have a "strong interest in not being associated unwarrantedly with alleged criminal activity").

MAC:14687-228 4560896_1 12/28/2021 9:50 AM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

More extreme than the issue presented in *CCSD*, this matter involves an alleged sexual assault. First, the privacy interests here are far more sensitive than those recognized by the Supreme Court in *Clark Cty. School Dist.*, as the documents sought have everything from full names, home addresses, details of private parties' intimacy, details of an alleged sexual assault, personal identifying medical information and treatment, and information pertaining to a criminal investigation.[3]  Each of these interests weigh heavily on the scales of privacy and non-disclosure and are far from "trivial" privacy interests.

Here, when the above stated interests in favor of non-disclosure are weighed against any potential *significant* public interest any requester could assert, the scales remain unchanged in favor of non-disclosure. This case has nothing to do with accountability of elected officials, does not deal with any arrest or criminal prosecution, and cannot further any legitimate type of public inquiry. While general allegations of a sexual assault by the victim against the person of interest may have made its way to the media, such bare-boned allegations are insufficient to warrant disclosure of the sensitive information, including intimate details of how the alleged sexual assault occurred.  Furthermore, the lack of an arrest and criminal charges also warrant redaction of any information that could reasonably identify the person of interest.  As such, there is no "*significant* public interest" to further by obtaining the non-disclosed material and redacted documents at issue. *Cameranesi* at 708, 429 P.3d at 321.

Accordingly, LVMPD must redact personal information related to the victim and person of interest, including, but not limited to, details of the sexual assault and any personal identifying information.

## IV.    **CONCLUSION**

In sum, LVMPD seeks clarity from this Court as to whether it's records that were disclosed pursuant to a Subpoena Duces Tecum and now subject to a protective order may

---

[3] Courts consistently have found that "[t]here can be no clearer example of an unwarranted invasion of personal privacy than to release to the public that another individual was the subject of criminal investigation." *Republic of New Afrika v. FBI*, 656 F.Supp. 7, 11 (D.D.C. 1985).  Indeed, the person of interest has expressly asserted that he has such privacy interests here.

MAC:14687-228 4560896_1 12/28/2021 9:50 AM

be disclosed consistent with the Nevada Public Records Act.   At the Court's request, LVMPD will provide the Court with a copy of its proposed redactions for in camera review to ensure that no attorney-client/work product information is disclosed and any privacy interests are protected.

Dated this 28th day of December, 2021.

MARQUIS AURBACH COFFING


By:  /s/ Jackie V. Nichols
      Nick D. Crosby, Esq.
      Nevada Bar No. 8996
      Jackie V. Nichols, Esq.
      Nevada Bar No. 14246
      10001 Park Run Drive
      Las Vegas, Nevada 89145
      Attorneys for Real Party in Interest, Las Vegas Metropolitan Police Department

MAC:14687-228 4560896_1 12/28/2021 9:50 AM

1

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **NOTICE REGARDING REAL PARTY IN INTEREST'S, LAS VEGAS METROPOLITAN POLICE DEPARTMENT, CRIMINAL INVESTIGATIVE FILE** with the Clerk of the Court for the United States District Court by using the court's CM/ECF system on the 28th day of December, 2021.

☒     I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

☐     I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

N/A

 /s/ Rosie Wesp
An employee of Marquis Aurbach Coffing

MAC:14687-228 4560896_1 12/28/2021 9:50 AM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

# Exhibit A
## Subpoena Duces Tecum to LVMPD for Criminal Investigative File

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

RECEIVED

# UNITED STATES DISTRICT COURT
for the
District of Nevada

MAR 3 1 2021

LVMPD RECORDS

MAR 6 2021

| | |
|---|---|
| KATHRYN MAYORGA | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   2:19-cv-00168-JAD-DJA |
| CRISTIANO RONALDO | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                          LAS VEGAS METROPOLITAN POLICE DEPARTMENT

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit 1

| Place: Christiansen Trial Lawyers<br>      710 S. 7th Street, Suite B<br>      Las Vegas, NV 89101 | Date and Time:<br><br>      04/16/2021 9:30 am |
|---|---|

◻ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      03/31/2021

|  CLERK OF COURT | |
|---|---|
| | OR |
| _____ | /s/ Keely A. Perdue, Esq. |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Cristiano Ronaldo
Christiansen Trial Lawyers                                          , who issues or requests this subpoena, are:
Keely A. Perdue; 710 S. 7th Street, Suite B, Las Vegas, NV 89101; keely@christiansenlaw.com; (702) 240-7979

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT 1

**ITEMS TO BE PRODUCED:** Complete copies of records for Event Number/Case Report Number LLV090613001815 (initially opened in 2009 and re-opened in 2018), including but not limited to, investigative reports, surveillance video, actual audio of recorded interviews of all witnesses, witness statements, officer's reports, crime scene reports, incident reports, color photographs, diagrams, test results and medical records, and all other investigative materials, whether maintained in hard copy on tape, on CD or DVD, electronically, or in any other format whatsoever.

