**Marquis Aurbach**
Nick D. Crosby, Esq.
Nevada Bar No. 8996
Jackie V. Nichols, Esq.
Nevada Bar No. 14246
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
ncrosby@maclaw.com
jnichols@maclaw.com
   Attorneys for Real Party in Interest, Las Vegas Metropolitan Police Department

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KATHRYN MAYORGA,<br><br>         Plaintiff,<br><br>vs.<br><br>CRISTIANO RONALDO,<br><br>         Defendant. | Case Number:<br>2:19-cv-00168-JAD-DJA<br><br>**REPLY IN SUPPORT OF NOTICE REGARDING REAL PARTY IN INTEREST'S, LAS VEGAS METROPOLITAN POLICE DEPARTMENT, CRIMINAL INVESTIGATIVE FILE** |

Real Party in Interest, the Las Vegas Metropolitan Police Department (the "Department" or "LVMPD"), by and through their attorneys of record, Nick D. Crosby, Esq. and Jackie V. Nichols, Esq., of the law firm Marquis Aurbach, hereby submit their Reply in Support of Notice Regarding Real Party in Interest's. Las Vegas Metropolitan Police Department, Criminal Investigative File [ECF No. 172].

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

As explained in its notice, LVMPD believes that the Protective Order in this case may be applicable to LVMPD records produced to the Parties in this case pursuant to a Subpoena Duces Tecum. Thus, the Court has subject matter jurisdiction over the records at issue. Moreover, it is important to clarify that LVMPD is not attempting to litigate a Nevada Public Records Issue, as insinuated by the New York Times ("NYT"). Rather, LVMPD merely seeks a determination as to whether the subject records are bound by the

Protective Order or any future order by the Court on the pending motions filed by the Parties.

## II. STATEMENT OF FACTS

The following relevant provisions are contained in the Protective Order:

1. **This Order is meant to encompass all forms of disclosure which may contain Confidential Material, including any document**, pleading, motion, exhibit, declaration, affidavit, deposition transcript, inspection and all other tangible items (electronic media, photographs, videocassettes, etc.) concerning trade secrets, confidential research, development or commercial information in which the producing party has a protected proprietary interest, or other information and **documents which may be subject to confidentiality limitations on disclosure due** to federal law, **state laws**, **privacy rights**, and/or prior agreements of the parties.

2. The parties may designate any Confidential Material produced or filed in this Lawsuit as confidential and subject to the terms of this Order by marking such material "Confidential." Any material designated as "Confidential" shall not be disclosed to any person or entity, except to parties, counsel for the respective parties, and expert witnesses assisting counsel in this Lawsuit. This designation must be made in good faith as this agreement is not intended to be a blanket order of confidentiality for all information disclosed in this case.

11. If a non-designating party is subpoenaed or ordered to produce Confidential Material by another court or administrative agency, such party shall promptly notify the designating party in writing of the pending subpoena or order and shall not produce any Confidential Material until the designating party has had reasonable time to object or otherwise take appropriate steps to protect such Confidential Material.

17. After the termination of this Lawsuit, the provisions of **this Order shall continue to be binding and this Court shall retain jurisdiction over** the parties and **any other person who has access to the documents and information produced pursuant to this Order for the sole purpose of enforcement of its provisions**.

*See* ECF No. 101 (emphasis added).

NYT does not dispute that: (1) LVMPD produced its criminal investigative file pursuant to a Subpoena Duces Tecum; or (2) the records LVMPD produced have been designated as "Confidential" and subject to the Protective Order. *See* ECF No. 177. However, based on the above language, LVMPD seeks clarification as to whether its criminal investigative records (and thereby LVMPD) are subject to the Protective Order and barred from disclosure outside the subject litigation.

. . .

MAC:14687-389 4589372_1 1/18/2022 3:10 PM

## III. LEGAL ARGUMENT

### A. LVMPD'S NOTICE IS PROPER.

Despite acknowledging that LVMPD's Notice was neither a motion nor a response, NYT asserts that Local Rule 7-2 governs and LVMPD's Notice must be stricken.[1] NYT, however, blatantly ignores Local Rule IA 7-1, which requires all communications with the court to be "styled as a motion, stipulation, or notice, and must be filed in the court's docket and served on all other attorneys and pro se parties." LR IA 7-1(b). LVMPD's notice was not asking the Court for any relief. Rather, the pending motions, including the Motion for Protective Order and Motion for Preliminary Injunction, triggered LVMPD to file a notice to merely inform the Court of LVMPD's position that it believes that could produce the records in redacted form, aside from the attorney-client and work product privileged records. It is clear that the Notice seeks to confirm whether the criminal investigative records are subject to the Protective Order and barred from disclosure, or if so, the Court may modify the Protective Order (based on the law provided in LVMPD's Notice) so that LVMPD may provide the records in redacted form. Accordingly, there is no basis for the Court to strike LVMPD's Notice.

