# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Kathryn Mayorga, | Case No. 2:19-cv-00168-JAD-DJA |
|               Plaintiff, | |
| v. | **Order** |
| Cristiano Ronaldo, | **and** |
|               Defendant. | **Report and Recommendation** |

      More than a decade ago, Kathryn Mayorga reported to the Las Vegas Metropolitan Police Department (LVMPD) that she had been sexually assaulted by a famous soccer player whom she declined to identify. LVMPD gathered evidence, interviewed Mayorga, and then closed its investigation after Mayorga elected to pursue the case civilly. More than eight years later, Mayorga met with LVMPD detectives, informed them that Cristiano Ronaldo was the assailant, and asked to reopen her case. After meeting with and turning over documents to LVMPD, Mayorga initiated the instant civil lawsuit against Ronaldo.

      During the lawsuit, Ronaldo subpoenaed LVMPD for its criminal investigative file regarding Mayorga and Ronaldo. After receiving the file, Ronaldo designated it "confidential" under the protective order in this case. The New York Times later sent LVMPD a public records request through the Nevada Public Records Act (NPRA), requesting LVMPD's file.

      Ronaldo moved for a protective order to prevent LVMPD from disclosing any portion of the file. Mayorga moved for a preliminary injunction preventing LVMPD from disclosing certain portions of its file. LVMPD filed a "notice" of real party in interest asking the Court for clarification whether the protective order in this case bars it from disseminating its file. And The Times moved to intervene.

Throughout their motion practice, all participants came to agree that the Eighth Judicial District Court—rather than this Court—should decide whether LVMPD is obligated by the NPRA to release its file. Because the Court also agrees, it denies Ronaldo's motion for a protective order as moot and recommends denying Mayorga's motion for a preliminary injunction and The Times' motion to intervene as moot. The only remaining question before this Court is whether the Court's protective order bars LVMPD's dissemination of its file. Construing LVMPD's "notice" as a motion for clarification, the Court grants LVMPD's request and clarifies that its protective order does not bar LVMPD from disseminating its file. The Court first addresses LVMPD's notice and then Ronaldo's, Mayorga's, and The Times' pending motions.

**I.   Background.**

In 2009, the LVMPD initiated an investigation into Mayorga's allegations that a famous soccer player had sexually assaulted her in a Las Vegas hotel room. (ECF No. 1 at 3); (ECF No. 172 at 2). Because Mayorga did not identify the perpetrator, no criminal charges were filed. (ECF No. 172 at 2). LVMPD closed its investigation after Mayorga elected to pursue the case civilly. (ECF No. 125-7 at 4). Mayorga later entered into a Settlement and Confidentiality Agreement (SCA) to resolve her allegations against Ronaldo. (ECF No. 29 at 2).

Over eight years later, Mayorga again contacted LVMPD, asking for her sexual assault investigation to be reopened. (ECF No. 125-8). Mayorga and her attorney provided LVMPD with additional documents and a few days later, Mayorga initiated her state court lawsuit. (ECF No. 125-7 at 5); (ECF No. 125-6); (ECF No. 112-1). Mayorga ultimately terminated her state court action and initiated the instant action in federal court. (ECF No. 1). Currently, the only claim pending in front of the Court is whether Mayorga lacked the mental capacity to assent to the SCA. (ECF No. 72 at 2).

As the instant litigation progressed, Ronaldo moved for a protective order, arguing that good cause existed to enter a protective order "governing the confidentiality of certain documents which are to be produced in this case." (ECF No. 92 at 1). Ronaldo also subpoenaed LVMPD for its criminal investigative file, which included the documents Mayorga and her attorney had provided. (ECF No. 172 at 21). The Court then granted Ronaldo's motion, finding good cause to

"enter a protective order such that the parties can exchange such discovery materials without fear of disclosure." (ECF No. 99 at 4).  The protective order generally covered "materials disclosed in the course of the above-captioned lawsuit…" (ECF No. 101 at 1).  Ronaldo designated the file LVMPD had produced in response to his subpoena "confidential" under the protective order's terms and then produced LVMPD's file to Mayorga. (ECF No. 161 at 6).  Months later, The Times sent LVMPD a public records request under the NPRA, asking for LVMPD's investigatory file into Mayorga's allegations.  (ECF No. 176 at 3).

