FILED

NOV 21 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KATHRYN MAYORGA,<br><br>    Plaintiff-Appellant,<br><br>v.<br><br>CRISTIANO RONALDO,<br><br>    Defendant-Appellee. | No.   22-16009<br><br>D.C. No.<br>2:19-cv-00168-JAD-DJA<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Argued and Submitted October 4, 2023
Las Vegas, Nevada

Before: RAWLINSON and OWENS, Circuit Judges, and FITZWATER,** District Judge.

In 2010, Defendant-Appellee Cristiano Ronaldo ("Ronaldo") settled a sexual assault claim made against him by Plaintiff-Appellant Kathryn Mayorga ("Mayorga"). The matter lay dormant until 2017, when a website called "Football Leaks" publicly

---

    *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **    The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

released hundreds of documents obtained through a cyber hack of Ronaldo's former attorneys, including several related to Mayorga's claim. Mayorga's attorney, Leslie Mark Stovall ("Stovall"), learned of the documents. Despite the settlement and confidentiality agreement between Ronaldo and Mayorga, Stovall sought and used documents from "Football Leaks"—including those clearly marked attorney-client privileged—to prosecute a new lawsuit on behalf of Mayorga against Ronaldo, first in state court and then in the federal district court. The district court ultimately granted Ronaldo's motion for case-terminating sanctions under our five-factor test in *Thompson v. Housing Authority of the City of Los Angeles*, 782 F.2d 829 (9th Cir. 1986) (per curiam). Mayorga appeals the judgment of dismissal on various grounds.[1] We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[2]

1. The district court properly held that Ronaldo did not waive or otherwise forfeit his claim of attorney-client privilege as to the "Football Leaks" documents.

---

[1] In addition to the issues we address in this memorandum disposition, Mayorga raises several other arguments: (1) that Ronaldo was judicially estopped from seeking case-terminating sanctions, (2) that Ronaldo committed fraud on the court, and (3) that the district court improperly declined her request for *in camera* review. Because we affirm on grounds discussed below, we do not reach these additional issues.

[2] We review rulings on waiver of the attorney-client privilege *de novo* and factual findings related to attorney-client privilege for clear error. *United States v. Sanmina Corp.*, 968 F.3d 1107, 1116 (9th Cir. 2020). We review the imposition of discovery sanctions, including dismissal, for abuse of discretion. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006).

Ronaldo did not place the documents "at issue" such that he impliedly waived the privilege "by expressly or impliedly injecting his attorney's advice into the case." *Wynn Resorts, Ltd. v. 8th Jud. Dist. Ct.*, 399 P.3d 334, 345 (Nev. 2017) (en banc) (citation omitted).

Ronaldo also did not fail to adequately safeguard the documents from disclosure. Rather, he "made efforts reasonably designed to protect the privilege." *Gomez v. Vernon*, 255 F.3d 1118, 1131-32 (9th Cir. 2001) (internal quotation marks omitted) (citations omitted). Before the leak, his attorneys employed cybersecurity tools to protect their files. After the leak, he immediately and continuously objected to use of the documents, including in this litigation.

Ronaldo did not waive the privilege by declining to acknowledge the documents' authenticity. Mayorga cites no authority holding that a party cannot simultaneously assert that a document's content is privileged and dispute whether a copy of the document is authentic.

Ronaldo's failure to provide a privilege log also did not waive the privilege. There is no *per se* waiver rule when a privilege log is not produced. *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct. for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005). Rather, the court must conduct a case-by-case waiver determination that evaluates various factors "in the context of a holistic reasonableness analysis." *Id.*

3

Ronaldo expressly asserted the privilege and clearly identified which documents were privileged and why. And significantly, Mayorga actually possessed the documents. She was therefore well-equipped to "assess the claim" of privilege even without a privilege log. *See* Fed. R. Civ. P. 26(b)(5)(A); Nev. R. Civ. P. 26(b)(5)(A).

Nor did Ronaldo waive the privilege by disclosing documents to the police. In determining whether waiver by voluntary disclosure has occurred, "the circumstances surrounding the disclosure are to be considered." *United States v. de la Jara*, 973 F.2d 746, 749 (9th Cir. 1992) (citations omitted). As the district court noted, Ronaldo mistakenly produced the documents in the course of "navigating this unorthodox predicament," kicked off by Mayorga's counsel's "unprincipled conduct" long before, and instituted vigorous efforts to protect the documents afterwards. *See id.* at 750.

2. The district court did not abuse its discretion when it found that a case-terminating sanction was appropriate. Only "willfulness, bad faith, and fault" on the part of the offending party justify imposing such a sanction. *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) (citation omitted). District courts employ a five-factor test when considering dismissal as a sanction: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of

less drastic sanctions." *Thompson*, 782 F.2d at 831.

The district court did not clearly err in finding that Stovall acted in bad faith. *See Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003). The district court made reasoned, specific findings with respect to each *Thompson* factor. The district court clearly recognized the gravity of dismissing the case and accordingly provided a thorough analysis, amply supported by factual findings.

**AFFIRMED**.