# Exhibit B
Letter to NYT dated
November 18, 2021



## MARQUIS AURBACH COFFING

DIRECT LINE: (702) 207-6091
DIRECT FAX: (702) 382-5816
EMAIL: JNICHOLS@MACLAW.COM

ALBERT G. MARQUIS
PHILLIP S. AURBACH
AVECE M. HIGBEE
TERRY A. COFFING
SCOTT A. MARQUIS
JACK CHEN MIN JUAN
CRAIG R. ANDERSON
TERRY A. MOORE
GERALDINE TOMICH
NICHOLAS D. CROSBY
TYE S. HANSEEN
DAVID G. ALLEMAN
CODY S. MOUNTEER
CHAD F. CLEMENT
CHRISTIAN T. BALDUCCI
BRIAN R. HARDY
JORDAN B. PEEL

JARED M. MOSER
KATHLEEN A. WILDE
JACKIE V. NICHOLS
JAMES A. BECKSTROM
COLLIN M. JAYNE
ALEXANDER K. CALAWAY
SUSAN E. GILLESPIE
TABETHA A. MARTINEZ
ROBERT P. LOFTUS, JR.
HAYDEN R. D. SMITH
DOMINIQUE BOSA-
EDWARDS
NICHOLAS J. KLEIN
HARRY L. ARNOLD

JOHN M. SACCO [RET.]
LANCE C. EARL
WILLIAM P. WRIGHT
JENNIFER L. MICHELI
OF COUNSEL

November 18, 2021

**Via Email: jess hui@nytimes.com**

Jess Hui
Legal Department
The New York Times Company
620 Eighth Avenue
New York, New York 10018

Re:     Kathryn Mayorga v. Cristiano Ronaldo
        Federal Court Case Number: 2:19-cv-00168-JAD-DJA

        LVMPD Event No.: NPR2021-0016432
        Our File No. 14687-228

Dear Ms. Hui:

This office has been retained to represent the Las Vegas Metropolitan Police Department in relation to the above-referenced matter. In reviewing the entirety of LVMPD's investigative files concerning Event No. 090613-1815, which involves allegations against Cristiano Ronaldo, LVMPD will be providing you with various reports, including the crime report and property reports; voluntary statements, Declaration of Warrant/Summons, and communications to and from LVMPD regarding the investigation. Any attorney-client records subject to privileges or related records will not be provided. Pursuant to Nevada law, however, LVMPD will redact all personal identifying information of any victims. See NRS 200.3771. LVMPD is currently reviewing, redacting, and preparing the records for disclosure. It is anticipated that these records will be provided you on or about December 1, 2021.

Jess Hui
November 18, 2021
Page 2

Please do not hesitate to reach out to my office if you have any questions or concerns.

Sincerely,

MARQUIS AURBACH COFFING

/s/ Jackie V. Nichols

Jackie V. Nichols, Esq.

JVN:kb

MAC:14687-228 4544385_1 11/18/2021 3:59 PM

**Krista Busch**

| | |
|---|---|
| **From:** | Krista Busch |
| **Sent:** | Thursday, November 18, 2021 4:04 PM |
| **To:** | 'jess.hui@nytimes.com' |
| **Cc:** | Jackie V. Nichols |
| **Subject:** | Letter to Jess Hui (New York Times) re public records / (Mayorga v. Ronaldo) [IWOV-iManage.FID1089275] |
| **Attachments:** | Letter to Jess Hui (New York Times) re public records.pdf |

Please find the enclosed letter in the Mayorga v. Ronaldo matter.  Thank you.