### B. THE COURT HAS SUBJECT MATTER JURISDICTION OVER THE SUBJECT RECORDS

It is undisputed that LVMPD is the custodian of records of the criminal investigative file and that such records were produced in the instant action pursuant to a Subpoena Duces Tecum and are not subject to a Protective Order. Accordingly, there is no dispute, and certainly NY fails to make any argument to the contrary, that the Court has subject matter jurisdiction over the criminal investigative files. *See e.g., In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417 (9th Cir. 2011) (nonparty had standing to address confidentiality of its records despite party not being sued or intervening), certiorari denied 566 U.S. 922 (2012); *Highland Tank & Mfg. Co. v. PS Intern., Inc.*, 227 F.R.D. 374, 379

---

[1] It is ironic that NYT takes the position that it can even file a Response (to a Notice that does not require a Response) without being given the right to intervene.

(W.D.Pa. 2005) ("Rule 45 is the only discovery method whereby information may be obtained from a nonparty to the suit."); *Cuthbertson v. Excel Industries, Inc.*, 179 F.R.D. 599, 602 (D.Kan. 1998) (court lacked jurisdiction over non-party where non-party had not been served with subpoena but instead had appeared voluntarily for deposition); *Gutescu v. Carey Intern., Inc.*, 2003 WL 25589034, *2 (S.D. Fla. June 24, 2003) (court had no jurisdiction to hold non-party in contempt where subpoena with which non-party allegedly failed to comply had been issued improperly); *Sol v. Whiting*, No. CV-10-01061-PHX-SRB, 2014 WL 12526314, at *2 (D. Ariz. July 22, 2014) (recognizing that the Court has subject matter jurisdiction over the subpoena duces tecum); *High Point SARL v. Sprint Nextel Corp.*, 280 F.R.D 586 (D. Kan. 2012) (nonparty had standing and legitimate interest in protecting its records from further disclosure in violation of a protective order).

Whether LVMPD is a party to the instant action, as argued by NYT, is not of consequence. That is, since this Court has subject matter jurisdiction over the requested records by way of the Subpoena Duces Tecum and the Protective Order, LVMPD (as the custodian of the records), has standing to assert its interest in its own records.

### C. THE COURT SHOULD DECIDE WHETHER THE INVESTIGATIVE RECORDS ARE SUBJECT TO THE PROTECTIVE ORDER.

Contrary to NYT's assertion, this is not a dispute that arises under the Nevada Public Records Act.[2] To be clear, LVMPD simply sought clarification, based on the pending motions before the Court, whether the current Protective Order barred LVMPD from producing its criminal investigative file. In the event the Court finds in the affirmative, or grants the pending motions, the public record issue between LVMPD and NYT will be addressed in state court—not this Court. Indeed, LVMPD is not seeking an order from this

. . .

. . .

. . .

---

[2] It is curious that NYT claims that the only mechanism for court intervention regarding public records is for the requester to file in state court and NYT has not done so, but instead, moved to intervene in the instant case.

Court regarding its interpretation of the NPRA. The basis of LVMPD providing its legal position was in the event the Court *sua sponte* modifies the Protective Order, like in *Loughner*, to conform to LVMPD's position.

Dated this 18th day of January, 2022.

MARQUIS AURBACH

By: /s/ Jackie V. Nichols
    Nick D. Crosby, Esq.
    Nevada Bar No. 8996
    Jackie V. Nichols, Esq.
    Nevada Bar No. 14246
    10001 Park Run Drive
    Las Vegas, Nevada 89145
    Attorneys for Real Party in Interest, Las Vegas Metropolitan Police Department

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **REPLY IN SUPPORT OF NOTICE REGARDING REAL PARTY IN INTEREST'S, LAS VEGAS METROPOLITAN POLICE DEPARTMENT, CRIMINAL INVESTIGATIVE FILE** with the Clerk of the Court for the United States District Court by using the court's CM/ECF system on the 18th day of January, 2022.

☒ I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

☐ I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

N/A

/s/ Krista Busch
An employee of Marquis Aurbach