Shortly after LVMPD received this request, the Court entered a report and recommendation that Mayorga's case be dismissed with prejudice. (ECF No. 143).   In it, the Court found that Mayorga's counsel—Stovall—had requested documents from Football Leaks, a "whistleblower portal" purportedly run by a man accused of cyber hacking. (*Id.* at 2-3).  The Football Leaks documents included attorney-client privileged communications which Ronaldo's former attorneys asserted were stolen in a hack of their law firm. (*Id.* at 2-3, 5-6).  The Court concluded that Stovall's use of the Football Leaks documents—which documents he had also provided to LVMPD—was improper. (*Id.*). Given the dangerous implications of allowing a lawsuit premised almost entirely on stolen, unverifiable, and privileged documents to proceed, the Court recommended that the Honorable District Judge Jennifer A. Dorsey enter case terminating sanctions. (*Id.* at 22).

After the Court entered the report and recommendation, LVMPD reached out to Ronaldo's counsel, informing them of The Times' NPRA request and that LVMPD intended to release its file, redacting certain personal identifying information. (ECF No. 161 at 14). Ronaldo's counsel responded immediately, informing LVMPD of the report and recommendation, and asserting that Ronaldo would seek a protective order. (*Id.* at 17).  A flurry of motion practice in this Court and state court followed.

Ronaldo moved for a protective order, asking this Court to prevent LVMPD from disseminating any portion of its file. (ECF No. 161).  Mayorga then moved for a preliminary injunction, asking this Court to prevent LVMPD from releasing only the Football Leaks documents pending the Honorable Judge Dorsey's decision on the report and recommendation.

(ECF No. 168). LVMPD filed a petition in the Eighth Judicial District Court in and for Clark County asking the state court to decide the NPRA dispute. (ECF No. 177 at 9-27). A few days later, LVMPD filed a "notice" of real party in interest, asking this Court to clarify whether the protective order under which Ronaldo designated the file confidential barred LVMPD from disseminating its file. (ECF No. 172). The Times moved to intervene before this Court, asserting in large part that this Court has no jurisdiction to decide whether LVMPD can release its file under the NPRA. (ECF No. 176).

The arguments evolved as Ronaldo, Mayorga, LVMPD, and The Times moved, responded, and replied to each other. Eventually all participants to these motions agreed that the Eighth Judicial District Court was the more appropriate forum to litigate over The Times' NPRA request. (ECF No. 169 at 1); (ECF No. 177 at 5-6); (ECF No. 190 at 5); (ECF No. 187). The participants even circulated a stipulation to withdraw each participant's pending motion in this Court and re-raise them in front of the Eighth Judicial District Court. (ECF No. 190 at 11-20). However, discussions over the stipulation were short lived, and broke down after the participants disagreed over certain language.[1] (*Id.*).

Given the evolution of the participants' arguments, two questions remain before the Court. First, whether this Court's protective order bars LVMPD from disseminating its file. Second, whether the Eighth Judicial District Court is the appropriate forum to decide the dispute over The Times' NPRA request. Answering the first in the negative, the Court clarifies that its protective order does not bar LVMPD from disseminating its file. Answering the second in the affirmative, the Court denies Ronaldo's motion for a protective order as moot and recommends denying Mayorga's motion for a preliminary injunction and The Times' motion to intervene as moot.

---

[1] When it came to stipulating to withdraw the pending motions from this Court, the parties could not agree on the stipulation's language. (ECF No. 190 at 12-19). However, it does not appear that the parties were so far apart that stipulation was impossible. The Court is not convinced that these issues could not have been resolved with a good faith meet and confer.

**II.     Standard.**

The authority of magistrate judges is derived from 28 U.S.C. § 636, which generally provides magistrate judges with the authority to "hear and determine" non-dispositive matters. *See* 28 U.S.C. § 636(b)(1)(A); *see also S.E.C. v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1259 (9th Cir. 2013). By contrast, dispositive matters are sometimes referred to magistrate judges, but in those circumstances a magistrate judge submits a recommendation to the assigned district judge that is subject to the district judge's *de novo* review. *See* 28 U.S.C. § 636(b)(1)(B); *see also CMKM Diamonds*, 729 F.3d at 1259-60. Section 636 enumerates eight different types of matters to be treated as "dispositive." *See* 28 U.S.C. § 636(b)(1)(A)-(B). This includes motions for injunctive relief. *Id.* The Local Rules of Practice in the District of Nevada provide that motions subject to referral to a magistrate judge are not limited to enumerated dispositive motions. *See* LR IB 1-4.

Here, this Court decides Ronaldo's motion for protective order because it is not dispositive. The Honorable District Judge Jennifer A. Dorsey has referred Mayorga's motion for a preliminary injunction and The Times' motion to intervene for a report and recommendation. The Court thus issues an order denying Ronaldo's motion as moot and recommends to the Honorable Judge Dorsey to deny Mayorga's and The Times' motions as moot.