**Krista Busch |** Legal Assistant to
Jacqueline V. Nichols, Esq.
Collin M. Jayne, Esq.
10001 Park Run Drive
Las Vegas, NV 89145
t | 702.821.2412
f | 702.382.5816
kbusch@maclaw.com
maclaw.com

🖨 **Please consider the environment before printing this e-mail!**

DO NOT read, copy or disseminate this communication unless you are the intended addressee. This e-mail communication contains confidential and/or privileged information intended only for the addressee. If you have received this communication in error, please call us (collect) immediately at (702) 382-0711 and ask to speak to the sender of the communication. Also please e-mail the sender and notify the sender immediately that you have received the communication in error. Thank you. Marquis Aurbach Coffing - Attorneys at Law

# Exhibit C
Letters to Counsel dated November 18, 2021



# MARQUIS AURBACH
## COFFING

DIRECT LINE: (702) 207-6091
DIRECT FAX: (702) 382-5816
EMAIL: JNICHOLS@MACLAW.COM

ALBERT G. MARQUIS
PHILLIP S. AURBACH
AVECE M. HIGBEE
TERRY A. COFFING
SCOTT A. MARQUIS
JACK CHEN MIN JUAN
CRAIG R. ANDERSON
TERRY A. MOORE
GERALDINE TOMICH
NICHOLAS D. CROSBY
TYE S. HANSEEN
DAVID G. ALLEMAN
CODY S. MOUNTEER
CHAD F. CLEMENT
CHRISTIAN T. BALDUCCI
BRIAN R. HARDY
JORDAN B. PEEL

JARED M. MOSER
KATHLEEN A. WILDE
JACKIE V. NICHOLS
JAMES A. BECKSTROM
COLLIN M. JAYNE
ALEXANDER K. CALAWAY
SUSAN E. GILLESPIE
TABETHA A. MARTINEZ
ROBERT P. LOFTUS, JR.
HAYDEN R. D. SMITH
DOMINIQUE BOSA-
EDWARDS
NICHOLAS J. KLEIN
HARRY L. ARNOLD

JOHN M. SACCO [RET.]
LANCE C. EARL
WILLIAM P. WRIGHT
JENNIFER L. MICHELI
OF COUNSEL

November 18, 2021

**Via Email: pete@christiansenlaw.com, kworks@christiansenlaw.com and keely@christiansenlaw.com**

Peter S. Christiansen, Esq.
Kendelee L. Works, Esq.
Keely Ann Perdue, Esq.
Christiansen Trial Lawyers
710 S. 7th Street, Suite B
Las Vegas, Nevada 89101

Re:   Kathryn Mayorga v. Cristiano Ronaldo
      Federal Court Case Number: 2:19-cv-00168-JAD-DJA

      LVMPD Event No.: 090613-1815
      Our File No. 14687-228

Dear Counsel:

      This office represents the Las Vegas Metropolitan Police Department in relation to the above-referenced matter. The purpose of this correspondence is to inform you of a public records request LVMPD received from the New York Times for LVMPD's investigative files concerning Event No. 090613-1815, which involves Kathryn Mayorga and Cristiano Ronaldo. In accordance with the Nevada Public Records Act, LVMPD is required to provide the New York Times with responsive public records of the investigation concerning Ms. Mayorga and Mr. Ronaldo. After reviewing the investigative files, LVMPD determined that it will be providing the New York Times with various reports, including the crime report and property reports; voluntary statements, Declaration of Warrant/Summons, and communications to and from LVMPD regarding the investigation. Pursuant to Nevada law, however, LVMPD will redact all personal identifying information of any victims. *See* NRS 200.3771. It is anticipated that these records will be provided to the New York Times on or about December 1, 2021.

Peter S. Christiansen, Esq.
Kendelee L. Works, Esq.
Keely Ann Perdue, Esq.
November 18, 2021
Page 2

      Please do not hesitate to reach out to my office if you have any questions or concerns.

              Sincerely,

              MARQUIS AURBACH COFFING

              /s/ Jackie V. Nichols

              Jackie V. Nichols, Esq.

JVN:kb

MAC:14687-228 4544378_1 11/18/2021 3:36 PM

**Krista Busch**

| | |
|---|---|
| **From:** | Krista Busch |
| **Sent:** | Thursday, November 18, 2021 3:43 PM |
| **To:** | 'pete@christiansenlaw.com'; 'kworks@christiansenlaw.com'; 'keely@christiansenlaw.com' |
| **Cc:** | Jackie V. Nichols |
| **Subject:** | Letter to Defendant's Counsel (Christiansen Trial Lawyers) re public records (Mayorga v. Ronaldo) [IWOV-iManage.FID1089275] |
| **Attachments:** | Letter to Defendant's Counsel (Christiansen Trial Lawyers) re public records.pdf |

Please find the enclosed letter in the Mayorga v. Ronaldo matter.  Thank you.