**III.    Discussion.**

      ***A.    The Court construes LVMPD's notice as a motion for clarification and grants LVMPD's request for clarification of the Court's protective order.***

The Court clarifies that its protective order does not bar LVMPD from disseminating its file. LVMPD's notice would have been more appropriately styled as a motion for clarification under Federal Rule of Civil Procedure 45. However, because LVMPD's notice and its replies in support of that notice ultimately request clarification, the Court construes LVMPD's "notice" as a motion for clarification and clarifies that the protective order does not bar LVMPD's dissemination of its file.

1. <u>The Court construes LVMPD's notice as a motion for clarification.</u>

Despite filing a "notice" that it is a "real party in interest," LVMPD ultimately asks for clarification. (ECF No. 180 at 4). While LVMPD's method of making this request was procedurally inartful, LVMPD is nonetheless entitled to ask this Court for clarification because it responded to a subpoena in this action. Third parties subject to subpoenas are permitted to file motions before the court that issued the subpoena. *See* Fed. R. Civ. P. 45(d)(2)(B), (d)(3)(A) (entitling parties "subject to a subpoena" to object to the subpoena, move to quash, or move to modify); *see In re Rhodes Companies, LLC*, 475 B.R. 733, 778-41 (D. Nev. 2012) (interpreting Rule 45 as giving non-parties subject to a subpoena the ability to move to quash or modify a subpoena under Fed. R. Civ. P. 45(d)(3)(A)—formerly 45(c)(3)(A)). And the relief LVMPD requests—clarification regarding its obligations after responding to a subpoena—is not outside the bounds of what courts in this circuit have granted to third parties subject to subpoenas. *See Spears v. First American Eappraiseit*, 5:08-cv-00868-RMW-HRL, 2014 WL 11369809, at *1-2 (N.D. Cal. July 3, 2014) (deciding a non-party's motion for clarification regarding the non-party's financial obligations in responding to a subpoena). While The Times objects to LVMPD's notice, The Times requests the same relief LVMPD does: clarification. (*See* ECF No. 177 at 2) (asking the Court to "make clear that its Protective Order does not govern Metro or its obligations under the NPRA"). The Court thus construes LVMPD's notice as a motion for clarification about whether the protective order in this lawsuit bars LVMPD from disseminating its file.

2. <u>The Court clarifies that its protective order does not bar LVMPD's dissemination of its file.</u>

The Court's protective order does not bar LVMPD's dissemination of its file. Nor could it. To find otherwise could violate the First Amendment.

In *Seattle Times Co. v. Rhinehart*, the United States Supreme Court found that a protective order does not offend the First Amendment if it: (1) is entered on a showing of good cause; (2) is limited to the context of pretrial civil discovery; and (3) does not restrict the dissemination of information if gained from other sources. *See Seattle Times v. Rhinehart*, 467 U.S. 20, 37 (1984). There, Keith Rhinehart—religious leader of the Aquarian Foundation—sued the Seattle Times

and the Walla Walla Union-Bulletin for defamation over stories the news outlets published about Rhinehart and the Aquarian Foundation. *See id.* at 23. After the news outlets moved to compel Rhinehart and the Aquarian Foundation's financial documents, Rhinehart moved for a protective order. *See id.* at 25-27. The trial court granted the motion to compel and the motion for protective order. *See id.*

The protective order covered financial and identifying information of Aquarian Foundation members obtained through the discovery process and prohibited the Seattle Times and Walla Walla from disseminating the information. *Id.* The news outlets appealed the trial court's granting of the protective order, arguing that the protective order violated the First Amendment. *See id.* at 30. The Supreme Court disagreed and concluded that the protective order did not offend the First Amendment for three reasons. *Id.* at 31-37.

First, the trial court entered the order on a showing of good cause as required by Federal Rule of Civil Procedure 26(c) and Washington state's equivalent rule. *See id.* at 25-27, 37. The trial court considered attacks, threats, and assaults Aquarian Foundation members had received from anonymous groups and the members' concern over the public release of their information. *See id.* at 26-27. The trial court also found that allowing the Seattle Times and Walla Walla to publish this information could have a "chilling effect" on Rhinehart's willingness to bring his lawsuit to court. *See id.* Second, the trial court limited the protective order to the context of pretrial discovery. *See id.* at 31-34, 37. The protective order only restricted information obtained through the discovery process. *See id.* Thus, "continued court control over the discovered information [did] not raise the same specter of government censorship that such control might suggest in other situations." *Id.* Third, the trial court did not restrict the dissemination of information if gained from other sources. *Id.* The protective order did not prevent disseminating "identical information covered by the protective order as long as the information is gained through means independent of the court's process." *Id.* The Supreme Court concluded that the protective order did not violate the First Amendment because it had these three features. *Id.*

The Court's protective order here does not bar LVMPD's dissemination of its file. To find otherwise could violate the First Amendment. Extending the protective order over

LVMPD's dissemination of its file would extend the protective order beyond the Supreme Court's three factors in *Seattle Times*.