MARQUIS AURBACH
COFFING

**Krista Busch |** Legal Assistant to
Jacqueline V. Nichols, Esq.
Collin M. Jayne, Esq.
10001 Park Run Drive
Las Vegas, NV 89145
t | 702.821.2412
f | 702.382.5816
kbusch@maclaw.com
maclaw.com

**Please consider the environment before printing this e-mail!**

DO NOT read, copy or disseminate this communication unless you are the intended addressee. This e-mail communication contains confidential and/or privileged information intended only for the addressee. If you have received this communication in error, please call us (collect) immediately at (702) 382-0711 and ask to speak to the sender of the communication. Also please e-mail the sender and notify the sender immediately that you have received the communication in error. Thank you. Marquis Aurbach Coffing - Attorneys at Law

1



## MARQUIS AURBACH
### COFFING

DIRECT LINE: (702) 207-6091
DIRECT FAX: (702) 382-5816
EMAIL: JNICHOLS@MACLAW.COM

ALBERT G. MARQUIS
PHILLIP S. AURBACH
AVECE M. HIGBEE
TERRY A. COFFING
SCOTT A. MARQUIS
JACK CHEN MIN JUAN
CRAIG R. ANDERSON
TERRY A. MOORE
GERALDINE TOMICH
NICHOLAS D. CROSBY
TYE S. HANSEEN
DAVID G. ALLEMAN
CODY S. MOUNTEER
CHAD F. CLEMENT
CHRISTIAN T. BALDUCCI
BRIAN R. HARDY
JORDAN B. PEEL

JARED M. MOSER
KATHLEEN A. WILDE
JACKIE V. NICHOLS
JAMES A. BECKSTROM
COLLIN M. JAYNE
ALEXANDER K. CALAWAY
SUSAN E. GILLESPIE
TABETHA A. MARTINEZ
ROBERT P. LOFTUS, JR.
HAYDEN R. D. SMITH
DOMINIQUE BOSA-
EDWARDS
NICHOLAS J. KLEIN
HARRY L. ARNOLD

JOHN M. SACCO [RET.]
LANCE C. EARL
WILLIAM P. WRIGHT
JENNIFER L. MICHELI
OF COUNSEL

November 18, 2021

**Via Email: les@lesstovall.com and Ross@Lesstovall.com**

Leslie M. Stovall, Esq.
Ross Heber Moynihan, Esq.
Leslie Mark Stovall
2301 Palomino Lane
Las Vegas, Nevada 89107

Re:     Kathryn Mayorga v. Cristiano Ronaldo
        Federal Court Case Number: 2:19-cv-00168-JAD-DJA

        LVMPD Event No.: 090613-1815
        Our File No. 14687-228

Dear Counsel:

        This office represents the Las Vegas Metropolitan Police Department in relation to the above-referenced matter.  The purpose of this correspondence is to inform you of a public records request LVMPD received from the New York Times for LVMPD's investigative files concerning Event No. 090613-1815, which involves Kathryn Mayorga and Cristiano Ronaldo.  In accordance with the Nevada Public Records Act, LVMPD is required to provide the New York Times with responsive public records of the investigation concerning Ms. Mayorga and Mr. Ronaldo.  After reviewing the investigative files, LVMPD determined that it will be providing the New York Times with various reports, including the crime report and property reports; voluntary statements, Declaration of Warrant/Summons, and communications to and from LVMPD regarding the investigation.  Pursuant to Nevada law, however, LVMPD will redact all personal identifying information of any victims.  *See* NRS 200.3771.  It is anticipated that these records will be provided to the New York Times on or about December 1, 2021.

Leslie M. Stovall, Esq.
Ross Heber Moynihan, Esq.
November 18, 2021
Page 2

Please do not hesitate to reach out to my office if you have any questions or concerns.

Sincerely,

MARQUIS AURBACH COFFING

/s/ Jackie V. Nichols

Jackie V. Nichols, Esq.

JVN:kb

MAC:14687-228 4544370_1 11/18/2021 3:35 PM

## Krista Busch

| | |
|---|---|
| **From:** | Krista Busch |
| **Sent:** | Thursday, November 18, 2021 3:41 PM |
| **To:** | 'les@lesstovall.com'; 'Ross@Lesstovall.com' |
| **Cc:** | Jackie V. Nichols |
| **Subject:** | Letter to Plaintiff's Counsel (Leslie Mark Stovall) re public records (Mayorga v. Ronaldo) [IWOV-iManage.FID1089275] |
| **Attachments:** | Letter to Plaintiff's Counsel (Leslie Mark Stovall) re public records.pdf |

Please find the enclosed letter in the Mayorga v. Ronaldo matter.  Thank you.



**Krista Busch |** Legal Assistant to
Jacqueline V. Nichols, Esq.
Collin M. Jayne, Esq.
10001 Park Run Drive
Las Vegas, NV 89145
t | 702.821.2412
f | 702.382.5816
kbusch@maclaw.com
maclaw.com

Please consider the environment before printing this e-mail!

DO NOT read, copy or disseminate this communication unless you are the intended addressee. This e-mail communication contains confidential and/or privileged information intended only for the addressee. If you have received this communication in error, please call us (collect) immediately at (702) 382-0711 and ask to speak to the sender of the communication. Also please e-mail the sender and notify the sender immediately that you have received the communication in error. Thank you. Marquis Aurbach Coffing - Attorneys at Law

# Exhibit D
## Email from Ms. Kendelee Works dated November 18, 2021

## Rosie Wesp

| | |
|---|---|
| **From:** | Kendelee Works <kworks@christiansenlaw.com> |
| **Sent:** | Thursday, November 18, 2021 4:00 PM |
| **To:** | Krista Busch |
| **Cc:** | Peter S. Christiansen; Keely Perdue; Jackie V. Nichols; Attorneys |
| **Subject:** | [External] Re: Letter to Defendant's Counsel (Christiansen Trial Lawyers) re public records (Mayorga v. Ronaldo) [IWOV-iManage.FID1089275] |
| **Attachments:** | 20211007 Report and Recommendation and Order Denying Mot for In Camera Review.pdf; ATT00001.htm; PastedGraphic-1.png; ATT00002.htm |

Hi Krista,

We appreciate the heads up.  Please be advised that we will be making a motion asking the Court to order that the file not be produced, or at a minimum, significantly redacted.  The procedural posture of the case is complicated but LVMPD's file contains documents provided to Metro by the alleged victim's current lawyer, which are privileged, attorney-client communications and work product that opposing counsel should never have had in the first place.  The Magistrate recently issued a report and recommendation that the entire case be dismissed as a result.  Attached for reference is a copy of the Magistrate's order, which is currently the subject of Objections by Counsel for Ms. Mayorga.

I'd like to schedule a meet and confer with Jackie as soon as possible please. I can be available anytime tomorrow or Monday.  Please let me know what works.

Hope all is well with you.

Thanks,

Kendelee

# Exhibit E
## Letter from Mr. Les Stovall dated November 22, 2021

# Stovall & Associates
### Attorneys at Law

November 22, 2021

**Sent Via Email**
Jackie V. Nichols, Esq.
Marquis Aurbach Coffin
10001 W Park Run Dr,
Las Vegas, NV 89145
(702) 382-0711

      Re:  **Mayorga v. Ronaldo, Case No. 2:19-CV-00168**

Dear Ms. Nichols,

      I am responding to your November 18, 2021 letter regarding the above referenced matter. As you know I represent Ms. Mayorga.

      My concern with the LVMPD's proposed release of the investigative files is my correspondence to Sergeant Comiskey dated August 21, 2018 and  September 24, 2018 and related documents. Attached to my correspondence are documents obtained from Football Leaks.

      Within the federal litigation, the defendant has asserted these documents are attorney client and work product privileged documents under Nevada law. The defendant also contends it found additional documents within the LVMPD investigative file that were not attached to my correspondence which it claims are privileged. The plaintiff contends that under federal law of privilege and based upon the decision in *Superpumper v. Leonard, 137 Nev. Adv. Op. 43 (2021)* under Nevada law of privilege, these documents are not privileged due to defendant's failure to comply with Rule 26, waiver by the defendant's voluntary disclosure, failure to protect the privilege after disclosure and under the crime fraud exception. The Football Leaks documents disclosed within the federal case are also subject to a protective order.

      Whether these documents are privileged is currently before the federal district court. Until this question is answered I would object to the release of the Football Leaks documents contained in the LVMPD file. I would be glad to identify the specific documents at issue in the federal court to avoid inadvertent disclosure of any Football Leak or related document pending the federal district court's decision. This objection becomes moot should the federal court agree with plaintiff's position.

# Stovall & Associates
## Attorneys at Law

Please advise if the LVMPD will withhold disclosure of the Football Leaks documents described herein, and if not, the basis for declining to do so. Your prompt response would be appreciated.

Sincerely,

Leslie Mark Stovall, Esq.

LMS/mh
CC: Kendelee Works, Esq.
     Counsel for Cristiano Ronaldo