First, although the Court entered its protective order on a showing of good cause, that showing was unrelated to LVMPD. (*See* ECF No. 99 at 4) (explaining that the "Court finds good cause to enter a protective order such that the parties can exchange such discovery materials without fear of disclosure"). The trial court in *Seattle Times* found good cause because, if the news agencies published information about the Aquarian Foundation members, it could subject Aquarian Foundation members to attack and chill Rhinehart's engagement in his lawsuit. To the contrary, here, the Court made no findings about LVMPD or The Times in concluding that Ronaldo had demonstrated good cause. Instead, the Court simply found that a protective order would facilitate discovery.

Second, extending the protective order to LVMPD would extend it beyond the context of pretrial discovery. Unlike the news agencies in *Seattle Times* which were parties to the lawsuit and requested the documents at issue through discovery, LVMPD is not a party to this lawsuit and did not request or receive the documents in its file through the discovery process. For the Court to apply its protective order to documents a third party obtained independently from the discovery process would almost certainly raise the "specter of government censorship." *Seattle Times*, 467 U.S. at 32-34.

Third, extending the protective order to LVMPD would restrict the dissemination of information that LVMPD gained from other sources unrelated to the lawsuit. While the information in LVMPD's file may be identical to that which is covered by the protective order in this lawsuit, LVMPD did not obtain the information because of this lawsuit. LVMPD conducted its own investigation into Mayorga's allegations and Mayorga and her counsel provided LVMPD with documents before Mayorga filed her lawsuit. To find that the protective order restricts LVMPD dissemination of information it gained from other sources would offend the First Amendment. The Court thus clarifies that the protective order in this lawsuit does not bar LVMPD from disseminating its criminal investigative file.

> **B.     This Court denies Ronaldo's motion for protective order as moot and recommends denying Mayorga's motion for preliminary injunction and The Times' motion to intervene as moot.**

Disputes over The Times' NPRA request are appropriately addressed to the Eighth Judicial District Court in and for Clark County. Under the NPRA, "[i]f a request for inspection, copying or copies of a public book or record open to inspection and copying is denied or unreasonably delayed…the requester may apply *to the district court in the county in which the book or record is located* for an order…" NRS § 239.011 (emphasis added). Here, that is the Eighth Judicial District Court. Additionally, public records requests brought under the NPRA are not "claims" for which this Court may properly exercise supplemental jurisdiction under 28 U.S.C. § 1367(a). *See Cariega v. City of Reno*, No. 3:16-cv-00562-MMD-WGC, 2017 WL 3299030, at *3 (D. Nev. Aug. 2, 2017).

All parties agree on this point. (ECF No. 169 at 1) (Ronaldo's reply in support of his motion for protective order stating that "jurisdiction over these issues would be more properly decided by the state court"); (ECF No. 177 at 5-6) (The Times' response to LVMPD's notice explaining that the Court lacks jurisdiction over NPRA disputes); (ECF No. 190 at 5) (LVMPD's rely in support of its notice explaining that "[w]hen NYT is entitled to access to [sic] the records is a separate issue and *not before this Court*") (emphasis added); (ECF No. 187) (Mayorga's joinder to The Times' response to LVMPD's notice (ECF No. 177) in which The Times argues that the Court lacks jurisdiction over NPRA disputes). Additionally, LVMPD has already filed a petition in the Eighth Judicial District Court regarding The Times' NPRA request. (ECF No. 177 at 9-27). The Court thus denies Ronaldo's motion for a protective order as moot (ECF No. 161) and recommends that Mayorga's motion for a preliminary injunction (ECF No. 168) and The Times' motion to intervene (ECF No. 176) be denied as moot.

## ORDER

**IT IS THEREFORE ORDERED** that Ronaldo's motion for a protective order (ECF No. 161) is **denied as moot.**

## REPORT AND RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Mayorga's motion for a preliminary injunction (ECF No. 168) and The Times' motion to intervene (ECF No. 176) be **denied as moot.**

## NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: March 11, 2022

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE